UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, SR., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00831 ERW |
| | ) | |
| CITY OF FERGUSON, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants City of Ferguson ("City"), Former Police Chief Thomas Jackson ("Jackson"), and Former Police Officer Darren Wilson's ("Wilson") Joint Motion to Partially Dismiss Plaintiffs' Petition [ECF No.5]. After written and oral arguments,[1] the Court makes the following rulings.[2]

**I.     Counts I and III**

Pursuant to Plaintiffs' voluntary dismissal, Counts I and III are dismissed.

**II.    Count II, Count IV, and Count VI against Defendants Jackson and Wilson in their Official Capacities**

Count II against Defendant Jackson in his official capacity, and Counts IV and VI against Defendant Wilson in his official capacity are dismissed, without prejudice, as redundant to the claims against Defendant City of Ferguson. *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998).

---

[1] A hearing was held on Defendants' Motion to Dismiss on July 14, 2015.
[2] To survive a Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

### III. Count II against Defendant City and Defendant Jackson in his Individual Capacity

#### A. *Count II against Defendant City*

As ordered orally, Plaintiffs are granted leave to amend their complaint to include allegations of the existence of a liability insurance policy, covering the claims at issue, to establish an exception to sovereign immunity against Defendant City. *See Topps v. City of Country Club Hills*, 272 S.W.3d 409, 414 (Mo. Ct. App. 2008).

Plaintiffs are also permitted to amend their complaint to include allegations relating to the negligent operation of a motor vehicle by Defendant Wilson in an attempt to establish an exception to sovereign immunity for Count II against Defendant City. "[F]inding a municipality liable for torts is the exception to the general rule of sovereign immunity, and a plaintiff must plead with specificity facts demonstrating his claim falls within an exception to sovereign immunity." *Parish v. Novus Equities Co.*, 231 S.W.3d 236, 241-42 (Mo. Ct. App. 2007). Sovereign immunity in Missouri is waived for "[i]njuries directly resulting from the negligent acts and omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment." Mo. Rev. Stat. § 537.600.1(1). Count II against Defendant City is for the failure to properly hire, train, supervise, retain, and conduct a fair and impartial investigation. It includes allegations Defendant City did not properly train or supervise officers in the use of deadly force, in fair and impartial investigations, in how to treat and properly serve in areas predominantly populated by African-Americans, or in cultural diversity. This claim does not fit into the negligent operation of a motor vehicle exception of sovereign immunity. Although the complaint includes allegations Defendant Wilson operated his vehicle in a manner harming Michael Brown Jr., the complaint does not "implicate and encumber the City" within any of these allegations of negligent conduct and

operation of a police car by Defendant Wilson. *See Hawkins v. City of Farmington*, 189 F.3d 695, 706 (8th Cir. 1999). Allegations of negligent hiring, training, supervising, retaining, and conducting a fair and impartial investigation are not enough to establish this exception. *Id.* The exception to sovereign immunity for negligent operation of a motor vehicle does not apply to Defendant City in Count II of Plaintiffs' complaint, as currently pled.

Therefore, Plaintiffs' are granted leave to amend their complaint to include, if they can, allegations of the existence of an insurance policy covering the liability at issue and to include allegations against Defendant City of Ferguson regarding the negligent operation of a motor vehicle operation.

### B. *Count II against Defendant Jackson in his Individual Capacity*

As currently pled, Count II against Defendant Jackson is insufficient to survive Defendants' Motion to Dismiss because Plaintiffs have not included allegations to overcome official immunity.

The official immunity doctrine insulates public officials "from suit in their individual capacities when liability arises from discretionary acts or omissions" taken by them. *Betts–Lucas v. Hartmann,* 87 S.W.3d 310, 327 (Mo.Ct.App.2002). However, this doctrine does not prevent liability for failure to perform a ministerial duty. *Brown v. Tate,* 888 S.W.2d 413, 415 (Mo.Ct.App.1994). A discretionary act requires "the exercise of reason in the adaption of means to an end and discretion in determining how or whether an act should be done or a course pursued." *Deuser v. King,* 24 S.W.3d 251, 254 (Mo.Ct.App.2000) (quoting *Rustici v. Weidemeyer,* 673 S.W.2d 762, 769 (Mo.1984)). In contrast, a ministerial act is "of a clerical nature and is performed in a prescribed manner according to legal mandate without regard to the public official's personal judgment or opinion." *Id.* In determining whether an act is

discretionary or ministerial, the Court must conduct a "case-by case determination, weighing such factors as the nature of the official duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment." *James ex rel. James v. Friend,* 458 F.3d 726, 731 (8th Cir.2006).

