UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, SR., AND LESLEY McSPADDEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No:  4:15-cv-00831-ERW |
| CITY OF FERGUSON, MISSOURI, FORMER POLICE CHIEF THOMAS JACKSON, AND FORMER POLICE OFFICER DARREN WILSON, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | Defendant.           ) )  ) ) |

## *DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT (DOC. NO. 20)*

COME NOW Defendants, City of Ferguson, Missouri, Former Ferguson Police Chief Thomas Jackson, and Former Ferguson Police Officer Darren Wilson ("Defendants"), and for their Answer to Plaintiff's Amended Complaint (originally filed in state court and now removed to this Court), state as follows:

Defendants object to the "Introduction" that is contained in the Amended Complaint as it does not comply with Federal Rule of Civil Procedure 10(b) (and, at the time of the original filing in state court, did not comply with Missouri Supreme Court Rule 55.11), in that the allegations are not contained in numbered paragraphs.  Subject to this deficiency, Defendants admit Plaintiff has sought to file a claim pursuant to R.S.Mo. § 537.080, which is commonly referred to as the Missouri Wrongful Death Act.  Defendants deny the remainder of the allegations contained in the first sentence of the introduction, including to the extent to which Plaintiffs may recover pursuant to said statute.  Defendants are without knowledge or

information sufficient to form a belief about the truth of the allegations contained in the second sentence of the introduction.  Defendants admit Michael Brown, Jr. ("MBJ"), upon information and belief, was not armed, was an eighteen year-old, African-American male who sustained a fatal gunshot wound to his head and gunshot wounds to his body on August 9, 2014.  The remainder of the allegations contained in the third sentence of the introduction are denied. Defendants deny the allegations contained in the fourth sentence of the introduction.  Defendants admit the allegations contained in the fifth sentence of the introduction.  Defendants admit the allegations contained in the sixth sentence of the introduction.  Defendants deny the allegations contained in the seventh sentence of the introduction.  Defendants admit Plaintiffs purport to seek such damages as stated in the eighth sentence of the introduction, but deny they are entitled to the same.

**PARTIES**

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.      Upon information and belief, Defendants admit the allegations contained in paragraph 2.

3.      Defendants deny the allegations contained in paragraph 3.  Defendants admit the City of Ferguson is a municipal corporation organized and existing under the laws of the State of Missouri that has adopted a home rule charter under Article VI, Section 19(a) of the Missouri Constitution, and is located within the geographic boundaries of St. Louis County, Missouri.

4.      Defendants deny the allegations contained in paragraph 4, as stated.  The Ferguson Police Department is a department of the City of Ferguson.

2

5.      Defendants admit Defendant City of Ferguson employed Defendants Police Chief Tom Jackson and Police Officer Darren Wilson at the time Defendant Wilson shot and killed the decedent.  Defendants deny the remainder of the allegations contained in paragraph 5, including the manner in which Defendants Jackson and Wilson have been identified in the Amended Complaint.

6.      Defendants admit the allegations contained in paragraph 6.

7.      Defendants admit Plaintiffs purport to sue Defendant Wilson in his individual capacity, but deny the viability of any claims in such capacities.

8.      Defendants admit the allegations contained in paragraph 8.

9.      Defendants deny the allegations contained in paragraph 9.

10.     Defendants admit the allegations contained in paragraph 10.

11.     Defendants admit Plaintiffs purport to sue Defendant Jackson in his individual capacity, but deny the viability of any claims in such capacities.

## **VENUE**

12.     Defendants admit Plaintiffs have alleged acts and omissions to have occurred within the judicial circuit of St. Louis County, Missouri.  Defendants deny the remainder of the allegations contained in the first sentence of paragraph 12, as this matter has now been removed.  Defendants deny the allegations contained in the second sentence of paragraph 12, as this matter has now been removed.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 12.

3

## SUBJECT-MATTER JURISDICTION

13.     Defendants deny the allegations contained in paragraph 13, as this matter has been removed.

## COMMON FACTUAL ALLEGATIONS

14.     Defendants admit that the decedent and Witness Johnson were walking in the street of Canfield Drive.  Defendants deny the allegations contained in the second sentence of paragraph 14.

15.     Defendants admit the allegations contained in paragraph 15.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, due to the vagueness of the term "limited."  Defendants deny the allegations contained in the second sentence of paragraph 16.

17.     Defendants deny the allegations contained in paragraph 17, as they are stated.  Defendant Wilson approached the decedent and Witness Johnson from the east on Canfield Drive in a marked patrol vehicle, as the decedent and Witness Johnson were in the middle of the street.

18.     Defendants admit Defendant Wilson stopped his patrol vehicle.  Defendants deny the allegations contained in the remainder of paragraph 18.

19.     Defendants deny the allegations contained in paragraph 19.

20.     Defendants deny the allegations contained in paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21.

22.     Defendants deny the allegations contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23.

{01450124.DOCX;1}

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants admit the decedent could have easily attacked Defendant Wilson while standing within inches from his police vehicle.  Defendants deny the remainder of the allegations contained in paragraph 25.

26. Defendants admit Defendant Wilson proceeded west on Canfield Drive, and deny the remainder of the allegations contained in paragraph 26.

27. Defendants admit Plaintiff Wilson traveled several yards westward away from the decedent and Witness Johnson, and then stopped his vehicle.  Defendants deny the remainder of the allegations contained in paragraph 27.

28. Defendants admit Defendant Wilson parked his vehicle in a manner to block the roadway on which the decedent and Witness Johnson were walking, and deny the remainder of the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants admit in the midst of defending himself from an attack by the decedent, Defendant Wilson attempted to draw his weapon.  Defendants deny the remainder of the allegations contained in paragraph 37.

38.    Defendants deny the allegations contained in paragraph 38.

39.    Defendants deny the allegations contained in paragraph 39.

40.    Defendants admit the decedent began to flee on foot.  Defendants deny the remainder of the allegations contained in paragraph 40.

41.    Defendants deny the allegations contained in paragraph 41.

42.    Defendants admit the allegations contained in paragraph 42.

43.    Defendants admit the decedent ran from Defendant Wilson after attacking Wilson, and that Wilson followed after the decedent.  Defendants deny the remainder of the allegations contained in paragraph 43.

44.    Defendants deny the allegations contained in paragraph 44.

45.    Defendants deny the allegations contained in paragraph 45.

46.    Defendants deny the allegations contained in paragraph 46.

47.    Defendants deny the allegations contained in paragraph 47.

48.    Defendants deny the allegations contained in paragraph 48.

49.    Defendants deny the allegations contained in paragraph 49.

50.    Defendants deny the allegations contained in paragraph 50.

51.    Defendants admit Defendant Wilson fired shots at the decedent at a time when Defendant Wilson was in reasonable fear for his own life and safety. Defendants deny the remainder of the allegations contained in paragraph 51.

52.    Defendants admit, upon information and belief, that Defendant Wilson fired a total of twelve times during the occurrence, and deny the remainder of the allegations contained in paragraph 52.

53.     Defendants admit, upon information and belief, that six to eight bullets struck the decedent.  Defendants lack information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 53 and deny same.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 and deny same.

55.     Defendants admit, upon information and belief, that the decedent's body was not moved for hours as the result of the ongoing police investigation and the dangerous conditions that existed at the time.  Defendants deny the remainder of the allegations contained in paragraph 55.

56.     Defendants admit the allegations contained in paragraph 56.

57.     Defendants admit the allegations contained in paragraph 57.

58.     Defendants deny the allegations contained in paragraph 58.

59.     Defendants deny the allegations contained in paragraph 59.

60.     Defendants deny the allegations contained in paragraph 60.

61.     Defendants admit the allegations contained in paragraph 61.

62.     Defendants deny the allegations contained in paragraph 62.

63.     Defendants admit the allegations contained in paragraph 63.

64.     Defendants admit the allegations contained in paragraph 64.

65.     Defendants deny the allegations contained in paragraph 65.

66.     Defendants deny the allegations contained in paragraph 66.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69.

7

70.     Defendants deny the allegations contained in paragraph 70.

71.     Defendants deny the allegations contained in paragraph 71.

72.     Defendants deny the allegations contained in paragraph 72.

73.     Defendants deny the allegations contained in paragraph 73.

74.     Defendants deny the allegations contained in paragraph 74.

75.     Defendants deny the allegations contained in paragraph 75.

76.     Defendants deny the allegations contained in paragraph 76.

77.     Defendants deny the allegations contained in paragraph 77.

78.     Defendants deny the allegations contained in paragraph 78.

79.     Defendants deny the allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

81.     Defendants deny the allegations contained in paragraph 81.

82.     Defendants admit the United States Department of Justice investigated the circumstances surrounding the death of the decedent, and found no wrongdoing.   Defendants deny the remainder of the allegations contained in paragraph 82.

83.     Defendants admit the United States Department of Justice investigated the death of the decedent, and found no wrongdoing.  Defendants deny the remainder of the allegations contained in paragraph 83.

84.     Defendants admit the United States Department of Justice investigated the death of the decedent, and found no wrongdoing.  Defendants deny the remainder of the allegations contained in paragraph 84.

85.     Defendants admit the United States Department of Justice investigated the death of the decedent, and found no wrongdoing.  Defendants deny the remainder of the allegations contained in paragraph 85.

86.     Defendants deny the allegations contained in paragraph 86.

87.     Defendants deny the allegations contained in paragraph 87.

88.     Defendants deny the allegations contained in paragraph 88.

89.     Defendants deny the allegations contained in paragraph 89.

90.     Defendants deny the allegations contained in paragraph 90.

91.     Defendants admit the allegations contained in the first sentence of paragraph 91. Defendants admit the allegations contained in the second sentence of paragraph 91. Defendants deny the allegations contained in the third sentence of paragraph 91.

92.     Defendants admit the allegations contained in the first sentence of paragraph 92. Defendants deny the remaining allegations contained in paragraph 92.

93.     Defendants deny the allegations contained in paragraph 93.

94.     Defendants deny the allegations contained in paragraph 94.

95.     Defendants deny the allegations contained in paragraph 95.

96.      Defendants admit the USDOJ stated in their report, "Officers invoke the term 'ped check' as though it has some unique constitutional legitimacy."  Defendants deny the truth of that statement and deny the remainder of the allegations contained in paragraph 96.

97.     Defendants deny the allegations contained in paragraph 97.

98.     Defendants deny the allegations contained in paragraph 98.

99.     Defendants deny the allegations contained in paragraph 99.

9

100.    Defendants deny the allegations contained in paragraph 100.

101.    Defendants deny the allegations contained in paragraph 101.

102.    Defendants deny the allegations contained in paragraph 102.

103.    Defendants deny the allegations contained in paragraph 103.

104.    Defendants deny the allegations contained in paragraph 104.

105.    Defendants deny the allegations contained in paragraph 105.

106.    Defendants deny the allegations contained in paragraph 106.

107.    Defendants deny the allegations contained in paragraph 107.

108.    Defendants deny the allegations contained in paragraph 108.

109.    Defendants deny the allegations contained in paragraph 109.

110.    Defendants deny the allegations contained in paragraph 110.

111.    Defendants deny the allegations contained in paragraph 111.

112.    Defendants deny the allegations contained in paragraph 112.

113.    Defendants deny the allegations contained in paragraph 113.

114.    Defendants deny the allegations contained in paragraph 114.

115.    Defendants deny the allegations contained in paragraph 115.

116.    Defendants deny the allegations contained in paragraph 116.

117.    Defendants deny the allegations contained in paragraph 117.

118.    Defendants deny the allegations contained in paragraph 118.

119.    Defendants deny the allegations contained in paragraph 119.

120.    Defendants deny the allegations contained in paragraph 120.

121.    Defendants deny the allegations contained in paragraph 121.

122.    Defendants deny the allegations contained in paragraph 122.

123.    Defendants deny the allegations contained in paragraph 123.

124.    Defendants deny the allegations contained in paragraph 124.

125.    Defendants deny the allegations contained in paragraph 125.

126.    Defendants deny the allegations contained in paragraph 126, including all subparts.

127.    Defendants deny the allegations contained in paragraph 127.

128.    Defendants deny the allegations contained in paragraph 128.

129.    Defendants deny the allegations contained in paragraph 129.

130.    Defendants deny the allegations contained in paragraph 130.

131.    Defendants deny the allegations contained in paragraph 131.

132.    Defendants deny the allegations contained in paragraph 132.

133.    Defendants deny the allegations contained in paragraph 133.

134.    Defendants deny the allegations contained in paragraph 134.

135.    Defendants deny the allegations contained in paragraph 135.

136.    Defendants deny the allegations contained in paragraph 136.

137.    Defendants deny the allegations contained in paragraph 137.

138.    Defendants deny the allegations contained in paragraph 138.

139.    Defendants deny the allegations contained in paragraph 139.

140.    Defendants deny the allegations contained in paragraph 140.

141.    Defendants admit Defendant City, through its officials, including Defendant Wilson's supervisors and commanders, all of whom were employed at the time of the incident, transmitted messages through their official email accounts during work hours. Defendants deny the remainder of the allegations contained in paragraph 141.

142.    Defendants deny the allegations contained in 142, including all subparts.

11

{01450124.DOCX;1}

143.  Defendants deny the allegations contained in paragraph 143, as phrased.

144.  Defendants admit the USDOJ published its report, and three employees were thereafter terminated.  Defendants deny the remainder of the allegations contained in paragraph 144.

145.  Defendants deny the allegations contained in paragraph 145.

146.  Defendants deny the allegations contained in paragraph 146.

147.  Defendants are without knowledge or information sufficient to form a belief as to the truth what a young man described, as contained in paragraph 147.  Defendants deny the remainder of the allegations contained in paragraph 147.

148.  Defendants deny the allegations contained in paragraph 148.

149.  Defendants deny the allegations contained in paragraph 149.

150.  Defendants deny the allegations contained in paragraph 150.

151.  Defendants deny the allegations contained in paragraph 151.

152.  Defendants admit a statement was made regarding review of use of force incidents that was recited in the DOJ report.  Defendants deny the remaining allegations contained in paragraph 152.

153.  Defendants deny the allegations contained in paragraph 153.

154.  Defendants deny the allegations contained in paragraph 154.

155.  Defendants deny the allegations contained in paragraph 155.

156.  Defendants admit a statement was made regarding submitting reports that was recited in the DOJ report.  Defendants deny the remaining allegations contained in paragraph 156.

157.  Defendants admit a statement was made regarding submitting reports that was recited in the DOJ report.  Defendants deny the remaining allegations contained in paragraph 157.

158.   Defendants deny the allegations contained in paragraph 158.

159.   Defendants deny the allegations contained in paragraph 159.

160.   Defendants deny the allegations contained in paragraph 160, including all subparts.

161.   Defendants deny the allegations contained in paragraph 161, including all subparts.

162.   Defendants deny the allegations contained in paragraph 162, including all subparts.

163.   Defendants deny the allegations contained in paragraph 163.

164.   Defendants deny the allegations contained in paragraph 164.

165.   Defendants deny the allegations contained in paragraph 165.

166.   Defendants admit the decedent, at one point, appeared to attempt to flee.  Defendants deny the remainder of the allegations contained in paragraph 166.

167.   Defendants deny the allegations contained in paragraph 167.

168.   Defendants admit the City and Defendant Jackson did not reprimand Defendant Wilson. Defendants deny the remainder of the allegations contained in paragraph 168.

169.   Defendants deny the allegations contained in paragraph 169.

170.   Defendants deny the allegations contained in paragraph 170.

171.   Defendants deny the allegations contained in paragraph 171, as phrased, which is a legal conclusion reserved for this Court's judgment.

172.   Defendants agree the City of Ferguson pays a specific amount of money for insurance from a self-insured pool administered by SLAIT (St. Louis Area Insurance Trust).  As Plaintiffs have not specified what claims are covered, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 172.

173.    Defendants admit bodily injury is defined, on page 2 of 26 in the policy, as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."   Defendants admit that personal injury is partially defined, on page 5 of 26 in the policy, as "injury (other than bodily injury) arising out of one or more of the following offenses: a) False arrest, detention or imprisonment; . . . c) Wrongful. . . eviction of a person from . . . a . . . premise that the person occupies. . . ."   Defendants admit that person injury is partially defined, in Endorsement "C," as "injury (other than bodily injury) arising out of one or more of the following offenses in the conduct of your law enforcement operations: . . . 3) wrongful entry, eviction or other invasion of the right of private occupancy. . . 6) false arrest or improper service of process[.]"   Defendant denies the remainder of the allegations contained in paragraph 173, as phrased.

174.    Defendants admit on page 18 of 26 in the policy, it partially states, "We will pay reasonable expense for: a) First aid at the time of an accident; b) Necessary medical, surgical, x-ray and dental services, including prosthetic devices; and c) Necessary ambulance, hospital, professional nursing and funeral services."   Defendants deny the remainder of the allegations contained in paragraph 174, as phrased.

175.    Defendants deny the allegations contained in paragraph 175.

### COUNT I

176.    Defendants restate and incorporate the foregoing paragraphs as if fully set forth herein.

177.    Defendants deny the allegations contained in paragraph 177, including that it misstates both the law and the standard of care.

178.    Defendants deny the allegations contained in paragraph 178, including that it misstates both the law and the standard of care.

14

{01450124.DOCX;1}

179.    Defendants deny the allegations contained in paragraph 179.

180.    Defendants deny the allegations contained in paragraph 180.

181.    Defendants deny the allegations contained in paragraph 181.

182.    Defendants deny the allegations contained in paragraph 182.

183.    Defendants deny the allegations contained in paragraph 183.

184.    Defendants deny the allegations contained in paragraph 184.

WHEREFORE, Defendants respectfully request that this Court dismiss this count, for costs, and for such other relief as this Court deems just and proper.

## COUNT II

185.    Defendants restate and incorporate the foregoing paragraphs as if fully set forth herein.

186.    Defendants admit Plaintiffs purport to raise Count IV against Defendant City and Defendant Wilson in his individual capacity, pursuant to the United States Constitution Amendments IV and XIV, and 42 U.S.C. §§ 1983 and 1988. Defendants deny Plaintiffs have stated a claim upon which relief may be granted and deny Plaintiffs are entitled to relief.

187.    Defendants admit the allegations contained in paragraph 187.

188.    Defendants deny the allegations contained in paragraph 188.

189.    Defendants deny the allegations contained in paragraph 189.

190.    Defendants deny the allegations contained in paragraph 190.

191.    Defendants deny the allegations contained in paragraph 191.

192.    Defendants deny the allegations contained in paragraph 192, as phrased.

193.    Defendants deny the allegations contained in paragraph 193.

194.    Defendants deny the allegations contained in paragraph 194.

15

{01450124.DOCX;1}

195.    Defendants admit Defendant Wilson fired twelve shots.  Defendant denies the remainder of the allegations contained in paragraph 195.

196.    Defendants admit the allegations contained in paragraph 196.

197.    Defendants deny the allegations contained in paragraph 197.

198.    Defendants deny the allegations contained in paragraph 198.

WHEREFORE, Defendants respectfully request that this Court dismiss this count, for costs, and for such other relief as this Court deems just and proper.

## COUNT III

199.    Defendants restate and incorporate the foregoing paragraphs as if fully set forth herein.

200.    Defendants admit Plaintiffs purport to raise Count V against Defendant City pursuant to the United States Constitution Amendments IV and XIV, and 42 U.S.C. §§ 1983 and 1988. Defendants deny the merits of the claims contained therein.

201.    Defendants deny the allegations contained in paragraph 201.

202.    Defendants deny the allegations contained in paragraph 202.

203.    Defendants deny the allegations contained in paragraph 203.

204.    Defendants deny the allegations contained in paragraph 204.

205.    Defendants deny the allegations contained in paragraph 205.

206.    Defendants deny the allegations contained in paragraph 206.

207.    Defendants deny the allegations contained in paragraph 207.

208.    Defendants deny the allegations contained in paragraph 208.

209.    Defendants deny the allegations contained in paragraph 209.

WHEREFORE, Defendants respectfully request that this Court dismiss this count, for costs, and for such other relief as this Court deems just and proper.

## COUNT IV

210. Defendants restate and incorporate the foregoing paragraphs as if fully set forth herein.

211. Defendants admit Plaintiffs purport to raise Count IV against Defendant Wilson in his individual capacity, pursuant to United States Constitution Amendment XIV, and 42 U.S.C. §§ 1983 and 1988. Defendants deny Plaintiffs have stated a claim upon which relief may be granted and deny Plaintiffs are entitled to relief.

212. Defendants admit the allegations contained in paragraph 212.

213. Defendants deny the allegations contained in paragraph 213.

214. Defendants deny the allegations contained in paragraph 214.

215. Defendants admit Defendant Wilson fired shots at decedent ultimately killing him. Defendants deny the remainder of the allegations contained in paragraph 215.

216. Defendants deny the allegations contained in paragraph 216.

217. Defendants deny the allegations contained in paragraph 217.

218. Defendants deny the allegations contained in paragraph 218.

219. Defendants deny the allegations contained in paragraph 219.

WHEREFORE, Defendants respectfully request that this Court dismiss this Count, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## COUNT V

220. Defendants restate and incorporate the foregoing paragraphs as if fully set forth herein.

221. Defendants admit Plaintiffs purport to raise Count IV against Defendant City pursuant to United States Constitution Amendment XIV, and 42 U.S.C. §§ 1983 and 1988.

{01450124.DOCX;1}

Defendants deny Plaintiffs have stated a claim upon which relief may be granted and deny Plaintiffs are entitled to relief.

222.   Defendants deny the allegations contained in paragraph 222.

223.   Defendants deny the allegations contained in paragraph 223.

224.   Defendants deny the allegations contained in paragraph 224.

225.   Defendants deny the allegations contained in paragraph 225.

226.   Defendants deny the allegations contained in paragraph 226.

227.   Defendants deny the allegations contained in paragraph 227.

228.   Defendants deny the allegations contained in paragraph 228.

229.   Defendants deny the allegations contained in paragraph 229.

230.   Defendants deny the allegations contained in paragraph 230.

231.   Defendants deny the allegations contained in paragraph 231.

232.   Defendants deny the allegations contained in paragraph 232.

233.   Defendants deny the allegations contained in paragraph 233.

234.   Defendants deny the allegations contained in paragraph 234.

235.   Defendants deny the allegations contained in paragraph 235.

WHEREFORE, Defendants respectfully request that this Court dismiss this Count, for attorneys' fees pursuant to 42 U.S.C. § 1988, costs, and for further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

A.   Plaintiffs' Amended Complaint fails to state a cause of action or a claim upon which relief can be granted against these Defendants and/or Defendants are entitled to dismissal

(as more fully stated in Defendants' Motion and Memorandum in Support of their Motion to Partially Dismiss), on the grounds of, without limitation:

I)      Counts IV and V fail to state a claim upon which relief may be granted and should be dismissed due to qualified immunity and because the law was not clearly established August 9, 2014, Plaintiffs had a substantive to process right regarding a liberty interest in a familial relationship between a parent and an adult son;

II)     Count I regarding state claims for an alleged failure to properly hire, train, supervise, retain, and conduct a fair and impartial investigation is barred by sovereign immunity, official immunity, and the public duty doctrine, including without limitation Plaintiffs have failed to allege facts sufficient to invoke the automobile exception and the insurance exception to sovereign immunity;

III)    Allegations against Defendant Wilson regarding due process and equal protection should be dismissed pursuant to qualified immunity for failure to state a claim upon which relief may be granted as Plaintiffs' allegations do not fall under the protections of the due process clause and Plaintiffs have failed to allege each and every element of an equal protection claim; and

IV)     Plaintiffs' request for declaratory judgment and injunctive relief should be dismissed due to lack of an actual controversy, due to ripeness to a lack of ripeness; due to lack of constitutional and prudential standing, and because Plaintiffs cannot plead and prove each requirement for an injunction.

B.    Defendants have official immunity from liability to plaintiffs under the state claims contained in Plaintiffs' Amended Complaint, in that Defendants Wilson and Jackson exercised their discretion while performing their official duties as police officers.

C.    Any injury or damage sustained by Plaintiffs was sustained as the direct and proximate result of Plaintiffs' decedent's own criminal conduct, negligence, carelessness and comparative fault and thus and thereby, Plaintiffs are not entitled to recover from Defendants, or any recovery of Plaintiffs should be reduced by the percentage of Plaintiffs' decedent's own negligence, carelessness and comparative fault contributing thereto pursuant to federal law and R.S.Mo. § 537.060.

D.    Plaintiffs' state claims against Defendants are barred by the public duty doctrine, in that Plaintiffs' allegations pertain to duties owed by Defendants Wilson and Jackson to the general public, thereby negating the element of a duty.

E.    Defendants Jackson and Wilson are entitled to qualified immunity regarding the claims made against them, including without limitation there is no fundamental right that was clearly established at the time of the events described in the Complaint for the decedent to refuse to obey the lawful direction of a police officer, and that an Officer is permitted to use lethal force in self-defense under the circumstances presented to Defendant Wilson, and thus and thereby, Plaintiffs are not entitled to recover from the Defendants and Defendant Wilson's conduct was justified.

F.    The City of Ferguson is entitled to dismissal as the law was not clearly established at the time of the subject incident that the actions made by Defendants Jackson and Wilson pursuant to policy were in violation of Plaintiffs' constitutional rights.

G.      Any force used against the decedent was the direct result of the decedent's own voluntary and consensual instigation of unreasonable behavior against Defendant Wilson, and thus and thereby, the decedent consented to the acts of the Defendant Wilson in defending himself and/or others against the decedent.

H.      Any force used and any act of any Defendant was undertaken pursuant to law and in the course of the Defendants' official sworn duties as a law enforcement officer, was reasonable in nature and was based upon both probable cause and reasonable suspicion the decedent had violated the laws and ordinances of the State of Missouri and the City of Ferguson (including, but not limited to, City of Ferguson Municipal Ordinance Section 44-344, Manner of walking along roadway), that the actions taken toward decedent took place pursuant to law and were reasonable.

I.      Any liability which may be found on the part of the City of Ferguson regarding state claims is to be capped at the measure determined by R.S.Mo. § 537.610 and in accordance with the Implicit Price Deflator for Personal Consumption Expenditures as published by the Bureau of Economic Analysis of the United States Department of Commerce and annually published by the Missouri Register

J.      Plaintiffs have a duty to mitigate their damages, and have failed to do so.

K.      Defendants are entitled to a reduction of any award by the amount of settlement pursuant to federal law and R.S.Mo. § 537.060.

L.      Plaintiffs have failed to state a claim for negligent supervision as Plaintiffs did not prove any defendant acted outside the course of his employment.

M.      Defendants deny each and every other allegation in Plaintiffs' Amended Complaint not specifically admitted to herein;

21

N.      Defendants reserve the right to make additional affirmative defenses in the course of discovery.


|  | /s/Peter J. Dunne |
|---|---|
|  | Peter J. Dunne   #31482<br>Robert T. Plunkert  #62064<br>PITZER SNODGRASS, P.C.<br>Attorneys for Defendant City of Ferguson,<br>Missouri, Former Police Chief Thomas Jackson,<br>and Former Police Officer Darren Wilson<br>100 South Fourth Street, Suite 400<br>St. Louis, Missouri 63102-1821<br>(314) 421-5545<br>(314) 421-3144 (Fax)<br>Email: dunne@pspclaw.com<br>Email: plunkert@pspclaw.com |


I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 11th day of August, 2015, to be served by operation of the Court's electronic filing system upon the following:

Anthony D. Gray
7710 Carondelet Ave., Suite 303
Clayton, Missouri 63105
agray@johnsongraylaw.com
Attorney for Plaintiff


/s/ Peter J. Dunne

{01450124.DOCX;1}