UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, SR., AND LESLEY McSPADDEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Cause No: 4:15-cv-00831-ERW |
| vs. | ) ) | |
| CITY OF FERGUSON, MISSOURI, FORMER POLICE CHIEF THOMAS JACKSON, AND FORMER POLICE OFFICER DARREN WILSON, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

# *DEFENDANTS' RESPONSE IN OPPOSITION TO ST. LOUIS COUNTY OFFICE OF THE PROSECUTING ATTORNEY'S MOTION TO QUASH*

COMES NOW Defendants, City of Ferguson, Missouri, Former Police Chief Thomas Jackson, and Former Police Officer Darren Wilson (collectively, "Defendants"), by and through their attorneys, and for their Response in Opposition to St. Louis County Office of the Prosecuting Attorney's Motion to Quash, state as follows:

## I.     INTRODUCTION

Defendants served Custodian of Records for the St. Louis County Prosecuting Attorney's Office, Dean Waldemer, with a subpoena duces tecum which sought information, documents, and records related to the investigation and grand jury proceedings for the shooting death of Michael Brown. *See* ex. A, Subpoena Duces Tecum directed to Mr. Waldemer.  Mr. Waldemer filed a Motion to Quash the Subpoena Duces Tecum (Doc. No. 41) and Memorandum in Support (Doc. No. 42) on January 15, 2016.

{01565485.DOCX;1}

Clarifying the main issues for the Court will help to ensure judicial efficiency and eliminate issues which are not in dispute.  Footnote two of the Memorandum in Support accurately states part of main dispute between the parties — "witness names and exhibit lists which contain witness-identifying information."  Doc. No. 42, fn. 2.  Defendants specifically articulated that they seek a complete list which provides the identities, contact information, and un-redacted statements for any witnesses who were involved in either St. Louis County's investigation of the incident or the grand jury proceedings.  *See* ex. B, January 14, 2016 letter to Linda Wasserman.  Further, Defendants seek the following:

- un-redacted copies of grand jury transcripts;
- a complete list of exhibits that were used during the grand jury proceedings and un-redacted copies of previously disclosed and undisclosed exhibits (without mental impressions);
- any autopsy photographs and videos which were not previously disclosed;
- photographs and videos which depict the scene of the incident (Canfield Drive) which were not previously disclosed; and
- photographs and videos of any relevant events which occurred at the Ferguson Market on August 8, 2014 and August 9, 2014.

Defendants are not necessarily concerned with the disclosure of the following information:

- mental impressions of St. Louis County attorneys or staff;
- investigative procedures and/or techniques used by the St. Louis County Police Department or investigators;
- documents or records which would reveal deliberative processes of St. Louis County attorneys;
- documents or records which would reveal attorney-client privileged information;
- social security numbers;
- drafts, internal notes, memoranda, and internal correspondence (which do not contain witness identities, contact information, or statements); and
- grand jury identities, deliberations, or other confidential grand jury information.

Defendants will strive to address arguments presented by Mr. Waldemer which are relevant to disputed issues in the order that they were presented.

{01565485.DOCX;1}

## II.   STANDARD OF REVIEW

Federal Rule of Criminal Procedure 6 governs the disclosure of grand jury matters.  Rule 6(e)(3)(E)(i) states:

> **(E)**     The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
>
> **(i)**      preliminarily to or in connection with a judicial proceeding.

Fed. R. Crim. P. 6(e)(3)(E)(i).

The purpose of Rule 6(e)(2) is to protect the inner workings of the grand jury.  *In re Grand Jury Investigation*, 55 F.3d 350, 353 (8th Cir. 1995).  The more a document reveals about that work, the greater the protection it receives under the rule.  *Id.* at 354.  Grand jury minutes or witness transcripts are entitled to the greatest protection under Rule 6(e).  *Id.*

A reduced showing of particularized need is required for documents which are entitled to lesser protection under the rule.  *Id.*  Under Rule 6(e), this requires a showing that the material: (1) is necessary to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that their request is structured to cover only material so needed.  *Id.* (citing *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

The determination of whether to disclose grand jury materials under Rule 6(e) is committed to the "substantial discretion" of the district court which must "weigh carefully the competing interests in light of the relevant circumstances and the standards."  *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988) (citing *Douglas*, 441 U.S. at 223); *In re Grand Jury Investigation*, 55 F.3d 350, 354 (8th Cir. 1995) (noting that the decision

3

to allow disclosure is entrusted to the substantial discretion of the district court which will only be reversed if it has abused that discretion).

### III.    ARGUMENT

**A.     The disclosure of materials requested by Defendants is necessary and warranted.**

Mr. Waldemer objected to the disclosure of any document or other material containing identifying information for any grand jury witness or grand juror.  Doc. No. 42, p. 2.  Defendants do not seek the identity of grand jurors, and therefore, Defendants will not respond to arguments presented by Mr. Waldemer regarding the disclosure of grand juror identities or contact information.

Defendants will first analyze the disclosure of witness identities, contact information, un-redacted statements, and un-redacted grand jury transcripts.  Secondly, Defendants will proceed to an analysis regarding the disclosure of a complete list of exhibits and copies of un-redacted exhibits which were previously disclosed or undisclosed.  Thirdly, Defendants will analyze the disclosure of various photographs and videos.  Any remaining matters will be resolved last in this memorandum.

**1.     Mr. Waldemer should be required to disclose the identities, contact information, un-redacted grand jury transcripts, and un-redacted statements of witnesses who were either involved in the investigation or grand jury proceedings.**

Mr. Waldemer argues that "the disclosure of grand jury witness names would likely result in real and substantial harm to the personal safety and privacy of grand jury witnesses, who testified after personal assurances of anonymity by the chief prosecutor, and who performed their civic duty in a case which continues to be controversial and provocative."  Doc. No. 47, pp. 2–3. Further, Mr. Waldemer's arguments against disclosure classify Defendants subpoena duces tecum and the information requested as an unwarranted intrusion into grand jury secrecy.

{01565485.DOCX;1}

**a.**  **Disclosure is needed to avoid a possible injustice in this judicial proceeding**.

Mr. Waldemer argues that the disclosure of grand jury witness names is not required to avoid a possible injustice in the case at bar because Defendants have access to their own extensive law enforcement information regarding the incident.  Doc. No. 47, p. 6.

On August 9, 2014, and within an hour of the shooting, the Ferguson Police Department turned over the investigation to the St. Louis County Police Department.  From the moment it was handed over, St. Louis County led the investigation into the shooting.  Defendants assert that they do not have knowledge regarding the identities and contact information of each and every witness who either provided a statement in relation to the investigation of the shooting by St. Louis County or testified before the grand jury.  Withholding the disclosure of witness identities and contact information, which cannot be obtained through any other means of discovery, will deny Defendants the opportunity to depose important witnesses regarding the events of August 9, 2014.  *See In re Grand Jury Investigation*, 55 F.3d at 354 (upholding the district court's ruling that grand jury materials were needed for the development of the civil case); *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 308 (8th Cir. 1988) (noting that documents were unavailable through any other channel of discovery and that party would be significantly hampered without such materials).  Further, the provision of un-redacted grand jury transcripts will enable Defendants to ascertain what witness is testifying, what events were witnessed, and how they were perceived.  *See In re Grand Jury Subpoena Duces Tecum*, 904 F.2d 466, 468–69 (8th Cir. 1990) (holding that a district court did not abuse its discretion in releasing grand jury materials where IRS made a particularized showing that the information was pertinent to tax court litigation).  The provision of un-redacted statements, by both witnesses who did and did not testify before the grand jury, will also enable Defendants to ascertain what events were

5

witnessed, how they were perceived, and possibly reasons why the individual did not testify before the grand jury.

Mr. Waldemer cites to three cases to support his argument that Defendants have not shown a particularized need by meeting the three *Douglas* elements: *Zomber v. Vill. of Garden City*, *Sclafani v. Spitzer*, and *Cherry v. Rodenburg*. Each of these cases is factually distinguishable from the present matter and do not have applicable or persuasive value.

     **i.**     ***Zomber v. Vill. of Garen City***

In *Zomber*, the parties filed a joint motion to compel which requested that the court unseal grand jury records to pursue a malicious prosecution claim. *Zomber v. Vill. of Garden City*, 2011 WL 3511011, at *1 (E.D.N.Y. Aug. 10, 2011). The parties argued that, in order to address the existence of probable cause, they needed not only the grand jury testimony that the parties had, but rather all of the grand jury testimony and exhibits. *Id.* at 4. The court found that the parties did not demonstrate the relevance of the materials to the claim for malicious prosecution. *Id.* at *5–7. The court therefore denied their motion to compel. *Id.* at 1.

As opposed to *Zomber*, grand jury transcripts for the grand jury proceedings have already been disclosed to the general public. The focus of the dispute between the parties in the present matter is witness identities, contact information, un-redacted statements, and un-redacted grand jury transcripts as opposed to the general disclosure of grand jury transcripts. Further, and as opposed to the failure to establish relevance in *Zomber*, the identities and contact information of witnesses is highly relevant and absolutely necessary to conduct depositions in this matter. The vast majority of witness identities, who either testified before the grand jury or were involved in the investigation into the shooting, are presently unknown to Defendants. The testimony of various witnesses is important in displaying the initial confrontation between Michael Brown and

6

{01565485.DOCX;1}

former Officer Wilson, the encounter at the police vehicle, and the events which occurred outside of the vehicle.  Further, witness testimony is necessary in displaying that former Officer Wilson's actions were reasonable and justified.  Whereas the parties in *Zomber* failed to display the relevance of the requested materials to their malicious prosecution claim, Defendants have established the relevance of witness identities, contact information, un-redacted statements, and un-redacted grand jury transcripts as being necessary to move this matter forward and comply with case management order deadlines.

ii.      ***Sclafani v. Spitzer***

In *Sclafani*, plaintiffs submitted an application for an order compelling defendants to produce the sealed minutes and exhibits of grand jury proceedings since they were relevant to demonstrate prosecutorial misconduct.  *Sclafani v. Spitzer*, 2009 WL 1505276, *1 (E.D.N.Y. 2009).  The court noted that "a general desire for the discovery needed to prove one's case does not satisfy the requisite showing of particularized need."  *Id.* at *2.  Plaintiffs did not illustrate why additional materials were necessary and classified plaintiffs' request as an overly broad fishing expedition.  *Id.* at *2.   The court concluded that plaintiffs did not establish a particularized need and denied their application.  *Id.* at *3.

Contrary to plaintiffs in *Sclafani*, Defendants requests in this matter are not overly broad and do not constitute a fishing expeditions.  Defendants have sufficiently narrowed their request as indicated *supra*.  Further, and contrary to *Sclafani*, witness identities, contact information, un-redacted grand jury transcripts, and un-redacted witness statements are necessary as such information will enable the case to proceed forward without undue delay or burden.  Defendants have a direct and efficient way of accessing the requested information — by disclosure from the St. Louis County Prosecuting Attorneys' Office.  Defendants do not believe there is another

7

viable alternative that will promote judicial efficiency and economy. The aforementioned reasons illustrate that the present matter is entirely distinguishable from *Sclafani*.

  **iii.**   ***Cherry v. Rodenburg***

  In *Cherry*, plaintiff moved for an order compelling a district attorney to produce transcripts of state grand jury proceedings for use in his civil rights cases. *Cherry v. Rodenburg*, 2008 WL 4610302, p. *1 (E.D.N.Y. 2008). The court noted that plaintiff does not state with particularity why he requires these transcripts, but contended generally that his attorney needs to review the testimony in order to obtain information that shows "he was falsely arrested and prosecuted in bad faith. *Id.* at *3. The court ruled that plaintiff's requests were without merit and classified plaintiff's speculative "need" for grand jury transcripts was hardly sufficient to warrant disclosure. *Id.* at *4. The court therefore denied plaintiff's motion to unseal state grand jury transcripts. *Id.* at *1.

  *Cherry* is inapplicable to the present matter because Defendants' requests are not speculative. Defendants have copies of the grand jury transcripts, yet due to redactions, the testimony cannot be definitively attributed to specific witnesses. Mr. Waldemer argues that the disclosure of grand jury transcripts is sufficient, yet Defendants are precluded from identifying who is testifying due to redactions. The provision of redacted grand jury transcripts, without identifying information, precludes Defendants from deposing numerous witnesses in this matter. As noted, witness identities, contact information, and statements are not only necessary to advance Defendants interests in this matter, but they are also necessary to enable the case to proceed forward without undue delay and burden. Further, the disclosure of witness identities, in conjunction with un-redacted grand jury transcripts, will enable Defendants to fully assess testimony provided to the grand jury.

{01565485.DOCX;1}

In conclusion, the disclosure of witness identities, contact information, un-redacted grand jury transcripts, and un-redacted statements is not only necessary to avoid great injustice to Defendants in this matter, but also necessary so that litigation can proceed forward without undue delay and burden.

      **b.**      **The need for disclosure in the present matter is greater than the need for continued secrecy.  Additionally, a protective order will ensure that secrecy is preserved within the confines of the civil matter and that no disclosures are made to the general public.**

In weighing the need for disclosure against the need for secrecy, the court should keep in mind the traditional reasons for grand jury secrecy:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Douglas Oil,* 441 U.S. at 219 n. 10 (internal quotation marks omitted).  [A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts or alternative materials will have a lesser burden in showing justification.  *Id.* at 223.  However, "interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Id.* at 222.

It does not appear that any of the five traditional factors promulgated by *Douglas* weigh in favor of non-disclosure. *See In re Grand Jury Proceedings Relative to Perl*, 838 F.2d at 308

9

(holding that the release of the requested documents will not compromise the secrecy of the grand jury proceedings to any appreciable extent).

Defendants do not dispute with Mr. Waldemer's contention that the disclosure of witness identities, contact information, and statement *to the general public* would create various privacy and safety concerns.  Undoubtedly, the high profile nature of this case and the persistent social tension bolster Mr. Waldemer's arguments regarding privacy and safety.

However, Defendants agree that keeping witness identities and contact information within the confines of this litigation is an utmost priority.  Defendants assert that an amenable agreement, between the parties and St. Louis County, regarding a protective order which would prevent the disclosure of witness identities, contact information, and other identifying features outside the offices for Plaintiffs and Defendants would alleviate and remove privacy and safety concerns expressed by Mr. Waldemer.  *See In re Grand Jury Subpoena Duces Tecum*, 904 F.2d at 468–69 (holding that district court did not err in ruling that IRS properly limited exposure of grand jury materials by sealing government's petition an denying taxpayer's access to grand jury materials).  While the specific wording of such a protective order has not yet been agreed upon, this is the most efficient and resourceful way to accommodate the needs of Defendants in obtaining witness contact information and Mr. Waldemer's concerns regarding privacy and safety.

c.      **Defendants request is structured to cover only material so needed.**

Mr. Waldemer has asserted that Defendants' subpoena duces tecum is impermissibly broad and oversweeping.  Doc. No. 42, p. 1.  However, and as evidenced by this filing and the January 14, 2016 letter to Linda Wasserman, Defendants have specifically articulated what information, documents, or records need to be disclosed.  *See* ex. B, January 14, 2016 letter to

Linda Wasserman.   Additionally, Section III.C. clarifies which items are not sought for disclosure.  Defendants have adequately structured their requests to address the materials which are necessary to prevent injustice in this matter and to advance the progress of litigation.

### d.      Conclusion

Defendants have established the three *Douglas* elements and have shown a particularized need for their requests.  Therefore, this Court should deny Mr. Waldemer's Motion to Quash and order the disclosure of witness identities, contact information, un-redacted witness statements, and un-redacted grand jury transcripts.

**2.      Mr. Waldemer should be required to disclose a complete list of exhibits and un-redacted copies of previously disclosed and undisclosed exhibits that were used during the grand jury proceedings.**

Defendants will now assess the disclosure of a complete list of exhibits and the un-redacted copies of previously disclosed and undisclosed exhibits.

### a.      Disclosure is needed to avoid a possible injustice in another judicial proceeding.

As noted previously, Defendants require un-redacted grand jury transcripts so that the testimony provided can be linked with the testifying witness.  Additionally, grand jury transcripts often reference exhibits which were used during witness testimony.  Defendants believe that these exhibits included diagrams, reports, and previous statements of witnesses which were procured during the investigation into the shooting.  In order to examine an exhibit which may have been used or referenced in the grand jury transcripts, Defendants request a complete list of exhibits and copies of un-redacted exhibits which were previously disclosed or undisclosed.  Defendants do not request exhibits which may contain attorney mental impressions or which may detail investigative procedures or techniques.  The disclosure of un-redacted copies of the

11

grand jury transcripts naturally implies that un-redacted copies of the exhibits, which are referenced in said transcripts, is necessary to allow completeness and for Defendants to litigate against Plaintiffs' claims. *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 307–08 (8th Cir. 1988) (noting that claimants demonstrated that disclosure was necessary and that party would be significantly hampered without such materials).

> **b.      The need for disclosure is greater than the need for continued secrecy. Additionally, a protective order will ensure that secrecy is preserved within the confines of the civil matter and that no disclosures are made to the general public.**

*See supra*, Section III.A.1.b regarding the need for disclosure outweighing the need for continued secrecy and a motion for protective order regarding disclosures.

> **c.      Defendants request is structured to cover only material so needed.**

*See supra*, Section III.A.1.b regarding Defendants' narrowing of the requested disclosures by the January 14, 2016 letter to Linda Wasserman and this filing.

> **d.      Conclusion**

Defendants have established the three *Douglas* elements and have shown a particularized need for their requests.  Therefore, this Court should deny Mr. Waldemer's Motion to Quash and order the disclosure of a complete list of exhibits and copies of un-redacted exhibits which were previously disclosed or undisclosed.

**3.      Mr. Waldemer should be required to disclose any undisclosed autopsy photographs, photographs/videos which depict the scene of the incident, and photographs/videos of any relevant events which occurred at the Ferguson Market on August 8, 2014 and August 9, 2014.**

Defendants acknowledge that St. Louis County has produced autopsy photographs and photographs of the scene of the incident.  However, Defendants specifically request:

- any autopsy photographs and videos which were not previously disclosed;

12

- photographs and videos which depict the scene of the incident (Canfield Drive) which were not previously disclosed; and
- photographs and videos of any relevant events which occurred at the Ferguson Market on August 8, 2014 and August 9, 2014.

a. **Disclosure is needed to avoid a possible injustice in another judicial proceeding**.

The provision of any undisclosed aforementioned photographs and videos would substantially assist Defendants in the preparation of their case and would enhance the progress of this matter. *See In re Grand Jury Investigation*, 55 F.3d at 354 (noting that access to materials could aid substantially in the state's preparation of its case, not only saving time and money, but also allowing more thorough discovery); *In re Grand Jury Subpoena Duces Tecum*, 904 F.2d at 468–69 (holding that IRS made a particularized showing that the information was pertinent to tax court litigation). The previously referenced photographs and videos are highly relevant and probative to defending against Plaintiffs' claims and would quicken the pace of discovery in this matter.

b. **The need for disclosure is greater than the need for continued secrecy. Additionally, a protective order will ensure that secrecy is preserved within the confines of the civil matter and that no disclosures are made to the general public.**

*See supra*, Section III.A.1.b regarding a motion for protective order regarding disclosures.

c. **Defendants request is structured to cover only material so needed.**

*See supra*, Section III.A.1.b regarding Defendants' narrowing of the requested disclosures by the January 14, 2016 letter to Linda Wasserman and this filing.

4. **Defendants do not seek any mental impressions, conclusions, opinions, legal theories, or law enforcement strategies.**

13

{01565485.DOCX;1}

Mr. Waldemer objected to the disclosure of "exhibits, files, documents or other writings prepared by prosecutors and investigators which reveal mental impressions, conclusions, opinions, legal theories, law enforcement strategies (including the strategy, preparation or presentation of materials to the grand jury)."  Doc. No. 42, p. 2.

As articulated previously, Defendants do not request the disclosure of such items:

- mental impressions of St. Louis County attorneys or staff;
- investigative procedures and/or techniques used by the St. Louis County Police Department or investigators;
- documents or records which would reveal deliberative processes of St. Louis County attorneys;
- documents or records which would reveal attorney-client privileged information;
- social security numbers;
- drafts, internal notes, memoranda, and internal correspondence (which do not contain witness identities, contact information, or statements); and
- grand jury identities, deliberations, or other confidential grand jury information.

**5.     If this Court finds that the subpoena duces tecum should have been directed to Judge Whittington instead of Mr. Waldemer, Defendants should be allowed the opportunity to amend their subpoena duces tecum to ensure proper service.**

Mr. Waldemer argues that "any claims of entitlement to grand jury information should be directed to Judge Whittington, the judge who presided over the special grand jury investigating Darren Wilson."  Doc. No. 47, p. 10.  At the same time, Mr. Waldemer notes that the "records of grand jury investigations are contained in nine boxes located in the Office of the Prosecuting Attorney."  Doc. No. 47, p. 8, fn. 10.

While Defendants believe that their subpoena was properly directed and served on Mr. Waldemer, Defendants assert that they should be able to amend their subpoena duces tecum to Judge Whittington should this Court find that Mr. Waldemer, as Custodian of Records for the St. Louis County Prosecuting Attorney's Office, was not the appropriate party for service.

{01565485.DOCX;1}

## IV.     CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny Dean Waldemer's

Motion to Quash (Doc. No. 41) and for such other and further relief as this Court deems just and

proper.

/s/ Peter J. Dunne

Peter J. Dunne   #31482
Robert T. Plunkert  #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson,
Missouri, Former Police Chief Thomas Jackson,
and Former Police Officer Darren Wilson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: plunkert@pspclaw.com

15

{01565485.DOCX;1}

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 21st day of January, 2016, to be served by operation of the Court's electronic filing system upon the following:

Anthony D. Gray
7710 Carondelet Ave., Suite 303
Clayton, Missouri 63105
agray@johnsongraylaw.com
Telephone: 314-385-9500
Fax: 314-594-2052
Attorney for Plaintiffs

Daryl D. Parks (pro hac vice)
Benjamin L. Crump (pro hac vice)
Jasmine O. Rand (pro hac vice)
240 North Magnolia Drive
Tallahassee, Florida 32301
dparks@parkscrump.com
bcrump@parkscrump.com
jasminerand@parkscrump.com
Telephone: 850-222-3333
Fax: 850-224-6679
Co-Counsel for Plaintiffs

Greg Kloeppel
9620 Lackland Road
St. Louis, Missouri 63114
gregkloeppel@kloeppellaw.com
Telephone: 314-423-8003
Fax: 314-423-8054
Co-Counsel for Defendant Darren Wilson

/s/ Peter J. Dunne

{01565485.DOCX;1}