**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL BROWN, SR., et.al, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:15-cv-00831-ERW |
| | ) |
| CITY OF FERGUSON, MISSOURI, et.al. | ) |
| | ) |
| Defendants. | ) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH A SUBPOENA DIRECTED TO THE ST. LOUIS COUNTY POLICE DEPARTMENT**

The St. Louis County Department of Police ("SLCPD") submits this reply memorandum in support of its motion to quash the subpoena commanding the SLCPD to produce un-redacted records and physical evidence regarding the investigation of *State of Missouri v. Darren Wilson*.

**INTRODUCTON**

In response to the subpoena, the SLCPD has produced the redacted investigative report, which is over 1,000 pages, and has agreed to produce redacted evidence receipts and a copy of the security videotapes obtained from the Ferguson Market. The SLCPD has also informed Defendants' attorney that it is willing to produce other physical evidence (such as crime scene photos) that can be produced without disclosing information that is likely to endanger the safety of witnesses, law enforcement personnel and their families. Thus, the main issue before the Court is whether the redacted information is protected by the law enforcement privilege, which has been incorporated into state and federal statutes, such as Section 610.100.3 of the Missouri Sunshine Law. *In re City of N.Y.*, 607 F. 3d 923,940-41 (2d Cir. 2010).

**ARGUMENT**

A.   **Safety of Witnesses, Officers and Families.**

The SLCPD has established through the affidavit of Chief Jon Belmar, ECF No. 69-2, and the affidavits of Prosecutor Kathi Alizadeh, ECF Nos. 41-4 and 56-1, that the redaction of names and other identifying information is necessary to protect the safety of witnesses, officers and families, including sources wishing to remain confidential.[1] While Defendants apparently believe that it is possible to fashion a protective order that would eliminate these dangers, Defendants fail to explain how this could be accomplished.  Instead, Defendants argue that they are hindered from suggesting how a protective order could eliminate the dangers because the SLCPD has failed to meet its burden to show that the information is protected by any privilege.  Defendants are wrong.  The SLCPD has met its burden to establish that disclosure of the redacted information would endanger lives and property and undermine the confidentiality of sources.  As discussed in more detail below, that showing is sufficient to establish the applicability of the law enforcement privilege, which has been incorporated into Section 610.100.3 of the Missouri Sunshine Law, and Defendants have not made any of the showings required to overcome the presumption against lifting the privilege.

B.      Section 610.100.3 of the Missouri Sunshine Law Applies to the Subpoena.

Defendants argue that Missouri's Sunshine Act is inapplicable to a federal subpoena.  In support, Defendants cite *State ex rel. Mo. State Bd. Of Pharmacy v. Admin. Hearing Comm'n*, 220 S.W. 3d 822, 826-27 (Mo. App. W.D. 2007) and *State v. Jackson*, 353 S.W. 3d 657, 661 (Mo. App. S.D.2011).  Both are inapposite.

In *State ex rel. Mo. State Bd. Of Pharmacy,* the Court of Appeals decided that personnel records of the investigator for the state's Board of Pharmacy were discoverable in an action brought by the Board to discipline a licensee's pharmacy license.  In reaching the conclusion that

---

[1] These same dangers are further shown by the Statement of Interest of the United States, ECF No. 67 and the Department of Justice Report, ECF No. 67-1.

the personnel records were discoverable, the Court of Appeals relied on language in Section 610.021(3) and (13) of the Sunshine Law,  which provides that "[e]xcept to the extent disclosure is otherwise required by law," a public governmental body is authorized to close certain personnel records.  If the SLCPD were relying on Section 610.021 as authority for redacting information that would endanger lives and property, this case might have some relevance here. However, the SLCPD is relying on Section 610.100.3.  Unlike Section 610.021, Section 610.100.3 does not contain the phrase "except to the extent disclosure is otherwise required by law."  Rather, Section 610.100.3 provides "Except as provided in subsections 4, 5, 6 and 7 of this section,[2]  if any portion of a record or document of a law enforcement officer of agency . . . contains information that is reasonably likely to pose a clear and present danger to the safety of any victim, witness, undercover officer, or other person . . . including records which would disclose the identity of a source wishing to remain confidential . . <u>that portion of the record shall be closed and shall be redacted from any record made available pursuant to this chapter.</u>" [Emphasis added]   The SLCPD has met its burden to show that this mandatory language applies to close the information that the SLCPD has redacted.

For the same reason, Defendants' reliance on *State v. Jackson* is also misplaced.  In that case, the Court of Appeals held that the criminal defendant was entitled to obtain, through discovery, a "resistance control form" that was in the police department's possession and contained the prior statement of the officer who was the state's primary witness.  The Springfield Police Department argued that the "resistance control form" was a personnel record that was closed pursuant to Section 610.021.  Here, the SLCPD has already produced the witness statements from the investigative file, after redacting them to remove the information that would

---

[2] Although subsection 5 of 610.100 provides a procedure for an interested party to bring an action in the circuit court to authorize disclosure of the information closed pursuant to Section 610.100, Defendants have not pursued any such action.

endanger witnesses, law enforcement officers and their families. As discussed above, this is mandated by Section 610.100.3, which is an entirely different section of the Sunshine Law than the section that authorizes closure of personnel records.

C. **The Redacted Information is Protected by the Law Enforcement Privilege.**

For the reasons stated in the Statement of Interest of the United States, ECF No. 67, which the SLCPD incorporated by reference in its motion to quash, the information identifying witnesses involved in the SLCPD and federal investigations is information within the scope of the law enforcement privilege. As noted in the Statement of Interest, the availability of the redacted investigative reports and transcripts means that the parties do not have a compelling need for information identifying the witnesses by name. Without such a need, the parties cannot overcome the presumption against lifting the law enforcement privilege that exists with respect to that information. As further noted in the Statement of Interest, the public interest in protecting the identities of the witnesses outweighs any need for the identities the parties may have, and disclosure pursuant to a protective order would provide no more than an illusion of protection from hacking, leaks and other dangers.

D. **Creation of a Privilege Log Should Not Be Required Unless Defendants are Ordered to Pay for the Staff Time Required.**

Defendants argue that the SLCPD is required to provide a privilege log displaying what documents, if any, should be protected from disclosure due to the work product doctrine or the attorney client privilege. Considering the huge volume of materials in the SLCPD investigative file, many hours of staff time would be required to go through every record to identify privileged records and list them on a log. After performing such a labor intensive review, it may be discovered that there are no privileged attorney client communications that are within the scope

4

of the subpoena directed to the SLCPD. If there are any such communications, they are probably not contained in the subpoenaed SLCPD investigative file. Moreover, the SLCPD's production of the redacted investigative report and evidence receipts means that the parties do not need to obtain any documents protected by the attorney client privilege or the work product privilege. The SLCPD will not burden the Court with further briefing on this issue, which has been fully briefed in the motions, affidavits, memorandums, objections and replies filed in this case by the Prosecuting Attorney [ECF Nos. 41, 42, 45, and 56]. If the Court would like the SLCPD to prepare a privilege log, Defendants should be ordered to pay for the staff time required to prepare it.

### E. Grand Jury Secrecy.

The SLCPD investigative file contains grand jury subpoenas and exhibits prepared for the grand jury. For the reasons stated in the motions, affidavits, memorandums, objections and replies filed in this case by the Prosecuting Attorney [ECF Nos. 41, 42, 45, and 56], these subpoenas and exhibits are protected by state and federal grand jury secrecy laws and the work product privilege.

### CONCLUSION

For the foregoing reasons, the Court should quash the subpoena.

> **PETER J. KRANE**
> **COUNTY COUNSELOR**
>
> /s/ Cynthia L. Hoemann
> Cynthia L. Hoemann, #28245
> Associate County Counselor
> choemann@stlouisco.com
> Linda S. Wasserman, #31569
> Assistant County Counselor
> lwasserman@stlouisco.com
> 41 South Central Avenue
> Clayton, Missouri 63105

>                                    (314) 615-7042
>                                    Fax: (314) 615-3732
>                                    Attorneys for Movant St. Louis County
>                                    Police Department

## CERTIFICATE OF SERVICE

      I certify that the foregoing was filed with the Eastern District of Missouri Document Filing System CM/ECF which sent notification of such filing to all attorneys of record in this case.

>                                    /s/ Cynthia L. Hoemann