UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, SR., AND LESLEY McSPADDEN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Cause No: 4:15-cv-00831-ERW<br>)<br>) |
| CITY OF FERGUSON, MISSOURI, FORMER POLICE CHIEF THOMAS JACKSON, AND FORMER POLICE OFFICER DARREN WILSON, | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## *DEFENDANTS' PROPOSED PROTECTIVE ORDER*

Pursuant to the April 20, 2016 bench ruling of this Court, denying the Motions To Quash (Doc. No. 41 and 69) of the Office of the St. Louis County Prosecuting Attorney and the St. Louis County Police Department ("Movants"), this Court hereby orders Movants to produce certain materials referenced below, to the extent these documents are in their possession, and not owned by the Federal Government, with the below terms, restrictions, and conditions pursuant to Federal Rule of Civil Procedure 26(c):

A. A complete un-redacted copy of the grand jury transcripts;

B. A complete list of the names of grand jury witnesses;

C. Un-redacted transcripts of witness interviews and written statements obtained by the St. Louis County Police Department.

D. Transcripts of audio recordings, or audio clips if not transcribed;

E. Transcripts of cell phone audios produced by witnesses;

F. Non-demonstrative grand jury exhibits, which are found by the Court to be neither privileged nor protected under the work product doctrine, after a privilege log is presented to this Court by the Prosecuting Attorney;

G. Videos and photographs, including autopsy and scene photographs;

H. Investigative reports prepared by the St. Louis County Police Department, which will be un-redacted as to witness and law enforcement personnel names, but redacted as to any information contained in the report which references law enforcement techniques or procedures. A completely un-redacted copy of the investigative report shall be filed in camera and under seal with the Court for assessment of the validity of the redaction.

I. All investigative materials, files, documents, reports, evidence, and statements prepared by the St. Louis County Police Department in their investigation with the exception of actual audio recordings of interviews.

J. Un-redacted investigative reports prepared by the St. Louis County Police Department, the FBI or any other law enforcement agency in connection with the investigation or grand jury proceedings;

K. All investigative materials, files, documents, reports, evidence, videos, audio recordings of interviews or statements, prepared by the FBI in their investigation and provided to the St. Louis County Prosecutor's Office;

L. Any and all investigative materials, files, documents, reports, evidence, videos, audio recordings of interviews or statements, prepared by the United States Attorney's Office in their investigation and provided to the St. Louis County Prosecuting Attorney's Office; and

M.  Any and all investigative materials, files, documents, reports, evidence, and statements, prepared by the Department of Justice Civil Right Divisions in their investigation and provided to the St. Louis County Prosecuting Attorney's Office or to the St. Louis County Police Department.

## **PROTECTIVE ORDER**

In order to protect the personal, confidential, and/or private information of grand jury witnesses and/or law enforcement personnel who testified and/or performed police investigation in Cause No. 14SL-MC15812, *In the Matter Of The Grand Jury Investigation Of The Incident Of 8/9/2014*, in St. Louis County Circuit Court, and also to protect the next of kin of the aforesaid witnesses and members of law enforcement, this Protective Order shall govern the disclosure of such information during the course of *Brown, et. al. v. City of Ferguson, et. al.,* Cause No. 4:15-cv-00831-ERW (the "Litigation") as follows:

1. **Confidential Information**. "Confidential Information" shall include any materials and information, in any form, which this Court has ordered to be disclosed (not previously disclosed) – expressly including, but not limited to, the names of witnesses and their family members, work and home addresses of witnesses and their families, telephone numbers, places of employment, social security numbers, and photographic images of witnesses or St. Louis County law enforcement personnel in crime scene or autopsy photos.  In addition, any identifiable audio or video recordings of witnesses and/or law enforcement personnel, which were not ordered by this Court, but which may be obtained by either party to the Litigation, shall be confidential information subject to this Order. Any confidential documents, information or other materials shall be used solely for the purpose of prosecuting and defending the Litigation.  All items disclosed pursuant to this

Order shall be marked with the designation "CONFIDENTIAL INFORMATION." Any portion of a deposition or transcript including a discussion of a document previously designated as "CONFIDENTIAL INFORMATION" shall automatically be considered designated with the same treatment as the underlying document without further designation.

2. **Discovery Materials.** Any documents containing confidential information, including answers to interrogatories, responses to requests for admission, deposition, testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoena in this Litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), shall be designated with a stamp denoting "CONFIDENTIAL INFORMATION" by a producing party or non-party under this Protective Order, and both names and identifying information of witnesses and/or law enforcement personnel shall be fully redacted. A designated witness number, corresponding to the number assigned by the St. Louis County Prosecuting Attorney in the grand jury proceedings, shall be affixed to the document, in lieu of the name. In the event a member of law enforcement did not testify before the grand jury but is a deponent or witness in the Litigation, a witness number shall be assigned in lieu of that individual's name. In the event a lay witness did not testify in the grand jury proceedings but was interviewed during the investigation, a witness number shall be assigned in lieu of that individual's name.

Counsel for the parties shall not disclose the name(s) or any other identifying information of witnesses and/or law enforcement personnel, to any other person, and shall be strictly bound by the terms of this Order.

3. **Depositions.** All depositions of grand jury witnesses and/or law enforcement personnel shall be conducted in Courtroom 17 South of the United States Eastern District Court and recorded and transcribed by the federal court reporter assigned to Judge Richard Webber's courtroom. The court reporter transcribing depositions shall be given a copy of this Protective Order and required to sign this Protective Order or an addendum, which shall act as consent to the jurisdiction and contempt/sanction powers of this Court. Attendance at depositions shall be limited to the witness, his/her attorney, the parties' attorneys, and the court reporter.

The Notices of Deposition shall be redacted of all identifying information and a Witness Number, corresponding to the number assigned by the St. Louis County PA in the grand jury proceedings, shall be affixed to the document, in lieu of the name. Should any party seek to file the subpoena, it should similarly be redacted of all identifying information. In the event a member of law enforcement did not testify before the grand jury but is a deponent or witness in the Litigation, a witness number shall be assigned in lieu of that individual's name. In the event a lay witness did not testify in the grand jury proceedings but was interviewed during the investigation, a witness number shall be assigned in lieu of that individual's name. Movants St. Louis County PA and St. Louis County PD reserve the right to object to any and all depositions consistent with those rights typically available to a non-party deponent, and to particular questions posited during deposition,

pursuant to the Federal Rules of Civil Procedure, and to bring to the Court's attention that any particular deposition does not properly serve the interests of justice.

All scheduling of depositions of present and former employees of St. Louis County shall be effectuated solely by and though the St. Louis County Counselor's Office. In the event that counsel for St. Louis County gives written verification that a witness/employee is not capable of being produced, service of subpoena shall be accomplished according to Paragraph 4 below. All depositions of current and former federal law enforcement personnel shall be arranged by consultation with counsel for the Federal Government. Should the parties or St. Louis County come to a disagreement after meeting (by phone or in person) in good faith to resolve the dispute, the parties or St. Louis County may seek appropriate relief with this court.

There shall be no electronic transmission of un-redacted deposition transcripts. All deposition transcripts shall be mailed via the United States Mail, postage prepaid, only to the lead attorney for each party and only in hard copy form. Access to and discussion of Confidential Information is limited to the attorneys and staff identified in the addendum filed herein under seal, the parties to this lawsuit, and under no circumstances shall disclosure of identifying information of witnesses or law enforcement personnel be made to any other person.

4. **Service of Subpoenas For Deposition and Trial.** Service of all subpoenas shall be by a special process server approved by this Court;

   A. The special process server may also serve as an investigator for the respective parties;
   B. The special process server may only recreate confidential information on a return of service or an affidavit with respect to the same;

C. A special process server may only recreate confidential information with respect to communications to the retaining attorney, and shall not disclose confidential information to any other person or entity;
D. The special process server shall sign a copy of this protective order, which shall signify consent to the jurisdiction and contempt/sanction powers of this Court; and
E. The special process server shall promptly return all documents evidencing Confidential Information to the attorney for the party requesting the subpoena and shall not retain any confidential information after service is accomplished.

5. **Disclosure and Treatment of Confidential Information.** Confidential Information shall be disclosed to attorneys and staff identified in the addendum filed herein under seal, and the parties to this lawsuit the attorneys of record as of the date of this Protective Order (subsequent entries require motion to be added to this list of attorneys to receive such information). Individuals employed by or assisting counsel in preparation for, or at the trial of, this matter, including experts retained by Plaintiff and Defendants, shall have no access whatsoever to Confidential Information which identifies, in any manner, witnesses and/or law enforcement personnel.

The Confidential Information produced by the Prosecuting Attorney and the St. Louis County Police Department shall be kept under lock and key in the St. Louis offices of the respective counsel for the parties, and marked clearly "CONFIDENTIAL FOR ATTORNEY ACCESS ONLY." These individuals shall be deemed bound by the terms of this Order upon its entry by the Court

At the conclusion of sixty (60) days following the running of any applicable time to appeal the final order entered in this Litigation, all originals of confidential documents and materials subject to the Protective Order, which were furnished by the St. Louis County Prosecutor's Office and/or the St. Louis County Police Department, shall be returned to the Office of the St. Louis County Counselor with a letter from both counsel

for Plaintiffs and Defendants that all materials have been returned, but only after a specific request by the Office of the St. Louis County Counselor.

Counsel for the respective parties shall advise all employees and associates that such person or firm may not view or divulge any confidential information in violation of this Protective Order. All witnesses shall be given a witness number and the names of witnesses shall either be redacted from all court filings or filed only under seal in un-redacted form.

Un-redacted documents and materials shall not be stored electronically. There shall be no electronic transmission, in any form, of material containing witness- identifying information. Confidential Information reviewed in camera shall be hand-delivered to the Court. Exchanges made to any special process server must be by an attorney of record as of the date of this Protective Order directly to said process server by hand.

6. **Investigators**. Each party shall be limited to one investigator, who shall be identified to the court in a sealed document. Investigators shall have as their primary goal to protect witnesses from harassment, intimidation and retaliation. To achieve these objectives, the investigators shall maintain the investigation in strictest confidence and shall be given a copy of this Protective Order and required to sign this Protective Order, which shall act as a consent to the jurisdiction and contempt/sanction powers of this Court. At the conclusion of the Litigation, investigators shall return all confidential information, which is in tangible form (e.g. summons forms and other investigative documents) to the attorney for the party retaining said investigator.

7. **Grand Juror Identifying Information.** Disclosure of identifying information pertaining to any grand juror is prohibited. Counsel for the parties, or their agents, shall not contact

any grand juror or inquire at any time of any witness regarding the deliberative process of the grand jury or individual grand jurors.

8. **Court Appearances/Trial.**  In the event the parties call witnesses discussed herein to appear in court to testify or for any other reason, the parties and movants shall discuss additional protections regarding the safety and privacy of said individuals.  Due to the public nature of a trial, the parties during the in camera pretrial conference will discuss additional protections regarding the safety and privacy of said individuals, and counsel for movants shall be given notice of and included in these discussions at the pretrial conference.  Protections shall include designating the witness by a witness number for the purposes of the record, which will be further discussed at the pre-trial conference.

9. **Copies Prohibited.** "Confidential Information" shall not be copied or reproduced. Originals only of all disclosed material may be used at trial.  St. Louis County shall bate stamp the document production and retain the unstamped originals.

10. **Experts**.   Expert witnesses are not to be provided identifying information for witnesses and/or law enforcement unless any identifying information is gathered by a source other than St. Louis County.  However, if non-identifying Confidential Information (e.g. a photograph) is disclosed to an expert or consultant, the attorney disclosing such information must first (i) advise the recipient such information is "Confidential Information" and may only be used in connection with this action; (ii) provide the recipient with a copy of this Order; and (iii) obtain a copy of this Protective Order signed by the expert. Expert witnesses shall refer to witnesses solely by number, and only to the extent necessary to form opinions regarding this matter.

11. **Use of Confidential Information in Court Filings.** In the event that any document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion deposition transcript or other paper filed with the Clerk of any Court, counsel for Plaintiffs and Defendants will first contact the St. Louis County Counselor's Office to determine whether the information should be sealed prior to filing; if so, such protected information shall be held under seal if necessary to prevent disclosure to non-parties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and/or information, unless the Court orders otherwise upon good cause shown.

In the event the parties disagree with the designation of any of the documents or information contained therein as confidential, counsel shall send a written notice to the St. Louis County Counselor's Office specifying the documents or information in questions. If the parties cannot agree regarding the status of the identified documents or information, then no later than forty-five (45) days after receiving a written notice specifying the document or information in question, the St. Louis County Counselor's Office shall file a Motion To Preserve Protected Status. The information and documents shall continue to be protected until further order of this Court pursuant to hearing.

12. **Reservation of Rights and Privileges.** This Order does not constitute a waiver of any claim of attorney work-product protection that might exist with respect to any documents or materials referred to in any privilege log presented by the Prosecuting Attorney to this Court.

This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials, other than those specifically ordered to be disclosed by this Court,

10

{01638741.DOCX;1}

on any ground permitted by the Federal Rules of Civil Procedure, or any other applicable federal law, including any applicable common law or Executive privileges. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

Nothing in this Order shall prejudice the right of any party or movant to request that the Court to broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of or relief from any provision of this Order upon due notice to all other parties and affected non-parties.

13. **Nondisclosure.** Nothing in this Order shall be construed to include disclosure of the following materials:

    A. Mental impressions of St. Louis County or Federal Government attorneys or staff which are generated by St. Louis County Prosecuting Attorney, Assistant Prosecuting Attorneys or United States Attorneys;
    B. Documents or records which would reveal deliberative processes of St. Louis County attorneys or United States Attorneys and which are generated by the St. Louis County Prosecutor's Office or counsel for the Federal Government;
    C. Drafts, internal notes, memoranda, and internal correspondence between prosecutors (which do not contain witness identities, contact information, or statements);
    D. Grand jury member identities;
    E. Exhibits used by the Prosecutor during the grand jury proceedings, which are determined by this Court to be privileged and/or protected;
    F. Grand jury member deliberation information; and
    G. Documents and other materials owned by the Federal Government.

14. **Withholding.** Any documents withheld pursuant to paragraph 14.a., 14.b., 14.e., and 14.g., above, must be submitted to the court under seal and in camera. A memorandum explaining the nature of each objection should be submitted to the parties and with the materials to allow the Court and the parties to fully assess the validity of such nondisclosures:

SO ORDERED.

_____
Judge

_____
Date

{01638741.DOCX;1}