IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, SR., et. al, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:15-cv-00831-ERW |
| | ) | |
| CITY OF FERGUSON, MISSOURI, et.al. | ) | |
| | ) | |
| Defendants. | ) | |

**PROTECTIVE ORDER**

Pursuant to the April 20, 2016 bench ruling of this Court, denying the Motions To Quash (Doc. No. 41 and 69) of the Office of the St. Louis County Prosecuting Attorney and the St. Louis County Police Department ("Movants"), this Court hereby orders Movants to produce certain materials referenced below, associated with the shooting death of Michael Brown, to the extent these documents are in their possession, and not owned by the Federal Government, with the below terms, restrictions, and conditions pursuant to Federal Rule of Civil Procedure 26(c):

    A.  A complete un-redacted copy of the grand jury transcripts;

    B.  A complete list of the names of grand jury witnesses;

    C.  Un-redacted transcripts of witness interviews and written statements obtained by the St. Louis County Police Department;

    D.  Transcripts of audio recordings played to the grand jury;

    E.  Transcripts of cell phone audios produced by witnesses;

    F.  Non-demonstrative grand jury exhibits, which are found by the Court to be neither privileged nor protected under the work product doctrine, after a privilege log is presented to this Court by the Prosecuting Attorney;

  G. Autopsy and scene photographs not previously disclosed;

  H. Investigative reports prepared by the St. Louis County Police Department, which will be un-redacted as to witness and law enforcement personnel names, but redacted as to any information contained in the report which references law enforcement techniques or procedures. A completely un-redacted copy of the investigative report shall be filed in camera and under seal with the Court for assessment of the validity of the redaction.

## **PROTECTIVE ORDER**

  In order to protect the personal, confidential, and/or private information of individuals who testified before the grand jury and/or provided information to federal and local authorities, and/or federal and local law enforcement personnel who testified and/or investigated in Cause No. 14SL-MC15812, *In the Matter Of The Grand Jury Investigation Of The Incident Of 8/9/2014*, in St. Louis County Circuit Court, and also to protect the next of kin of the aforesaid witnesses and law enforcement personnel, this Protective Order shall govern the disclosure of such information during the course of *Brown, et. al. v. City of Ferguson, et. al.,* Cause No. 4:15-cv-00831-ERW (the "Litigation") as follows:

  1. **Confidential Information**. "Confidential Information" shall include any materials and information, in any form, which this Court has ordered to be disclosed – expressly including, but not limited to, the names of individuals associated with the local and federal criminal investigations and their family members, work and home addresses of witnesses and their families, telephone numbers, places of employment, social security numbers, and photographic images of witnesses or St. Louis County law enforcement personnel in crime scene or autopsy photos. In addition, any identifiable audio or video recordings of witnesses and/or local and federal law enforcement personnel, which were not ordered by this Court, but which may be

obtained by either party to the Litigation, shall be Confidential Information subject to this Order. Any Confidential Information shall be used solely for the purpose of prosecuting and defending the Litigation. All items disclosed pursuant to this Order shall be marked with the designation "CONFIDENTIAL INFORMATION." Any discussion in a deposition or transcript of a document previously designated as "CONFIDENTIAL INFORMATION" shall automatically be considered designated with the same treatment as the underlying document without further designation.

2. **Discovery Materials.** Any documents, answers to interrogatories, responses to requests for admission, deposition, testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoena in this Litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), to the extent any Confidential Information is incorporated therein shall be designated with a stamp denoting "CONFIDENTIAL INFORMATION" by a producing party or non-party under this Protective Order, and both names and identifying information of witnesses and/or law enforcement personnel shall be fully redacted. A designated witness number, corresponding to the number assigned by the St. Louis County Prosecuting Attorney in the grand jury proceedings, shall be affixed to the document, in lieu of the name. In the event a member of law enforcement did not testify before the grand jury but is a deponent or witness in the Litigation, a witness number shall be assigned in lieu of that individual's name.

No person shall disclose the name(s) or any other identifying information of witnesses and/or law enforcement personnel, to any other person, except as otherwise provided in this order, and each person shall be strictly bound by the terms of this Order.

3

3. **Depositions.** All depositions of grand jury witnesses and/or local law enforcement personnel shall be conducted in Courtroom 17 South of the United States Eastern District Court and recorded and transcribed by the federal court reporter assigned to Judge Richard Webber's courtroom. Should the Court not be able to provide the court reporter,[1] the parties shall agree on a court reporter and shall disclose the name of the individual to the Court. The court reporter transcribing depositions shall be given a copy of this Protective Order and required to sign this Protective Order or an addendum, which shall act as consent to the jurisdiction and contempt/sanction powers of this Court.  Attendance at depositions shall be limited to the witness, his/her attorney, the parties' attorneys, the staff members identified in paragraph six, and the court reporter. The plaintiffs and defendants shall not be permitted to attend the depositions of witnesses other than their depositions. The costs of depositions and the court reporter shall be borne by the parties.

The determination of whether the parties will be permitted to take a video of a witness's deposition will be made on a case-by-case basis by the Court after the parties have made the request, in writing, and under seal. St. Louis County will be given the opportunity to respond to the parties' request. Should the video deposition be allowed by the Court, the parties and St. Louis County will agree on a videographer. This individual's name will be disclosed to the Court and will appear before the Court to take the oath agreeing to the conditions outlined in this Order prior to any deposition.

The Notices of Deposition shall be redacted of all information identifying a person and a Witness Number, corresponding to the number assigned by the St. Louis County PA in the grand jury proceedings, shall be affixed to the document, in lieu of the name. In the event a member of

---

[1] Currently, the Clerk of the Court is attempting to determine if a federal court reporter is permitted to take private depositions.

4

law enforcement did not testify before the grand jury but is a deponent or witness in the Litigation, a witness number shall be assigned in lieu of that individual's name. Movants St. Louis County PA and St. Louis County PD reserve the right to object to any and all depositions, and to particular questions posited during deposition, pursuant to the Federal Rules of Civil Procedure, and to bring to the Court's attention that any particular deposition does not properly serve the interests of justice.

Subpoenas for Deposition shall include the name and address of the witness. Subpoenas shall not be disclosed to anyone besides the attorneys, special process server permitted to access Confidential Information under this Order and the witness identified in the subpoena. Home addresses and names of witnesses shall be disclosed for the purpose of issuing subpoenas for depositions. These addresses and names shall not be disclosed to anyone but the attorneys and special process server. If the parties are unable to locate a witness based on the information provided by St. Louis County and need to take further steps to locate a witness, such as using an electronic database, the parties will make a request with the Court. If the requested steps to locate a witness are permitted by the Court, additional procedures and protections will be implemented by the Court after discussion among the parties and St. Louis County as to the extent of the procedures and protections needed.

All scheduling of depositions of present and former employees of St. Louis County shall be effectuated solely by and though the St. Louis County Counselor's Office. In the event that counsel for St. Louis County gives written verification that a witness/employee is not capable of being produced, service of subpoena shall be accomplished according to Paragraph 4 below. All depositions of current and former federal law enforcement personnel shall be arranged by consultation with counsel for the Federal Government.

5

There shall be no electronic transmission of un-redacted deposition transcripts. All deposition transcripts shall be mailed via the United States Mail, postage prepaid, only to the lead attorney for each party and only in hard copy form.  Access to and discussion of un-redacted deposition transcripts is limited to the two attorneys for each party, and the staff members identified in paragraph six, and under no circumstances shall disclosure of identifying information of witnesses or law enforcement personnel be made to any other person.

4. **Service of Subpoenas for Deposition and Trial.**  Service of all subpoenas shall be by a special process server approved by this Court;

   a. The special process server may also serve as an investigator for the respective parties.

   b. The special process server may only state Confidential Information on a subpoena and a return of service or an affidavit and the aforesaid subpoena, return of service and/or service affidavit shall not be disclosed except to counsel for the parties and this Court;

   c. A special process server may only state Confidential Information with respect to communications to the retaining attorney and staff members identified in paragraph six, and shall not disclose confidential information to any other person or entity;

   d. The special process server shall sign a copy of this protective order, which shall signify consent to the jurisdiction and contempt/sanction powers of this Court.

   e. The special process server shall promptly return all documents evidencing Confidential Information to the attorney for the party requesting the subpoena and shall not retain any confidential information after service is accomplished.

5. **Disclosure and Treatment of Confidential Information.**  Confidential Information that identifies, in any manner, witnesses and/or law enforcement personnel shall be disclosed to only two attorneys for each side – i.e. one lead attorney and one co-counsel on each side (for Plaintiffs – Anthony Gray and Jasmine Rand, and for Defendants - Peter Dunne and Robert Plunkert), and the staff members identified in paragraph six.  Individuals employed by or

6

assisting counsel in preparation for, or at the trial of, this matter, including experts retained by Plaintiff and Defendants, shall have no access whatsoever to Confidential Information which identifies, in any manner, witnesses and/or law enforcement personnel.  Additionally, the individual Plaintiffs and Defendants shall have no access whatsoever to Confidential Information, which identifies, in any manner, witnesses and/or law enforcement personnel. Should the attorneys determine disclosure of certain Confidential Information to the individual Plaintiffs and Defendants is needed, the request for disclosure shall be made to the Court. St. Louis County will be permitted to respond to the request made to the Court.

The Confidential Information produced by the Prosecuting Attorney and the St. Louis County Police Department shall be kept under lock and key in the St. Louis offices of the respective counsel for the parties, and marked clearly "CONFIDENTIAL FOR ATTORNEY ACCESS ONLY."  The designated counsel for each party shall be deemed bound by the terms of this Order upon its entry by the Court and shall execute this Protective Order or an addendum stating that they agree to be bound by the terms of this Protective Order.  All Confidential Information also designated "CONFIDENTIAL FOR ATTORNEY ACCESS ONLY" shall be kept under continuous control of counsel (described above) to whom the same is produced.

The attorneys named in this order are permitted to take handwritten notes when reviewing Confidential Information. Any handwritten notes created by the attorneys will be treated as Confidential Information, must be kept under lock and key, and are included under this Protective Order. If an attorney's handwritten notes contain the names or addresses of any witnesses, only the attorney shall have access to those notes.

At the conclusion of sixty (60) days following the running of any applicable time to appeal the final order entered in this Litigation, all originals of confidential documents and

materials subject to the Protective Order, which were furnished by the St. Louis County Prosecutor's Office and/or the St. Louis County Police Department, shall be returned to the Office of the St. Louis County Counselor with a letter from both counsel for Plaintiffs and Defendants that all materials have been returned and no copies have been retained by such counsel, staff members, or any other person known to such counsel. Any handwritten notes created by the attorneys regarding Confidential Information shall be destroyed at the same time as the original materials are returned.

Counsel for the respective parties shall advise all employees and associates that such person or firm may not view or divulge any Confidential Information in violation of this Protective Order.  All witnesses shall be given a witness number and the names of witnesses shall either be redacted from all court filings or filed only under seal in un-redacted form.

Un-redacted documents and materials shall not be stored electronically. There shall be no electronic transmission, in any form, of material containing identifying information of witnesses or law enforcement personnel.  Confidential Information reviewed in camera shall be hand-delivered to the Court.

6. **Attorney Staff**.  Plaintiffs' two named attorneys may identify the name of two staff persons who shall, at the direction of either one of the two attorneys, have access to the confidential information, only for the purpose of aiding the attorneys in case preparation. The name of these staff persons shall be disclosed to the Court and the other party, and the individuals must sign the attached addendum.

Defendants' two named attorneys may identify the name of two staff persons who shall, at the direction of either one of the two attorneys, have access to the confidential information, only for the purpose of aiding the attorneys in case preparation. The name of that staff person

shall be disclosed to the Court and the other party, and the individuals must sign the attached addendum.

7.   **Investigators**. Each party shall be limited to one investigator, who shall be identified to the court in a sealed document. Investigators shall have as their primary goal to protect witnesses from harassment, intimidation and retaliation. To achieve these objectives, the investigators shall maintain the investigation in strictest confidence and shall be given a copy of this Protective Order and required to sign this Protective Order or an addendum, which shall act as a consent to the jurisdiction and contempt/sanction powers of this Court. At the conclusion of the Litigation, investigators shall return all Confidential Information, which is in tangible form (e.g. summons forms and other investigative documents) to the attorney for the party employing said investigator.

8.   **Grand Juror Identifying Information.** Disclosure of identifying information pertaining to any grand juror is prohibited. Counsel for the parties, or their agents, shall not contact any grand juror or inquire at any time of any witness regarding the deliberative process of the grand jury or individual grand jurors.

9.   **Court Appearances/Trial.** In the event the parties call witnesses discussed herein to appear in court to testify or for any other reason, the parties and Movants shall discuss additional protections regarding the safety and privacy of said individuals. Due to the public nature of a trial, the parties during the in camera pretrial conference will discuss additional protections regarding the safety and privacy of said individuals, and counsel for Movants shall be given notice of and included in these discussions at the pretrial conference. Protections shall include designating the witness by a witness number for the purposes of the record, which will be further discussed at the pre-trial conference. The process for conducting voir dire and

disclosure of witness names during voir dire must be raised prior to the pre-trial conference and will be approved by the Court at the pre-trial conference.

Prior to trial, the parties shall stipulate to the authenticity of confidential records to be used at trial, including the accuracy of transcriptions of witness recordings so as to avoid issuing subpoenas to St. Louis County custodians of business records.

10. **Copies Prohibited.** Confidential Information shall not be copied or reproduced unless needed for a submission to the Court under seal. The parties must file a request with the Court to make copies or reproduce the Confidential Information if needed for other purposes. Originals only of all disclosed material may be used at trial and Bates-stamped accordingly.

11. **Experts**. Expert witnesses are not to be provided identifying information for witnesses and/or law enforcement personnel under any circumstances without prior court approval. However, if non-identifying Confidential Information (e.g. a photograph) is disclosed to an expert or consultant, the attorney disclosing such information must first (i) advise the recipient such information is Confidential Information and may only be used in connection with the Litigation; (ii) provide the recipient with a copy of this Order; and (iii) obtain a signed addendum of this Protective Order from the expert. Expert witnesses shall refer to witnesses solely by number, and only to the extent necessary to form opinions regarding this matter.

12. **Use of Confidential Information in Court Filings.** In the event any Confidential Information is included with, or the contents thereof are in any way to be disclosed, in any pleading, motion, deposition, transcript, or other paper filed with the Clerk of any Court, counsel for Plaintiffs and Defendants will first contact the St. Louis County Counselor's Office to determine whether the information should be sealed prior to filing; if so, such protected information shall be held under seal if necessary to prevent disclosure to non-parties, or

otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and/or information, unless the Court orders otherwise upon good cause shown.

In the event the parties disagree with the designation of any of the documents or information contained therein as Confidential Information, counsel shall send a written notice to the St. Louis County Counselor's Office specifying the documents or information in questions. If the parties cannot agree regarding the status of the identified documents or information, then no later than ten (10) days after receiving a written notice specifying the document or information in question, the St. Louis County Counselor's Office shall file a Motion To Preserve Protected Status. The information and documents shall continue to be protected until further order of this Court pursuant to hearing.

13. **Reservation of Rights and Privileges.** This Order does not constitute a waiver of any claim of attorney work-product protection that might exist with respect to any documents or materials referred to in any privilege log presented by the Prosecuting Attorney to this Court.

This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials, other than those specifically ordered to be disclosed by this Court, on any ground permitted by the Federal Rules of Civil Procedure, or any other applicable federal law, including any applicable common law or Executive privileges. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

Nothing in this Order shall prejudice the right of any party or movant to request that the Court broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of or relief from any provision of this Order upon due notice to all other parties and affected non-parties.

14. **Nondisclosure.** Nothing in this Order shall be construed to require disclosure of the following materials:

    a. Mental impressions of St. Louis County or Federal Government attorneys or staff which are generated by St. Louis County Prosecuting Attorney, Assistant Prosecuting Attorneys or Federal Government attorneys;

    b. Documents or records which would reveal deliberative processes of St. Louis County attorneys or Federal Government attorneys and which are generated by the St. Louis County Prosecutor's Office or counsel for the Federal Government;

    c. Social security numbers, home or cell phone numbers;

    d. Drafts, internal notes, memoranda, and internal correspondence between prosecutors for St. Louis County and/or the Federal Government attorneys (which do not contain witness identities, contact information, or statements);

    e. Grand jury member identities;

    f. Exhibits used by the Prosecutor during the grand jury proceedings, which are determined by this Court to be privileged and/or protected;

    g. Grand jury member deliberation information; and

    h. Documents and other materials owned by the Federal Government.

If documents protected under this paragraph were shared by St. Louis County or the Federal Government to anyone outside of St. Louis County or the Federal Government, and St. Louis County objects to disclosure of the information to the parties in this matter, St. Louis County shall produce the information to the Court, under seal and in camera, for a determination if waiver of a privilege has occurred. If St. Louis County decides not to disclose documents or other materials owned by the Federal Government, St. Louis County shall produce the material,

under seal and in camera, to this Court, for a determination of ownership or any other privilege preventing disclosure of the material.

15. The names of individuals, other than attorneys identified herein, permitted to access Confidential Information pursuant to this Order shall be filed with the Court, under seal. Each person to be given access to Confidential Information shall appear before this Court and take and sign an oath not to disclose Confidential Information and to follow the protections listed in this Order. The Court will inform the individuals violations of this Order will result in a contempt citation and possible incarceration. The attorneys for the parties, or appropriate staff members, shall arrange with the Court a time for the individuals to appear before the Court. All persons need not appear contemporaneously. Under no circumstance shall disclosure of Confidential Information be permitted to an individual prior to taking the oath before this Court. SO ORDERED.

*[signature]*

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

June 6, 2016_____
Date

## **ADDENDUM TO PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

1. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Protective Order for Confidential Information entered in this action.

4. I have read and understand the provisions of the Protective Order and agree to be bound by it.

5. I consent to the jurisdiction and contempt/sanction powers of this Court.

6. I agree that I will return all Confidential Information disclosed to me during the course of the proceedings to counsel for the party by whom I am retained upon the termination of the proceedings or the request of said counsel.

Dated: _____    _____
                                                                                  (Signature)