IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, SR., et.al, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 4:15-cv-00831-ERW |
| CITY OF FERGUSON, MISSOURI, et.al. | ) |
| Defendants. | ) |

**RESPONSE OF THE OFFICE OF THE ST. LOUIS COUNTY PROSECUTING ATTORNEY AND THE ST. LOUIS COUNTY POLICE DEPARTMENT TO PLAINTIFFS' MOTION TO AMEND PROTECTIVE ORDER**

The Office of the St. Louis County Prosecuting Attorney ("Prosecuting Attorney") and the St. Louis County Department of Police ("SLCPD") submit this response to Plaintiffs' Motion to Amend Protective Order [Doc. No. 116].

**INTRODUCTON**

On April 20, 2016, this Court entered its order requiring disclosure of confidential grand jury and SLCPD materials, including, among other things, the identities of witnesses and law enforcement personnel. While expressing concern for the safety of witnesses and officers who testified or investigated the shooting of Michael Brown, the Court balanced the interests for nondisclosure against the need for parties in this case to claimed privileged information and ruled in favor of disclosure. Excerpt of Ruling from Motion Hearing, April 20, 2016, at p. 12.

After considering proposed orders, this Court entered a Protective Order [Doc. No. 105] designed to protect the safety and privacy of witnesses and law enforcement personnel by limiting the number of persons who are allowed to possess this highly sensitive information and imposing other safeguards. To that end, paragraph 5 of the Protective Order provides, in

relevant part:

> Confidential Information that identifies, in any manner, witnesses and/or law enforcement personnel shall be disclosed to only two attorneys for each side – i.e. one lead attorney and one co-counsel on each side (for Plaintiffs – Anthony Gray and Jasmine Rand, and for Defendants – Peter Dunne and Robert Plunkert), and the staff members identified in paragraph six.  Individuals employed by or assisting counsel in preparation for, or at the trial of, this matter, including experts retained by Plaintiff and Defendants, shall have no access whatsoever to Confidential Information which identifies, in any manner, witnesses and/or law enforcement personnel. Additionally, the individual Plaintiffs and Defendants shall have no access whatsoever to Confidential Information, which identified, in any manner, witnesses and/or law enforcement personnel.  Should the attorneys determine disclosure of certain Confidential Information to the individual Plaintiffs and Defendants is needed, the request for disclosure shall be made to the Court.  St. Louis County will be permitted to respond to the request made to the Court.
>
> The Confidential Information produced by the Prosecuting Attorney and the St. Louis County Police Department shall be kept under lock and key in the St. Louis offices of the respective counsel for the parties, and marked clearly "CONFIDENTIAL FOR ATTORNEY ACCESS ONLY."  The designated counsel for each part shall be deemed bound by the terms of this Order upon its entry by the Court and shall executive this Protective Order or an addendum stating that they agree to be bound by the terms of this Protective Order. All Confidential Information also designated "CONFIDENTIAL FOR ATTORNEYACCESS ONLY" shall be kept under continuous control of counsel (described above) to whom the same is produced.
>
> The attorneys named in this order are permitted to take handwritten notes when reviewing Confidential Information.  Any handwritten notes created by the attorneys will be treated as Confidential Information, must be kept under lock and key, and are included under this Protective Order.  If an attorney's handwritten notes contain the names or addresses of any witnesses, only the attorney shall have access to those notes.

In their Motion to Amend Protective Order [Doc. No. 116], Plaintiffs now seek to amend paragraph 5 to add three additional lead attorneys (Daryl Parks, Benjamin Crump and Ronald Sullivan) who will have access to Confidential Information that identifies witnesses and/or law enforcement personnel. In addition, Plaintiffs request addition of a paragraph regarding creation of redacted versions of any document that a party needs to produce to a deponent, expert, for use

in mediation, or for any other permissible purpose.

## ARGUMENT

Plaintiffs' motion should be denied.

Plaintiffs argue that the current Protective Order effectively denies Plaintiff Lesley McSpadden ("McSpadden") from assistance of counsel and unduly interferes with the ability of Parks, Crump and Sullivan to competently represent McSpadden. This argument fails for several reasons.

First, to be adequately represented, McSpadden does not need four lead attorneys from three different law firms.[1] All Defendants are represented by a single law firm in St. Louis, Missouri. Plaintiff Michael Brown, Sr. is represented by a single law firm in Clayton, Missouri. Jasmine Rand has been designated as the lead attorney for McSpadden. Pursuant to Paragraph 6 of the Protective Order, Ms. Rand may identify the name of two staff persons who have access to the Confidential Information for the purpose of aiding her in case preparation. This provides effective assistance of counsel to McSpadden, who does not need four lead attorneys with access to Confidential Information. In light of the huge volume of redacted materials that was provided to the parties by Prosecutor and SLCPD prior to entry of the Protective Order, Attorneys Parks, Crump and Sullivan can fully, adequately and competently represent McSpadden and aid lead attorney Jasmine Rand without having access to Confidential Information that identifies witnesses and law enforcement personnel.

.       Second, the addition of lead attorneys from law firms in Tallahassee, Florida and Cambridge, Massachusetts will greatly increase the risk that the identities of witnesses and/or

---

[1] According to www.therandlawfirm.com, which is the web site for Rand Law, L.L.C. in Miami, Florida, Ms. Rand is the founding member of that firm. Therefore, Ms. Rand is apparently not in the same law firm as Attorneys Daryl Parks and Benjamin Crump, of Parks & Crump, L.L. C. in Tallahassee, Florida.

law enforcement personnel will be leaked and/or hacked and posted on the internet, thereby causing irreversible harm and danger to the persons whose health, safety and privacy the order is intended to protect.    Although paragraph 5 of the Protective Order requires that the Confidential Information be kept under lock and key in the St. Louis offices of the respective counsel for the parties, the attorneys named in the order are permitted to take handwritten notes when reviewing Confidential Information. The more attorneys who have access to this highly confidential information, the greater the risk of leaks and hacking.  Further, adding three additional attorneys will make it considerably more difficult, if not impossible, to trace a leak to the attorney who violated the Protective Order.  For these reasons, the risk of harm to witnesses and law enforcement personnel will be multiplied exponentially by having three additional attorneys from different law firms designated as lead attorneys.

  Third, as shown by the recent ambushes on law enforcement officers in Missouri, Texas and elsewhere, the actions of law enforcement personnel in one part of the country often ignites rage and violence against law enforcement personnel in other parts of the country.  In the midst of this volatile and dangerous environment, the men and women of the SLCPD continue to carry out their law enforcement duties.  Prosecutor and the SLCPD respectfully request this Court to refrain from unnecessarily increasing the stresses and dangers to these officers and their families, as well as to witnesses who cooperated with the investigation.

  Plaintiffs also seek to add the following paragraph to the Protective Order:  "Parties also seek to work cooperatively to jointly create redacted versions of any document that a party needs to produce to a deponent, expert, for use in mediation, or for any other permissible purpose. Upon creation of a redacted version, parties intend to submit to this Court under seal for its consideration and approval, prior to releasing and/or using the document for any purpose."

Plaintiffs fail to explain why this additional paragraph is needed, in light of the redacted materials that Prosecutor and SLCPD produced prior to the entry of the Protective Order. Plaintiffs are putting the cart before the horse.  A party desiring to create a redacted version of a document produced pursuant to the Protective Order should be required to first seek leave of Court and show a particularized need to redact that particular document.  Prosecutor and SLCPD should be permitted to respond to the request made to the Court before any redacted version is created.

## CONCLUSION

Plaintiffs' Motion to Amend Protective Order should be denied.

**PETER J. KRANE**
**COUNTY COUNSELOR**

/s/ Cynthia L. Hoemann
Cynthia L. Hoemann, #28245
Associate County Counsel
choemann@stlouisco.com
Linda S. Wasserman, #31569
Assistant County Counselor
lwasserman@stlouisco.com
41 South Central Avenue
Clayton, Missouri  63105
(314) 615-7042
Fax: (314) 615-3732
Attorneys for Office of the St. Louis County
Prosecuting Attorney and the St. Louis
County Police Department

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Eastern District of Missouri Document Filing System CM/ECF which sent notification of such filing to all attorneys of record in this case.

/s/ Cynthia L. Hoemann