# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, SR., et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV00831 ERW |
| | ) |
| CITY OF FERGUSON, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Office of the Prosecuting Attorney of St. Louis County and St. Louis County Police Department's ("Movants") Motion for *In Camera* Examination and Clarification of Protective Order [ECF No. 123]. Movants ask the Court to conduct an in camera review of a number of photographs which they claim are highly inflammatory and susceptible to unlawful discrimination. Movants also seek the Court's direction regarding the disclosure of those individuals who did not testify to the grand jury and did not directly participate in the official investigations but whose names appear only incidentally in an official document.[1]

The Court has conducted an in camera review of the documents submitted by Movants and makes the following rulings.

On August 29, 2016, Linda Wasserman, representing the Office of the Prosecuting Attorney of St. Louis County ("Prosecutor's Office"), produced 341[2] photographs marked

---

[1] The Court expects to receive documents from the Prosecutor's Office this week which contain the names of individuals that office believes should be reviewed by the Court to determine if the names should be redacted.

[2] This number includes separate photographs of exhibit numbers on paper images.

"Confidential Sealed Document RE Protective Order for Judge Webber's Eyes Only." The Court has examined each photograph. The following photographs are ordered produced to counsel for the parties designed by the protective order:

Series 1 (2401)

1. DSC_0001.JPG;
2. DSC_0018.JPG;
3. DSC_0019.JPG;
4. DSC_0020.JPG;
5. DSC_0021.JPG;
6. DSC_0022.JPG;
7. DSC_0023.JPG;
8. DSC_0024.JPG;
9. DSC_0025.JPG;
10. DSC_0026.JPG;
11. DSC_0027.JPG;
12. DSC_0028.JPG;
13. DSC_0029.JPG;
14. DSC_0030.JPG;
15. DSC_0032.JPG;
16. DSC_0033.JPG;
17. DSC_0034.JPG;
18. DSC_0035.JPG;
19. DSC_0036.JPG;
20. DSC_0037.JPG;
21. DSC_0038.JPG;
22. DSC_0039.JPG;
23. DSC_0040.JPG;
24. DSC_0041.JPG;
25. DSC_0042.JPG;
26. DSC_0043.JPG;
27. DSC_0044.JPG;
28. DSC_0045.JPG;
29. DSC_0046.JPG;
30. DSC_0047.JPG;
31. DSC_0048.JPG;
32. DSC_0049.JPG;
33. DSC_0050.JPG;
34. DSC_0051.JPG;
35. DSC_0052.JPG;
36. DSC_0053.JPG;
37. DSC_0054.JPG;
38. DSC_0055.JPG;
39. DSC_0056.JPG;
40. DSC_0057.JPG;
41. DSC_0058.JPG;
42. DSC_0064.JPG;
43. DSC_0065.JPG;
44. DSC_0066.JPG;
45. DSC_0067.JPG;
46. DSC_0068.JPG;
47. DSC_0070.JPG;
48. DSC_0071.JPG;
49. DSC_0072.JPG;
50. DSC_0073.JPG;
51. DSC_0074.JPG;
52. DSC_0075.JPG;
53. DSC_0076.JPG;
54. DSC_0077.JPG;
55. DSC_0078.JPG;
56. DSC_0079.JPG;
57. DSC_0080.JPG;
58. DSC_0081.JPG;
59. DSC_0082.JPG;
60. DSC_0083.JPG;
61. DSC_0084.JPG;
62. DSC_0085.JPG;
63. DSC_0087.JPG;
64. DSC_0088.JPG;
65. DSC_0089.JPG;
66. DSC_0090.JPG;
67. DSC_0102.JPG;
68. DSC_0103.JPG;
69. DSC_0104.JPG;
70. DSC_0105.JPG;
71. DSC_0106.JPG;
72. DSC_0107.JPG;
73. DSC_0108.JPG;
74. DSC_0109.JPG;
75. DSC_0110.JPG;
76. DSC_0111.JPG;
77. DSC_0112.JPG;
78. DSC_0113.JPG;
79. DSC_0116.JPG;
80. DSC_0117.JPG;
81. DSC_0118.JPG;
82. DSC_0119.JPG;
83. DSC_0120.JPG;
84. DSC_0121.JPG;
85. DSC_0125.JPG;
86. DSC_0126.JPG;
87. DSC_0149.JPG;
88. DSC_0150.JPG;
89. DSC_0151.JPG;
90. DSC_0152.JPG;
91. DSC_0153.JPG;
92. DSC_0154.JPG;

Series 2 (3167)

93. DSC_0001.JPG;
94. DSC_0002.JPG;
95. DSC_0003.JPG;
96. DSC_0004.JPG;
97. DSC_0005.JPG;
98. DSC_0006.JPG;
99. DSC_0007.JPG;
100. DSC_0008.JPG;
101. DSC_0009.JPG;

| | | |
|---|---|---|
| 102. DSC_0010.JPG; | 143. DSC_0051.JPG; | 184. DSC_0123.JPG; |
| 103. DSC_0011.JPG; | 144. DSC_0052.JPG; | 185. DSC_0124.JPG; |
| 104. DSC_0012.JPG; | 145. DSC_0053.JPG; | 186. DSC_0125.JPG; |
| 105. DSC_0013.JPG; | 146. DSC_0054.JPG; | 187. DSC_0126.JPG; |
| 106. DSC_0014.JPG; | 147. DSC_0055.JPG; | 188. DSC_0127.JPG; |
| 107. DSC_0015.JPG; | 148. DSC_0056.JPG; | 189. DSC_0128.JPG; |
| 108. DSC_0016.JPG; | 149. DSC_0057.JPG; | 190. DSC_0129.JPG; |
| 109. DSC_0017.JPG; | 150. DSC_0058.JPG; | 191. DSC_0130.JPG; |
| 110. DSC_0018.JPG; | 151. DSC_0059.JPG; | 192. DSC_0131.JPG; |
| 111. DSC_0019.JPG; | 152. DSC_0060.JPG; | 193. DSC_0132.JPG; |
| 112. DSC_0020.JPG; | 153. DSC_0061.JPG; | 194. DSC_0133.JPG; |
| 113. DSC_0021.JPG; | 154. DSC_0062.JPG; | 195. DSC_0134.JPG; |
| 114. DSC_0022.JPG; | 155. DSC_0063.JPG; | 196. DSC_0135.JPG; |
| 115. DSC_0023.JPG; | 156. DSC_0064.JPG; | 197. DSC_0136.JPG; |
| 116. DSC_0024.JPG; | 157. DSC_0065.JPG; | 198. DSC_0137.JPG; |
| 117. DSC_0025.JPG; | 158. DSC_0066.JPG; | 199. DSC_0138.JPG; |
| 118. DSC_0026.JPG; | 159. DSC_0067.JPG; | 200. DSC_0139.JPG; |
| 119. DSC_0027.JPG; | 160. DSC_0068.JPG; | 201. DSC_0140.JPG; |
| 120. DSC_0028.JPG; | 161. DSC_0086.JPG; | 202. DSC_0141.JPG; |
| 121. DSC_0029.JPG; | 162. DSC_0101.JPG; | 203. DSC_0142.JPG; |
| 122. DSC_0030.JPG; | 163. DSC_0102.JPG; | 204. DSC_0143.JPG; |
| 123. DSC_0031.JPG; | 164. DSC_0103.JPG; | 205. DSC_0144.JPG; |
| 124. DSC_0032.JPG; | 165. DSC_0104.JPG; | 206. DSC_0145.JPG; |
| 125. DSC_0033.JPG; | 166. DSC_0105.JPG; | 207. DSC_0146.JPG; |
| 126. DSC_0034.JPG; | 167. DSC_0106.JPG; | 208. DSC_0147.JPG; |
| 127. DSC_0035.JPG; | 168. DSC_0107.JPG; | 209. DSC_0148.JPG; |
| 128. DSC_0036.JPG; | 169. DSC_0108.JPG; | 210. DSC_0149.JPG; |
| 129. DSC_0037.JPG; | 170. DSC_0109.JPG; | 211. DSC_0150.JPG; |
| 130. DSC_0038.JPG; | 171. DSC_0110.JPG; | 212. DSC_0151.JPG; |
| 131. DSC_0039.JPG; | 172. DSC_0111.JPG; | 213. DSC_0152.JPG; |
| 132. DSC_0040.JPG; | 173. DSC_0112.JPG; | 214. DSC_0153.JPG; |
| 133. DSC_0041.JPG; | 174. DSC_0113.JPG; | 215. DSC_0154.JPG; |
| 134. DSC_0042.JPG; | 175. DSC_0114.JPG; | 216. DSC_0155.JPG; |
| 135. DSC_0043.JPG; | 176. DSC_0115.JPG; | 217. DSC_0156.JPG; |
| 136. DSC_0044.JPG; | 177. DSC_0116.JPG; | 218. DSC_0157.JPG; |
| 137. DSC_0045.JPG; | 178. DSC_0117.JPG; | 219. DSC_0158.JPG; |
| 138. DSC_0046.JPG; | 179. DSC_0118.JPG; | 220. DSC_0159.JPG; |
| 139. DSC_0047.JPG; | 180. DSC_0119.JPG; | 221. DSC_0160.JPG; |
| 140. DSC_0048.JPG; | 181. DSC_0120.JPG; | 222. DSC_0161.JPG; |
| 141. DSC_0049.JPG; | 182. DSC_0121.JPG; | |
| 142. DSC_0050.JPG; | 183. DSC_0122.JPG; | |

The following photographs are excluded from production. A party "may obtain discovery regarding nonprivileged matter that is relevant to [its] claim or defense and proportional to the

needs of the case." Fed. R. Civ. Pro. 26(b)(1). These photographs are extremely inflammatory. Further, these photographs do not further any claim or defense asserted by a party and will not be admissible at a trial. Discovery of these photographs is not proportional to the needs of the case. *See Haukereid v. Nat'l R.R. Passenger Corp.*, 816 F.3d 527, 534 (8th Cir. 2016) (affirming a district court's denial of a discovery request stating the record already contained evidence about the issue and the party had not shown if the discovery request had been granted, the evidence would have affected the issue.). Included in the 222 photographs ordered disclosed are autopsy photographs of Michael Brown. They are to be delivered to counsel designated by the protective order by the Prosecutor's Office. These photographs are relevant for ballistic or other evidentiary purposes. The following photographs, which are inflammatory and have no relevance separate and apart from their inflammatory nature, will not be disclosed.

Series 1 (2401)

1. DSC_0002.JPG;
2. DSC_0003.JPG;
3. DSC_0004.JPG;
4. DSC_0005.JPG;
5. DSC_0006.JPG;
6. DSC_0007.JPG:
7. DSC_0008.JPG;
8. DSC_0009.JPG;
9. DSC_0010.JPG;
10. DSC_0011.JPG;
11. DSC_0012.JPG;
12. DSC_0013.JPG;
13. DSC_0014.JPG;
14. DSC_0015.JPG;
15. DSC_0016.JPG:
16. DSC_0017.JPG
17. DSC_0031.JPG;
18. DSC_0059.JPG;
19. DSC_0060.JPG;
20. DSC_0061.JPG;
21. DSC_0062.JPG;
22. DSC_0063.JPG;
23. DSC_0069.JPG;
24. DSC_0086.JPG;
25. DSC_0091.JPG;
26. DSC_0092.JPG;
27. DSC_0093.JPG;
28. DSC_0094.JPG;
29. DSC_0095.JPG;
30. DSC_0096.JPG;
31. DSC_0097.JPG;
32. DSC_0098.JPG;
33. DSC_0099.JPG;
34. DSC_0100.JPG;
35. DSC_0101.JPG;
36. DSC_0114.JPG;
37. DSC_0115.JPG;
38. DSC_0122.JPG;
39. DSC_0123.JPG;
40. DSC_0124.JPG;
41. DSC_0127.JPG;
42. DSC_0128.JPG;
43. DSC_0129.JPG;
44. DSC_0130.JPG;
45. DSC_0131.JPG;
46. DSC_0132.JPG;
47. DSC_0133.JPG;
48. DSC_0134.JPG;
49. DSC_0135.JPG;
50. DSC_0136.JPG;
51. DSC_0137.JPG;
52. DSC_0138.JPG;
53. DSC_0139.JPG;
54. DSC_0140.JPG;
55. DSC_0141.JPG;
56. DSC_0142.JPG;
57. DSC_0143.JPG:
58. DSC_0144.JPG;
59. DSC_0145.JPG;
60. DSC_0146.JPG;
61. DSC_0147.JPG;
62. DSC_0148.JPG;

Series 2 ( 3167)

| | | |
|---|---|---|
| 63. DSC_0069.JPG; | 74. DSC_0080.JPG; | 85. DSC_0092.JPG; |
| 64. DSC_0070.JPG; | 75. DSC_0081.JPG; | 86. DSC_0093.JPG; |
| 65. DSC_0071.JPG; | 76. DSC_0082.JPG; | 87. DSC_0094.JPG; |
| 66. DSC_0072.JPG; | 77. DSC_0083.JPG; | 88. DSC_0095.JPG; |
| 67. DSC_0073.JPG; | 78. DSC_0084.JPG; | 89. DSC_0096.JPG; |
| 68. DSC_0074.JPG; | 79. DSC_0085.JPG; | 90. DSC_0097.JPG; |
| 69. DSC_0075.JPG; | 80. DSC_0087.JPG; | 91. DSC_0098.JPG; |
| 70. DSC_0076.JPG; | 81. DSC_0088.JPG; | 92. DSC_0099.JPG; |
| 71. DSC_0077.JPG; | 82. DSC_0089.JPG; | 93. DSC_0100.JPG. |
| 72. DSC_0078.JPG; | 83. DSC_0090.JPG; | |
| 73. DSC_0079.JPG; | 84. DSC_0091.JPG; | |

Grand jury exhibits numbered 15, 101, 102, 104, 105, and 106 will be ordered disclosed to the parties. The Court received eight pages containing paper images of thirty-one unidentified and unnumbered photographs depicting streets, residential buildings, and an apparent memorial. There is no showing these photographs should be protected from disclosure.

The work-product doctrine applies to documents and tangible things, prepared in anticipation of litigation or for trial, by or for another party or by or for that other party's representative. Fed. R. Civ. Pro. 26(b)(3). The protections of the work-product doctrine in FRCP 26(b)(3) do not extend to individuals or entities who are not a party to the present litigation. *In re California Public Util. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989); *see Awkright Mut. Ins. Co. v. Nat's Union Fire Ins. Co. of Pittsburgh, PA*, 19 F.3d 1432 (6th Cir. 1994) (per curiam unpublished opinion); *see also Schultz v. Talley*, 152 F.R.D. 181, 185 (W.D. Mo. 1993) ("Documents prepared for one who is not a party to the present suit are wholly unprotected even though the person may be a party to a closely related lawsuit . . . (citation omitted)). Here, the Prosecutor's Office is not a party to this litigation; thus, the protections of the work-product doctrine do not apply.

The Western District of Pennsylvania, along with several other district courts, have held FRCP 26(b)(3) does not encompass all of the protections of the work product doctrine as

established in *Hickman v. Taylor*, 329 U.S. 495 (1947). *Serrano v. Chesapeake Appalachia, LLC*, 298 F.R.D. 271, 277-280 (W.D. Penn. 2014). These courts determined a court must consider all the purposes for the privilege as documented in *Hickman*: "preventing discovery from chilling attorney's ability to formulate their legal theories and prepare their cases, preventing opponents from free-loading off their adversaries' preparation, and preventing disruption of ongoing litigation." *Id.*at 278.[3] These purposes are not met in this matter. Accordingly, a representative of the Prosecutor's Office is ordered to deliver the material examined *in camera*, except for excluded material, to counsel for the parties under the terms of the protective order issued by this Court on June 6, 2016. The Court is returning all photographs produced for *in camera* inspection to the Prosecutor's Office.

Grand jury exhibits 88 and 90 will not be ordered to be disclosed by the Court. These documents contain proprietary police information containing police radio frequencies, model numbers, and serial numbers. Disclosure of this information jeopardizes police communication, is not relevant to this matter and is not discoverable. Fed. R. Civ. Pro. 26(b)(1).

Pursuant to the Protective Order, Grand jury exhibit 81 will not be disclosed. The parties should submit a discovery request to the agency which owns the document.

The Court anticipates receipt of remaining documents, not already disclosed, with requested redaction of names not significant to the investigation for *in camera* inspection. As soon as those documents are received, the Court will complete its *in camera* inspection and rule on disclosure of those documents.

Accordingly,

---

[3] While the Court is not concluding the parties are "free-loading" off their adversaries preparation, the Court is well aware the parties substantially benefit from the extraordinary work of the Prosecutor's Office in preparing, assembling and producing the vast information being disclosed.

- 7 -

**IT IS HEREBY ORDERED** that the Office of the Prosecuting Attorney of St. Louis County and St. Louis County Police Department's Motion for *In Camera* Examination and Clarification of Protective Order [ECF No. 123] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that photographs shall be disclosed to counsel for the parties as indicated *supra*, under condition of the protective order, including Grand Jury Exhibits 15, 101, 102, 104, 105, and 106.

**IT IS FURTHER ORDERED** that Grand Jury Exhibits 81, 88, and 90 will not be disclosed.

So Ordered this 12th Day of September, 2016.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE