UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, SR., AND LESLEY McSPADDEN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No: 4:15-cv-00831-ERW ) ) |
| CITY OF FERGUSON, MISSOURI, FORMER POLICE CHIEF THOMAS JACKSON, AND FORMER POLICE OFFICER DARREN WILSON, | ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) |

# *PROTECTIVE ORDER*

Certain documents produced by the Defendants in this litigation may contain information subject to protection against disclosure outside this litigation because of the right of individuals identified in the documents to reasonable privacy. Also, certain documents contain private and personal information that constitute closed records under the law and that are otherwise closed against disclosure to the public, and the use of a protective order will avoid the need to redact such documents. It is therefore ordered by the Court that all such documents will be governed by the following terms, restrictions and conditions as contemplated by Federal Rule of Civil Procedure 26(c), Section 288.250 R.S. Mo., and 20 C.F.R Part 603, as follows:

## *DOCUMENTS*

This order shall apply to those documents Defendants have agreed to produce in its document production and as described in paragraph 1 below.

1. The documents subject to this Order are documents produced by Defendants in the subject litigation, which are properly designated as "CONFIDENTIAL BY PARTIES," and which include documents produced by the Division of Employment Security and documents and media produced by the Ferguson Police Department regarding accusations or complaints of excessive force and/or racial discrimination. By agreement of the parties (or by motion and subsequent order, if necessary), supplemental production may also be classified as "Confidential" and subject to this Order.

2. This information designated confidential shall be disclosed only to Plaintiffs, counsel for Plaintiffs, individuals certified by such counsel as employed by or assisting counsel in preparation for, or at the trial of, this matter (Cause No. 4:15-cv-00831-ERW), or experts retained by Plaintiffs.

3. Any such documents and/or information shall be used only for the purpose of prosecuting this matter.

4. Any person or firm to whom such documents and/or information contained therein is to be disclosed shall first be advised by counsel making that disclosure that, pursuant to this Protective Order, such person or firm may not divulge any information in violation to this Protective Order.

5. In the event that any document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with the Clerk of any Court, Plaintiffs will first contact counsel for Defendants to determine whether counsel for Defendants believes the documents should be sealed prior to filing; if so, such protected documents and/or information shall be kept under seal by the Clerk until further order of this Court. Any

use of any such document or of information contained therein and any testimony associated with the protected information contained therein shall be held under seal if necessary to prevent disclosure to non-parties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and/or information, unless the Court orders otherwise upon good cause shown.

6. In the event Plaintiffs disagree with the designation of any of the documents or information contained therein, Plaintiffs shall, at any time, send a written notice to counsel for Defendant specifying the documents or information in question. If the parties cannot agree regarding the status of the identified documents or information, then no later than ten (10) days after receiving a written notice specifying the document or information in question, Defendants shall file a Motion to Preserve Protected Status. The information shall continue to be protected as protected documents and information until further order of this Court pursuant to hearing.

7. Upon final disposition of this case, all copies of these confidential documents subject to this Protective Order which were furnished by Defendants to Plaintiffs, together with all originals and copies of notes, sketches, data, compilations, extracts and reproductions furnished by Defendants to Plaintiffs subject to this Protective Order shall be returned to counsel for Defendants, together with a letter from counsel for Plaintiffs that all documents, copies of such documents which were provided by Defendants have been returned to counsel for Defendants. Reproductions or augmented versions of such documents provided by Defendants in the possession of Plaintiffs, Plaintiffs' agents, counsel, consultants and/or experts, must then be destroyed. Plaintiffs have the

responsibility of collecting any documents produced by Defendants subject to this Protective Order from those it produced compliant with this Order (such as experts).

SO ORDERED: ___*E. Richard Webber*_____

DATE: ____December 16, 2016_____

4