UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL BROWN, SR.,** *et al.,* | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )    No. 4:15-cv-00831-ERW <br> ) |
| **CITY OF FERGUSON,** *et al.,* | ) <br> ) |
| Defendants. | ) <br> ) |

## AMENDED UNITED STATES' PROTECTIVE ORDER

Upon the motion of Defendants for protective order and good cause having been shown, it is hereby ordered as follows:

1.  As used in this order, the following terms shall have the following meanings:

    a. "Plaintiffs" shall mean Michael Brown, Sr., and Lesley McSpadden;

    b. "Defendants" shall mean the City of Ferguson, Thomas Jackson, and Darren Wilson;

    c. "Parties" shall mean Plaintiffs and Defendants;

    d. "Counsel for Plaintiffs" shall mean Anthony D. Gray and Jasmine O. Rand;

    e. "Counsel for Defendants" shall mean Peter J. Dunne and Robert T. Plunkert;

    f. "Counsel" shall mean Counsel for Plaintiffs and Counsel for Defendants;

    g. "Request for Discovery" shall mean any request for discovery or other request for documents or information issued in this action by any of the Parties to the United States, to any agency of the United States, or to any employee of the United States;

      h.     "Record" shall mean any record, document, or piece of information produced to Counsel pursuant to a Request for Discovery, including any "record which is contained in a system of records," *see* 5 U.S.C. § 552a(b);

      i.     "Confidential Information" shall mean any information contained in any Record; and

      j.     "FBI" shall mean the Federal Bureau of Investigation.

2. The United States and its agencies and employees are authorized pursuant to 5 U.S.C. § 552a(b)(11) to produce Records to Counsel and are authorized to mark such records "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" prior to their production.

3. The United States has agreed to respond to the subpoenas issued previously by the Parties to the Department of Justice by producing to Counsel the non-privileged portions of the following Records in the custody or control of the FBI:

      a.     all Form FD-302s consisting of substantive interview summaries generated by the FBI during the criminal investigation conducted by the United States into the shooting of Michael Brown, Jr., in Ferguson, Missouri;

      b.     all Power Point slides used by the FBI in briefing local law enforcement agencies or members of the public about the above investigation;

      c.     all transcripts of interviews of witnesses conducted during the above investigation;

      d.     all written statements of witnesses obtained by the FBI during the above investigation;

    e.    all transcripts, prepared during the above investigation, of cell phone audios produced by witnesses;

    f.    all autopsy photographs or scene photographs generated by the FBI during the above investigation;

    g.    all investigative documents prepared by the FBI during the above investigation, other than Form FD-302s, concerning information provided by members of the public about the circumstances of the shooting of Michael Brown, Jr.;

    h.    all FBI documents referenced in the report entitled *Department of Justice Report regarding the Criminal Investigation into the Shooting Death of Michael Brown by Ferguson, Missouri Police Officer Darren Wilson* (Mar. 4, 2015), ECF No. 67-2; and

    i.    the report on the autopsy of Michael Brown, Jr., performed by the Armed Forces Medical Examiner, *see* ECF No. 124-1 at 1.

4. The United States shall not be required to produce any Record to Counsel if the United States has reason to believe that the Record is one that the Office of the St. Louis County Prosecuting Attorney or the St. Louis County Police Department is required to produce under the protective order dated June 6, 2016, ECF No. 105, nor be required to produce multiple copies of the same Record.

5. Any Record produced to Counsel by the United States shall be complete insofar as the FBI possesses the complete Record, except for such redactions as may be made from the Record.

6. Any redaction made from any Record produced to Counsel by the United States shall be marked clearly on the face of the Record from which it is made.

{01750620.DOCX;1}3

7. All Records produced to Counsel by the United States shall be deemed authentic.

8. Any Record produced to Counsel shall be used exclusively for purposes related to this action and shall not be disclosed to the press or to the media or be used for any other purpose.

9. Counsel for Plaintiffs may designate two staff persons who may, at the direction of Counsel for Plaintiffs, have access to Confidential Information at the business offices of Counsel for Plaintiffs, but only for the purpose of aiding Counsel for Plaintiffs in case preparation.

80. Counsel for Defendants may designate two staff persons who may, at the direction of Counsel for Defendants, have access to Confidential Information at the business offices of Counsel for Defendants, but only for the purpose of aiding Counsel for Defendants in case preparation.

9. The name of any staff person designated under this order shall be provided to the Court, to opposing Counsel, and to counsel for the United States.

10. No staff person designated under this order shall be given access to Confidential Information until he or she executes the addendum to this order.

11. Experts retained by Counsel may have access to Confidential Information, but only for the purpose of formulating opinions with respect to this action.

12. The provisions of this order dealing with experts shall apply to experts whom either of the Parties may use at trial to present evidence and to consulting experts, disclosed or non-disclosed.

13. No expert may be given access to Confidential Information until he or she executes the addendum to this order and until his or her name is provided to counsel for the United States.

14. Neither of the Parties shall be deemed to have waived the attorney-client privilege or the work product doctrine by providing the name of any of its experts to counsel for the United States.

15. Counsel for the United States shall not disclose the name of any expert given access to Confidential Information to anyone other than another counsel for the United States unless the disclosure is authorized by Counsel retaining the expert.

16. Confidential Information to which an expert retained by Counsel is given access shall be removed by Counsel from storage and taken to a conference room within the offices of Counsel for inspection by the expert; all such information shall be returned to storage by Counsel upon completion of the inspection; and no such inspection shall take place except in the presence of Counsel.

19. No one may be present during an inspection of Confidential Information by any expert retained by Counsel except the expert, Counsel, and a staff person designated under this order.

17. No expert retained by Counsel shall refer to Confidential Information in any report prepared by the expert except in a handwritten addendum to the report.

18. No expert retained by Counsel shall give anyone access to any addendum to any report of the expert containing Confidential Information except Counsel retaining the expert, a staff member designated under this order by Counsel retaining the expert, opposing Counsel if the expert is deposed, and the court reporter if the expert is deposed; no such

addendum shall be filed with the Court except under seal; and no such expert shall make a copy of any such addendum except a single copy of the addendum to be given to Counsel retaining the expert.

19. Any addendum to a report of an expert containing Confidential Information shall be treated as a Record produced to Counsel.

20. No one other than Counsel, a staff person designated under this order, or an expert retained by Counsel shall be entitled to access of any kind to Confidential Information without the permission in writing of the United States or the permission of the Court.

21. Counsel shall advise their employees and associates of this order.

22. All Confidential Information provided to Counsel shall be kept under lock and key in the business offices of Counsel when not in use and shall be kept under the continuous control of Counsel at all other times.

23. No Confidential Information provided to Counsel shall be stored or transmitted electronically or filed with the Court except under seal.

24. Any Confidential Information submitted to the Court for review in camera shall be hand-delivered to the Court or delivered to the Court in such other manner as the Court may allow, direct, or order.

25. No one other than Counsel, a staff person designated under this order, or an expert retained by Counsel shall be permitted to make handwritten notes containing Confidential Information or have access to such notes.

29. Except for the handwritten notes of Counsel, a staff person designated under this order, or an expert retained by Counsel, no Confidential Information shall be copied or reproduced unless needed for a submission to the Court under seal or unless needed for use as an exhibit to a deposition in this action.

26. No deposition at which Confidential Information may be the subject of inquiry shall be recorded by other than stenographic means without the permission of the Court; no such deposition shall take place until the court reporter has executed the addendum to this order; the transcript of any such deposition shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"; and no unredacted transcript of any such deposition shall be transmitted electronically.

27. The protection of Confidential Information at trial shall be discussed at the pretrial conference.

28. A copy of the addendum to this order, when executed by any person, shall be provided by Counsel to counsel for the United States within 10 days of its execution.

29. Counsel shall certify to the United States within 120 days of the termination of this action (including the final resolution of any appeals), that all Records and Confidential Information in their possession have been destroyed or deleted.

30. Neither the production of any Record to Counsel by the United States nor anything in this order shall constitute a waiver of any claim of privilege or statutory ground for withholding that the United States or any agency or employee of the United States may have with respect to any record, document, or piece of information.

{01750620.DOCX;1}7

31. The United States reserves the right to seek a further protective order to limit the use or dissemination of any record, document, or piece of information the disclosure of which the Court may order in this action.

Dated: December 16, 2016

*E. Richard Webber* (signature)

E. RICHARD WEBBER
SENIOR U.S. DISTRICT JUDGE

## ADDENDUM TO THE UNITED STATES' PROTECTIVE ORDER

I, _____, hereby declare under penalty of perjury that I have read the United States' protective order in *Brown v. City of Ferguson*, No. 4:15-cv-00831-ERW (E.D. Mo.) (*Brown*).  I agree to refrain from using or disclosing any record, document, or piece of information that is produced by the federal government to counsel for any party in *Brown* pursuant to any request for discovery in *Brown*, other than in strict compliance with the terms of that order.  I acknowledge that my duties under the order shall survive the termination of *Brown* and that my failure to comply with the terms of the order may result in the imposition of sanctions by the Court, including citation for contempt and possible incarceration.  I submit myself to the jurisdiction of the Court for the purpose of the imposition of such sanctions as the Court may deem warranted by my failure to comply with the terms of the order.

Dated: _____     Signed: _____