UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, SR., AND LESLEY McSPADDEN, | )<br>)<br>) |
| Plaintiffs, | )<br>) Cause No: 4:15-cv-00831-ERW |
| vs. | )<br>) |
| CITY OF FERGUSON, MISSOURI, FORMER POLICE CHIEF THOMAS JACKSON, AND FORMER POLICE OFFICER DARREN WILSON, | ) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## *DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL*

COME NOW Defendants, the City of Ferguson, Missouri, Former Police Chief Thomas Jackson, and Former Police Officer Darren Wilson ("Defendants"), and for their Reply in Support of their Motion to Compel, state:

### *I. INTRODUCTION*

Defendants will not repeat the arguments raised in its initial Motion (Doc. No. 146) and Memorandum in Support (Doc. No. 147), but submit the following reply in response to the arguments of Plaintiffs in the order and format raised in the Plaintiffs' Response (Doc. No. 163).

### *II. ARGUMENT*

**A. Plaintiffs' income tax returns (including execution of a tax authorization) are discoverable.**

The Missouri wrongful death statute specifically provides for what damages are available to a successful plaintiff:

> In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned, having regard to **the pecuniary losses suffered by reason of the death**, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss. . .

R.S.Mo. § 537.090 (emphasis added).

Plaintiffs argue "[t]he future support that Decedent Michael Brown, could have offered to his parents was not dependent on their individual income." Doc. No. 163, p. 1. However, the above portion of the statute directly references Plaintiffs may seek compensation for pecuniary losses suffered by reason of death, and the tax returns before and after the death of Michael Brown are discoverable, pursuant to F.R.C.P. 26, to lead to information showing whether Plaintiffs did suffer such losses (or to what extent).

**B. The Decedent's medical history, for medical care received during his lifetime, is discoverable.**

Defendants are entitled to the above information as the Decedent's medical history has an impact regarding his life expectancy, longevity, which in turn has an impact regarding the alleged damages Plaintiffs have alleged in this matter. *See supra*, R.S.Mo. § 537.090.

Plaintiffs have conceded Defendants are entitled to at least some of this information, but cite to no case law or other argument where any condition diagnosed early in Decedent's life is not discoverable. Regardless of Plaintiffs' recollections, the Plaintiffs should execute a medical authorization to the institutions that treated the Decedent for Defendants to obtain this information.

2

{01797310.DOCX;1}

**C. Plaintiffs' documents filed with or sent to/from any governmental agency or with the attorney general is discoverable.**

There is no question Plaintiff Lesley McSpadden has corresponded with governmental officials, including Assistant U.S. Attorney Fara Gold, and that she has received a letter from former Attorney General Eric Holder, as she has published this information in her book cited in Defendants' Memorandum in Support.

Plaintiffs argue they cannot "speculate as to any third party or any governmental entity that may have filed some type of complaint or transmitted a correspondence related to the subject of Plaintiffs' Complaint." Doc. No. 163, p. 3. Defendants do not request information outside the control of Plaintiffs (whether it is in possession of Plaintiffs, their agents, or their attorneys), as such a request would exceed the Federal Rules of Civil Procedure. As the subject book was published during the pendency of the subject litigation, and as Defendants had requested this information from Plaintiffs at the outset of the litigation, Plaintiffs now state she does not have the text message in her possession.

As stated in Defendants' Memorandum in Support (Doc. No. 147) and confirmed by the attachments thereto (Doc. Nos. 147-6 and 147-8), Defendants served Plaintiffs with their initial request for production (which included request for production 23) over a year ago, on November 6, 2015. On December 1, 2015, revisions to the Federal Rules of Civil Procedure went into effect concerning electronically stored information and the duty of litigants "to take reasonable steps to preserve it[.]" F.R.C.P. 37(e). Plaintiff Lesley McSpadden published her book *To Tell the Truth and Shame the Devil*, which contained express references to text messages between Lesley McSpadden and AUSA Fara Gold, in 2016. Ex. 17 (p. 229); ex. 22. Plaintiffs' response does not currently mention no longer having possession of the text messages (though so much

3

has been conceded in the Response), but Plaintiffs should be required to explain the whereabouts or reasons these correspondence (and all other correspondence responsive to this request) are no longer in her possession.

In short, Plaintiffs' objections should be overruled because the requests meet the proportionality standard in F.R.C.P. 26.

**D. Plaintiffs' receipts and invoices from the sale of merchandise and memorabilia featuring the name or likeness of Decedent are discoverable.**

Defendants request this information, as it has a tendency to disprove a statutorily conferred item of damages (*see supra*, R.S.Mo. § 537.090) pertaining to pecuniary losses suffered by reason of death. Specifically, if Plaintiffs received or gained money to offset or exceed any amount they intend to request from a jury regarding alleged pecuniary losses suffered by reason of Decedent's death, Defendants should be able to explore these alleged gains and losses, and to cross-examine Plaintiffs based on this information. Privacy rights are waived to the extent this is a potential avenue of damages and as the Plaintiffs have elected to institute a suit for damages pertaining to the death of Michael O.D. Brown. Due to the above, this request is in no way intended to harass Plaintiffs, but to discover relevant information related to their claims.

**E. Plaintiffs' compensation for public and private appearances is discoverable.**

For reasons stated above, this information is also discoverable. *See supra*, Section II.D.

**F. The source of payment of the subject funeral bills is discoverable.**

R.S.Mo. § 537.090 specifically states funeral expenses are a potential item of damages available to a wrongful death claimant. Plaintiffs contend that the amount was paid is where discovery ends, and cites to the collateral source rule. This objection focuses on *admissibility* and not *discoverability*. For example, a door may be opened at trial, as explained in Defendants'

{01797310.DOCX;1}

Memorandum in Support, and Defendants would be prejudiced at that time if they were unable to discover information to counter any contention at trial (such as financial condition).  Plaintiffs, in their Response, cite to no burden, case law, or any other issue surrounding proportionality which affects the *discoverability* of this information.

**G. Interrogatories regarding compensation from campaigns, appearances, etc. are discoverable.**

Please see *supra*, which applies to Plaintiffs' arguments here.

**H. Plaintiffs' and Decedent's social media information is discoverable.**

Defendants have asked for Plaintiffs to *identify* the social media accounts of Plaintiffs. Plaintiffs claim this is vague, overly broad, compound, unduly burdensome, interferes with the right to privacy, and is intended to harass and intimidate Plaintiffs (among others).  Defendants respectfully suggest the identity of social media accounts are not within the realm of a right to privacy, is not broad, vague, compound, or burdensome.  This is not intended to harass Plaintiffs, but to potentially discover information regarding witnesses, alleged damages, and statements of Plaintiffs or the Decedent (Plaintiff Lesley McSpadden set forth postings by Decedent in her book).  Defendants request that the request to identity such information should be overruled.

**I. Plaintiffs' cell phone information and cell carrier information is discoverable.**

Plaintiffs have represented to this Court that Defendants are not willing to mutually exchange this information (cell phone number of phone used and carrier information from August 9, 2014, to present).  Defendants disagree (see Defendants' Memorandum in Support), and hereby submit they will gladly agree to a mutual exchange of the cell phone number and carrier information for Darren Wilson, given a modification of the protective order (Doc. No.

156) entered in this matter between the parties.[1] Defendants would respectfully request that the modification be made to prohibit disclosure of the cell phone numbers and the carrier information to the Plaintiffs and to the Defendants themselves (although their attorneys may see it), and alternatively, that the Plaintiffs and Defendants be ordered not to attempt to contact opposing parties using the cell phone information.

Plaintiffs' contention regarding privacy is outweighed by witness information, information sent to witnesses, the behavior of decedent, and information regarding alleged damages. The solution to this concern is a mutual exchange under the protective order.

**J. Interviews given to news media regarding the subject allegations and/or the death of Decedent are discoverable.**

Plaintiffs have objected that this information is irrelevant, not reasonably calculated to lead to admissible evidence, is beyond the scope of discovery, is overly broad in scope and time, is vague, ambiguous, compound, duplicative, unduly burdensome, and is available through other sources.

Defendants need not repeat their previously raised arguments, and respectfully submit this request is tailored to find potentially admissible information, including statements by parties regarding the subject allegations. Plaintiffs appear to state the interviews may be relevant in their Response, though cite that the information is equally available. Plaintiffs cite to no case law to support this objection. Plaintiffs' Response that Plaintiffs cannot recall every date is also not responsive, as Plaintiffs must comply with F.R.C.P. 33 and swear, under oath, each and every

---

[1] Plaintiffs have misconstrued the admission Darren Wilson has made regarding the word "nigger" in their public filing, and have not deposed Defendant Wilson regarding the usage of the word to refer to an African American on at least one occasion. Defendants also dispute the remainder of Plaintiffs' contentions regarding racial epithets, and state it is inconsequential to this discovery request. See Plaintiffs' Exhibit A, paragraphs 156 and 157.

interview (with responsive information) of which they purportedly have knowledge. Plaintiffs' objections should be overruled.

**K. Contact information for Lyah LeFlore is discoverable.**

Lyah LeFlore is well known to Plaintiff Lesley McSpadden, as she is the co-author of Plaintiff Lesley McSpadden's book, discussed thoroughly in Defendants' Memorandum in Support. Plaintiffs appear to object on the grounds of Ms. LeFlore's privacy rights. Ms. LeFlore is a witness to statements of Plaintiffs which could be relevant and discoverable as admissions by party opponent. *See* F.R.E. 810(d)(2). Plaintiffs' objection should be overruled.

Plaintiffs state (in the singular) he/she does not know of Ms. LeFlore's address. This is unverified and incomplete with the respect to all contact information of the co-author of the book. Further, the disclosure of information of *Ms. LeFlore's attorney* is irrelevant, as Defendants have been unable to serve Ms. LeFlore without any residence address.

Ms. LeFlore's attorney has made several demands/requests on which her agreement to appear for a deposition are conditioned which amount to a mixture of convenience (the attorney for Defendants is willing to travel to the area where Ms. LeFlore is and comply with the Federal Rules of Civil Procedure) and compensation for Ms. LeFlore. Ex. 23. He has refused to provide her contact information until such demands are met. Ex. 23. Neither Plaintiffs nor Ms. LeFlore (through her attorney) has been forthcoming with information regarding her residence address in order to assist with compliance with this Court's Order. Doc. No. 115.

Defendants first intend to seek an Order from this Court compelling Plaintiffs (including their attorneys and their agents) to divulge responsive information for locating the address for the co-author of her book. Should Plaintiffs respond under oath with uncertainty regarding this information, Defendants intend to move this Court to enter an order requiring Ms. LeFlore's

attorney to divulge the same. *Matter of Grand Jury Subpoenas Served Upon Field*, 408 F. Supp. 1169, 1173 (S.D.N.Y. 1976) ("The Court does not hold that a client's address is information which always falls within the privilege. As with a client's identity, it may be only in rare instances that this information will be protected.");[2] *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 683 (N.D. Ga. 2000); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 130 F.R.D. 25, 25 (S.D.N.Y. 1990); *Jafarian-Kerman v. Jafarian-Kerman*, 424 S.W.2d 333, 339 (Mo. Ct. App. 1967). Defendants will use every method of discovery under the Federal Rules of Civil Procedure, including requesting this Court to exercise its powers, to properly serve process on Ms. LeFlore so she may testify in compliance with Doc. No. 115.

**L. Information regarding publishing Plaintiff Lesley McSpadden's book is discoverable.**

As Plaintiffs deny recalling contact information for Ms. LeFlore, this information is relevant for the purpose of not only obtaining admissions regarding the subject matter of this case, but also determining the identity and location of witnesses who know Ms. LeFlore's location and contact information. As the subject of the book is the Decedent,[3] and as Plaintiffs have raised claims regarding the death of Decedent, this information meets the proportionality standard (not only with respect to the behavior of Decedent, but also to Plaintiffs alleged damages regarding Decedent's alleged "services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support"). *See* R.S.Mo. § 537.090.

**M. Plaintiffs should be compelled to execute authorizations that are intended to obtain discovery commensurate with their allegations in this matter.**

---

[2] The Court determined the address itself was the heart of the advice sought, and applied the privilege in that particular instance. Here, it begs the question how Plaintiffs were able to determine the existence of Ms. LeFlore's attorney if this attorney were solely engaged for the heart of the issue of Ms. LeFlore's contact information, if Plaintiffs deny knowing Ms. LeFlore's contact information themselves.

[3] The full title of the book is: *Tell the Truth & Shame the Devil, the Life, Legacy, and Love of my son Michael Brown*.

As Plaintiffs have alleged psychological damages as part of their claims in this matter, they should be compelled to execute the requested authorizations. Exhibit 24.[4] Defendants are willing to tailor the authorization to the damages claimed in this matter, so long as their distress claims do not exceed "garden variety" emotional distress. *See Dochniak v. Dominium Management Servs., Inc.*, 240 F.R.D. 451, 452 (D.Minn.2006) ("[A]llegations of 'garden variety' emotional distress,' ... are insufficient to place [a plaintiff's] mental condition in controversy.").

An authorization regarding Michael O.D. Brown should also be executed. As stated above, the medical and health condition of Michael O.D. Brown is at least *discoverable* in this matter regarding an alleged wrongful death.

### N. Plaintiffs should be compelled to execute school authorizations regarding Michael O.D. Brown.

Michael O.D. Brown's performance in school is discoverable as it may pertain to any of the items of damages potentially available to a claimant pursuant to R.S.Mo. § 537.090, including employability, and the value of various services. Plaintiffs claim Michael Brown, Sr.'s previously executed authorizations were submitted "without full legal authority and misrepresenting their ability to do so[.]" Doc. No. 163, p. 10. Plaintiffs cite to no request to Defendants to return the authorizations, nor any case law stating the authority of one parent is insufficient for a litigant to request such records from a school.

Defendants remind the Court Decedent's education, schooling, and incidents concerning the same were topics included in Plaintiff Lesley McSpadden's book about the "Life, Legacy, and Love of [her] son Michael Brown," but objects stating they are "wholly irrelevant." Doc. No. 163, p. 10.

---

[4] Defendants inadvertently omitted attaching these as an exhibit to the Memorandum in Support. As Plaintiffs are in receipt of these, they are not prejudiced by attaching these authorizations here.

**O. Plaintiffs should be compelled to execute employment authorizations for the five years before Decedent's death, as the information is discoverable.**

For the reasons stated above regarding the financial condition of Plaintiffs and the alleged damages including "the pecuniary losses suffered by reason of the death" (*see* R.S.Mo. § 537.090), this topic has been briefed and Plaintiffs should be compelled to execute employment authorizations.

WHEREFORE, Defendants respectfully request this Court enter an Order granting their Motion to Compel in full as is consistent with the above, and for such further relief this Court deems just and proper.

/s/ Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert  #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson, Missouri, Former Police Chief Thomas Jackson, and Former Police Officer Darren Wilson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: plunkert@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 29th day of December 2016, to be served by operation of the Court's electronic filing system upon the following:

Anthony D. Gray
319 North 4th Street, Suite 212
St. Louis, Missouri 63102
agray@johnsongraylaw.com
*Attorney for Plaintiff Michael Brown, Sr.*

Daryl D. Parks (pro hac vice)
Benjamin L. Crump (pro hac vice)
240 North Magnolia Drive
Tallahassee, Florida 32301
dparks@parkscrump.com
bcrump@parkscrump.com
*Attorneys for Plaintiff Lesley McSpadden*

Jasmine O. Rand (pro hac vice)
Rand Law, LLC
2525 Ponce de Leon Blvd., Suite 300
Miami, Florida 33134
jasminerand@parkscrump.com
*Attorney for Plaintiff Lesley McSpadden*

Ronald S. Sullivan, Jr. (pro hac vice)
6 Everett Street, Suite 5116
Cambridge, Massachusetts 02138
prof.ron.sullivan@gmail.com
*Attorney for Plaintiff Lesley McSpadden*

Mr. Ronald A. Norwood
Mr. Apollo D. Carey
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
rnorwood@lewisrice.com
acarey@lewisrice.com
*Attorney for Defendant City of Ferguson*

Greg Kloeppel
9620 Lackland Road
St. Louis, Missouri 63114
gregkloeppel@kloeppellaw.com
*Co-Counsel for Defendant Darren Wilson*

David M. Glass
Department of Justice, Civil Division
20 Mass. Ave., N.W., Room 7200
Washington, D.C. 20530-0001
david.glass@usdoj.gov
*Attorney for the United States*

/s/ Peter J. Dunne