Official immunity does not apply, however, if the discretionary acts were done in bad faith or with malice. *Blue v. Harrah's North Kansas City, LLC,* 170 S.W.3d 466, 479 (Mo. Ct. App. 2005) (citing *State ex rel. Twiehaus v. Adolf,* 706 S.W.2d 443, 446 (Mo.1986)). Bad faith or malice generally requires "actual intent to cause injury." *Davis v. Bd. of Educ. of City of St. Louis,* 963 S.W.2d 679, 689 (Mo.Ct.App.1998). The Missouri Supreme Court explains that a defendant acts with malice when he:

> wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. An act is wanton when it is done with a wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others.

*Adolf,* 706 S.W.2d at 447 (internal quotations omitted). Similarly, bad faith "embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive, or ill will partaking of the nature of fraud." *Id.*

Count II alleges Defendant Jackson failed to properly hire, train, supervise, retain, and conduct a fair and impartial investigation. These are all discretionary acts requiring professional expertise and judgment. *See Sherrill v. Wilson*, 653 S.W.2d 661, 669 (Mo. en banc 1983) (finding hiring is a discretionary function); *Lawrence v. Board of Police Comm'rs*, 604 F. Supp. 1229, 1233 (E.D. Mo. 1985) (failure to properly train and supervise other officers involves discretion); *Gavan v. Madison Memorial Hosp.*, 700 S.W.2d 124, 128 (Mo. Ct. App. 1985) (firing is a discretionary function); and *Reasonover v. St. Louis Cnty, Mo.*, 447 F.3d 569, 585

(8th Cir. 2006) ("The investigation of a crime is a discretionary act"). Thus, the official immunity doctrine applies unless Plaintiffs have alleged these actions were done with malice and in bad faith.

Plaintiffs' complaint is replete with allegations which suggest bad faith and malice on the part of the Defendant City and the Ferguson Police Department ("FPD"). However, it is fails to connect those actions to Defendant Jackson. The only allegations specific to Defendant Jackson is paragraph 155 of the complaint which states Defendant Jackson allowed the FPD to develop and promulgate customs, policies, and practices of unconstitutional conduct in violation of the Fourth Amendment. This is not enough to suggest bad faith or malice on the part of Defendant Jackson. In response to Defendants' arguments, Plaintiffs requested leave to amend their complaint. The Court grants Plaintiffs leave to file an amended complaint within fifteen days.[3]

## IV. Equal Protection Claims

Defendants' Motion to Dismiss regarding Plaintiffs' Equal Protection claims will be denied. The Equal Protection Clause of the Fourteenth Amendment protects against discrimination on the basis of race. *Foster v. Wyrick*, 823 F.2d 218, 220 (8th Cir. 1987). Plaintiffs' must include allegations of intentional discrimination showing discriminatory racial purpose to establish a violation. *Id.* at 221. "When the claim is selective enforcement of traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and

---

[3] This same reasoning applies to application of the public duty doctrine. The public duty doctrine states a public employee is not civilly liable for a breach of a duty owed to the general public, rather than a particular individual. *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008). It does not apply where a defendant acts in bad faith or with malice. *Id.* at 612. A plaintiff bears the burden of pleading the existence of a duty owed to the particular plaintiff or that the defendant acted in bad faith or with malice because the public duty doctrine is not an affirmative defense. *Id.* Thus, Plaintiffs are also granted leave to amend their petition to include allegations, if available, to satisfy the public duty doctrine.

purpose." *Johnson v. Crooks*, 326 F.3d 995, 999-1000 (8th Cir. 2003). Plaintiffs included numerous allegations supporting their claims Defendant City violated the Equal Protection Clause. Although Plaintiffs did not use the exact phrase "similarly situated individuals," they did include several allegations stating African-Americans were treated differently than others. ECF No. 8, ¶¶ 121-141. Additionally, Plaintiffs specifically alleged Defendant City's actions were driven by intentional discrimination. ECF No. 8, ¶ 131. Plaintiffs have sufficiently pled a violation of the Equal Protection Clause; Defendants' Motion to Dismiss on this point will be denied.

## V.     Counts VI and VII

The Due Process Clause of the Fourteenth Amendment protects against government interference with fundamental rights and liberty interests. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). Substantive due process claims require a fundamental right or liberty which is "deeply rooted in this Nation's history and tradition," and a "careful description of the asserted fundamental liberty interest." *Id.* at 720-21. When the claim involves executive officials such as police officers, there must be allegations the official's conduct was conscience-shocking. *Id.*

In their complaint, Plaintiffs have included allegations Defendant Wilson deprived them of their right to a familial relationship with their son. ECF No. 8, ¶ 211. Plaintiffs also alleged Defendant Wilson's conduct shocked the conscience of the community, and Defendant Wilson acted with deliberate indifference to the constitutional rights of Plaintiffs and their son. ECF No. 8, ¶¶ 212, 214. Although the Court may later determine Plaintiffs' claimed liberty interest is neither an interest deeply rooted in this Nation's history and tradition nor clearly established, and

thus find qualified immunity to apply,[4] Plaintiffs have included sufficient allegations to satisfy the pleading standard in FRCP 8(a)(2).[5] Defendants' Motion to Dismiss as to Counts VI and VII will be denied.

## VI. Declaratory and Injunctive Relief

Article III of the United States Constitution limits federal jurisdiction to actual cases or controversies. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Consequently, parties must have standing to sue. *Id.* There are three requirements to establish constitutional standing. *Id.* First, there must be injury in fact which is a harm suffered that is concrete, actual or imminent, and not hypothetical. *Id.* at 103. Plaintiff must have a personal stake in the outcome to establish a concrete injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). Second, there must be causation between the plaintiff's injury and the defendant's conduct. *Steel Co.*, 523 U.S. at 103. Lastly, there must be redressability which is a likelihood the requested relief will redress the alleged injury. *Id.* When requesting injunctive relief, a party must show "continuing, present adverse effects" to establish redressability. *Id.* at 109.

The Supreme Court has cast doubt on the ability of a plaintiff to establish standing to seek injunctive relief for future encounters with police. *See Lyons*, 461 U.S. at 106-107. This goes to the heart of the injunctive relief at issue here. *Lyons* also raises a federalism issue in cases of this type on the appropriate balance between state and federal authorities when issuing

---

[4] "Individual defendants are entitled to qualified immunity unless their alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person in their positions would have known." *McCoy v. Monticello*, 342 F.3d 842, 846 (8th Cir. 2003) (internal citations omitted). The Court is not making a determination Defendant Wilson is or is not entitled to qualified immunity. This ruling simply addresses whether Plaintiffs have included sufficient allegations in their complaint.

[5] Whether an alleged right is a liberty interest cognizable under substantive due process is a matter of law which could be decided at this point. However, the Court finds this issue to be more appropriately determined on a motion for summary judgment when it can be decided in the analysis of the application of qualified immunity.

injunctions. *Id.* at 111-112.

The issues raised in *City of Los Angeles v. Lyons* are present in this case and need to be addressed by the parties before the Court makes a ruling. However, there is also the issue of Plaintiffs ability to establish standing to seek injunctive relief for future harm to the citizens of Ferguson who are not parties to this action.[6]

Lastly, there is Defendants' argument Plaintiffs have not established the requirements to obtain a permanent injunction. In order to obtain a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156 (2010) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). The burden of proving the need for an injunction rests with the plaintiff. *Id.* at 158. The Court does not believe sufficient arguments were raised by either party for the Court to make a ruling and requests the parties provide further briefing on this issue as well.

Some of these issues were briefly raised by Defendants in their Reply to their Motion to Dismiss. However, the issue of a federal court ordering an injunction against a state agency was not briefed by either party and is being raised *sua sponte* by the Court. The Court believes the parties should have the opportunity to be heard before a ruling is made. Within twenty days of this order, both parties shall submit written briefs addressing these issues. The Court will hold

---

[6] Plaintiffs state in their Response their other children who continue to live in Ferguson are also at risk of the harm alleged. However, these allegations are not included in Plaintiffs' petition and will not be considered by the Court.

Defendants' Motion to Dismiss on this point in abeyance until further briefing is filed.

**VII.     Punitive Damages, Attorneys' Fees against Defendant City of Ferguson**

Plaintiffs' request for punitive damages against Defendant City for violations of 42 U.S.C. § 1983 and for state law tort claims must be dismissed. *See City of Newport v. Fact Concerts Inc.*, 453 U.S. 247, 271 (1981) ("we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."); Mo. Rev. Stat. § 537.610.3 ("No award for damages on any claim against a public entity within the scope of sections 537.600 to 537.650, shall include punitive or exemplary damages.").

**VIII.    Conclusion**

Plaintiffs' claims in Count I and III are dismissed with prejudice. Plaintiffs' claims in Count II against Defendant Jackson in his official capacity, and Counts IV and VI against Defendant Wilson in his official capacity are dismissed without prejudice. Plaintiffs are granted leave to amend their complaint within twenty days of this order in regards to the liability insurance exception and the negligent operation of a motor vehicle exception to sovereign immunity in Count II against Defendant City and to include allegations Defendant Jackson acted in bad faith or with malice for the claims asserted in Count II against Defendant Jackson in his individual capacity. Within twenty days of this order, both Plaintiffs and Defendants shall submit briefs on the issues raised relating to standing and injunctive relief. Plaintiffs' request for punitive damages against Defendant City of Ferguson is dismissed with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of Ferguson, Thomas Jackson, and Darren Wilson's Joint Motion to Partially Dismiss Plaintiffs' Petition [ECF No.5] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Darren Wilson in Count I and Defendant Jackson in Count III be **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Jackson in his official capacity in Count II and Defendant Wilson in his official capacity in Counts IV and VI be **DISMISSED, without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint within twenty days of this order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss on Argument VI [ECF No. 6, pg. 21-23] will be **held in abeyance** pending further briefing by Plaintiffs and Defendants within twenty days of this order.

Dated this 16th Day of July, 2015.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE