UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, SR., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00831 ERW |
| | ) | |
| CITY OF FERGUSON, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Defendants' Motion to Compel against Plaintiffs [ECF No. 146].

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Armstrong v. Hussmann Corp.,* 163 F.R.D. 299, 302 (E.D. Mo.1995) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). "A district court is afforded wide discretion in its handling of discovery matters." *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) (citation omitted).

The burden is typically on the party resisting discovery to explain why discovery should be limited because the rules of discovery are broad. *See Rubin v. Islamic Republic of Iran,* 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each

discovery request is improper.  *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1993).
The party must demonstrate to the court "that the requested documents either do not come within
the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal
relevance that the potential harm occasioned by discovery would outweigh the ordinary
presumption in favor of broad disclosure." *Burke v. New York City Police Dep't,* 115 F.R.D.
220, 224 (S.D.N.Y. 1987).

Defendants have propounded several Requests for Production and Interrogatories on
Plaintiffs, seventeen of which Plaintiffs have objected. Plaintiffs repeatedly object to the
discovery requests as overly broad, vague, ambiguous, unduly burdensome, and harassing.
General objections, without specific support, are not adequate. "A party must support objections
by providing specific explanations or factual support as to how each discovery request is
improper." *Jo Ann Howard & Assoc., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014)
(citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993)). Repeatedly asserting the
same objections to each request is not enough to protect against disclosure. Plaintiffs should
support their objections with specific references to facts and case law for the objection to be
successful. The Court will address each discovery request as follows.

A.      Request for Production 5

In Request for Production 5, Defendants request Plaintiffs disclose their federal and state
income tax returns for the years 2009 through 2016. Plaintiffs objected to the request as
irrelevant, not reasonably calculated to lead to admissible evidence, harassing and unduly
burdensome, and overly broad in time and scope.

Most districts in the Eighth Circuit have adopted a two-prong test to determine if tax
returns should be disclosed. *PSK, L.L.C. v. Hicklin*, No. C09-0105, 2010 WL 2710507 at *2

- 2 -

(N.D. Ia. Jul. 8, 2010) (listing district courts who have applied the two-part test including the Eastern District of Missouri). This test first asks whether the tax returns are relevant, if so, then the question is whether there is a compelling need for the returns. *E.E.O.C. v. Ceridian Corp.*, 610 F. Supp. 2d. 995, 997 (D. Minn. 2008). When analyzing if there is a compelling need, a court examines if the information is readily available from another source. *Id*. The party seeking the tax returns has the burden to show they are relevant; the party objecting to the disclosure of the tax returns has the burden to show the information is more readily obtainable elsewhere. *Id*.

Here, Plaintiffs are seeking damages for loss of future support. Establishing prior income to determine how it has changed since Michael Brown, Jr.'s ("Decedent") death is necessary to calculate loss. Income tax returns are a straightforward way to establish this. In Plaintiffs' Response, they did not establish the information is more readily obtainable elsewhere. Therefore, Defendants have met the requirements of the test and Plaintiffs shall disclose their tax returns for 2009 through 2016 to Defendants.

B.      Request for Production 14

In Request for Production 14, Defendants ask Plaintiffs to produce all medical, hospital and doctors' reports and records relating to Decedent covering his lifetime. Plaintiffs object to this request as irrelevant, not reasonably calculated to lead to admissible evidence, harassing and unduly burdensome, overly broad in time and scope, vague and ambiguous.

Plaintiffs are seeking damages for loss of companionship, love, affection, care and future support. Decedent's medical records are relevant to establishing Decedent's life expectancy and future income. However, his medical records from his entire lifetime are not needed to establish the purpose of the request. Plaintiffs shall produce to Defendants Decedent's medical, hospital, and doctors' reports and records for Decedent from age ten to his death. Should Defendants need

further records, they may file a subsequent motion with the Court.

      C.     Request for Production 23

In Request for Production 23, Defendants ask Plaintiffs to produce "a copy of the complaint filed by and/or correspondence to and from any governmental agency or with the attorney general regarding any of the allegations contained in the Complaint." Plaintiffs object to this request as beyond Plaintiff's scope of knowledge, overly broad, unduly burdensome, compound, vague, and ambiguous.

This information is clearly relevant to this matter. It can easily lead to the discovery of more admissible evidence and may establish a basis for impeachment of Plaintiffs. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Relevant discovery includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). It is also limited in scope because it only requests correspondence regarding the allegations in the Complaint. The Court will limit this request to correspondence or complaints to which Plaintiffs themselves wrote or to which they possess.

      D.     Requests for Production 43 and 44

In Request for Production 43, Defendants request any receipts or invoices from the sale of merchandise or memorabilia featuring the name or likeness of the Decedent. In Request for Production 44, Defendants seek any receipts or invoices from any public or private appearances, at which Plaintiffs were compensated, where the Decedent and the incident in question were discussed. In response to both requests, Plaintiffs object because the information requested is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome and harassing, and interferes with Plaintiffs' right to privacy.

This information is relevant to the calculation of damages. Although Plaintiffs' are not

- 4 -

seeking damages for lost wages, they do seek damages for loss of support. The impact of Decedent's death on their life, including their income, is important to calculating damages for loss of support. Further, this information may be relevant to determining bias of potential witnesses.

Plaintiffs' state this request interferes with their right to privacy, but provide no support for this argument. The Court is unable to discern how production of this discovery would violate Plaintiffs' privacy rights. Plaintiffs shall provide Defendants with the requested documents.

E.      Interrogatory 36

In Interrogatory 36, Defendants ask Plaintiffs to list and describe any and all funeral expenses incurred by the family of the Decedent, whether or not those bills have been paid, and if so, by whom. Plaintiffs object to the part of the interrogatory asking who paid the bills as irrelevant, not reasonably calculated to lead to admissible evidence, immaterial, and violating Missouri's collateral source rule.

Generally, evidence of collateral source payments is inadmissible to impeach a plaintiff. *Moore v. Mo. Pac. R.R. Co.*, 825 S.W.2d 839, 841 (Mo. 1992). An exception permits evidence of collateral source payment if the plaintiff voluntarily injects the issue into the lawsuit. *Id*. At this time, the Court does not know if evidence of who paid funeral bills will be admissible. That is something which will be decided at trial. At this stage, admissibility is not the focus of the inquiry. The information requested is reasonably calculated to lead to admissible evidence. Plaintiffs must reveal who paid the funeral bills.

F.      Interrogatory 39

In Interrogatory 39, Defendants ask Plaintiffs if they received any income or funds through the sale of any merchandise or memorabilia featuring the name or likeness of the

Decedent, any public or private appearances in which the Decedent and incident in question were discussed, Indiegogo campaigns, GoFundMe campaigns, or any other fundraisers in relation to the Decedent and incident in question. Plaintiffs object to this interrogatory as irrelevant, not reasonably calculated to lead to admissible evidence, beyond the scope of discovery, overly broad, vague, ambiguous, interferes with privacy rights, is harassing, and unduly burdensome.

As stated above, Plaintiffs' income is relevant to calculating damages in this case. This information is discoverable and Plaintiffs must answer the interrogatory.

G.     Interrogatory 47

In Interrogatory 47, Defendants ask Plaintiffs to identify any and all social media accounts of Plaintiffs and Decedent. Plaintiffs object to this request as irrelevant, not reasonably calculated to lead to admissible evidence, beyond the scope of discovery, overly broad in scope and time, vague, ambiguous, compound, unduly burdensome, interferes with Plaintiffs' rights to privacy, and is meant to harass and intimidate Plaintiffs.

Although Plaintiffs argue this request interferes with their rights to privacy, they provide no support for this argument. Additionally, Plaintiff Lesley McSpadden ("Plaintiff McSpadden") wrote about social media account postings in her book, waiving any right to privacy. This information is relevant to the issues in this matter. Plaintiffs' are seeking damages for loss of love, companionship, affection, care, and society, loss of future support, conscious pain and suffering, and compensatory damages for psychological damage. Plaintiffs' relationship with Decedent and many aspects of Decedent's life will be important in calculating these damages. This information can also be used by Defendants to show bias, prejudice, or impeach Plaintiffs.

The interrogatory is not limited in time which can lead to it being overly broad. Therefore, Plaintiffs shall provide social media accounts for the five years preceding the date of

the incident at issue in this matter.

H.      Interrogatory 48

In Interrogatory 48, Defendants request Plaintiffs identify all cell phones and corresponding carriers they have had from August 9, 2014, to the present. Plaintiffs object to this request as irrelevant, not reasonably calculated to lead to admissible evidence, beyond the scope of discovery, overly broad in scope and time, vague, unduly burdensome, interferes with Plaintiffs' rights to privacy, and is meant to harass and intimidate Plaintiffs.

The interrogatory is not overly broad in scope or time. It is limited to the date of the incident at issue to the present. It is highly unlikely Plaintiffs have had so many cell phones and carriers in the prior two years as to make listing them burdensome. This information is relevant because obtaining communications between Plaintiffs in the aftermath of Decedent's death has implications on Plaintiffs' relationship with Decedent, and it may disclose facts of which they know regarding the events on August 9, 2014. This information could also lead to the identity of witnesses.

Plaintiffs again state this request interferes with their rights to privacy and is meant to harass and intimidate Plaintiffs, but do not provide any support for these objections. This interrogatory does not ask for Plaintiffs' text messages or phone call records; it simply asks Plaintiffs to identify cell phones and carriers they have had for the past two years. Plaintiffs also state the information sought is discoverable by other methods of discovery, but they do not list any other methods by which this is discoverable. The Court does not find these objections to be persuasive. Plaintiffs shall respond to this interrogatory.

I.      Interrogatory 49

In Interrogatory 49, Defendants ask Plaintiffs to identify "each and every interview you

- 7 -

have had with a member of the news media regarding the subject allegations and/or the death of Michael O.D. Brown." Plaintiffs objected to this request as irrelevant, not reasonably likely to lead to admissible evidence, overly broad in scope and time, vague, ambiguous, compound, duplicative, unduly burdensome, and available through other sources.

Plaintiffs agree interviews they had with the media may be relevant to the instant case. Therefore, the Court concludes their objection to this request is not relevant. The request is not overly broad because it is limited to the allegations in the Complaint and the death of Decedent. This inherently limits the time to interviews given on or after August 9, 2014. Plaintiffs argue this information is equally available to Defendants through simple searches because it is already in the public sphere. Plaintiffs are the most knowledgeable to answer this question because they are the ones who participated in the interviews. While Defendants may be able to discover some interviews through a simple search, many are likely to be missed. Plaintiffs are instructed to respond to this interrogatory.

J.      Interrogatory 50

In Interrogatory 50, Defendants asked Plaintiff McSpadden for the current address, phone number, email address, and contact information for Lyah Beth LeFlore. Plaintiff McSpadden objected to this request as irrelevant, not reasonably calculated to lead to admissible evidence, and interferes with Lyah LeFlore's privacy rights. Further, Plaintiff McSpadden stated she does not know Lyah LeFlore's current address.

A book written by Plaintiff McSpadden and focused on her relationship with her son, Decedent, is relevant to this matter. Additionally, information which Plaintiff McSpadden imparted to co-author Lyah LeFlore in writing the book is relevant. Plaintiffs must provide Ms. LeFlore's contact information. The claim Plaintiff McSpadden does not have the contact

information, or the ability to obtain the contact information, of her co-author is not persuasive. Providing an attorney's contact information is not enough and does not comply with Federal Rule of Civil Procedure 26(a)(1)(A)(i), requiring parties to disclose the name and address of each individual likely to have discoverable information.

K.     Second Request for Production 45

In Request for Production 45, Defendants request all social media accounts of Michael O.D. Brown, and Plaintiffs. Plaintiffs object to this request as irrelevant, not reasonably calculated to lead to admissible evidence, overly broad in scope and time, vague, ambiguous, compound, unduly burdensome, interferes with Plaintiffs' rights to privacy, and is meant to harass and intimidate Plaintiffs.

As the Court has stated above, this information is relevant to the issues in this matter. Because this request is not limited in time, it can become overly broad. Therefore, the Court will limit it to the five years preceding the events occurring on August 9, 2014. The Court does not find persuasive Plaintiffs' argument this request interferes with their rights to privacy and is meant to harass and intimidate them when Plaintiff McSpadden voluntarily disclosed information of this nature in her book.

L.     Second Request for Production 46 to Lesley McSpadden

In their Second Request for Production 46, Defendants request Plaintiff McSpadden produce all documentation exchanged between Plaintiff McSpadden and any individual assisting in the process of releasing her book, "Tell the Truth & Shame the Devil." Plaintiff McSpadden objects to this request as irrelevant, not reasonably calculated to lead to admissible evidence, overly broad in scope and time, vague, ambiguous, compound, unduly burdensome, interferes with Plaintiffs' right to privacy, and the drafts are intellectual property/property of the publishing

company.

Documentation exchanged in the process of writing a book about "The Life, Legacy, and Love of My Son Michael Brown" is relevant to the issues in this matter, especially calculation of damages. However, the request is overly broad and must be narrowed. Plaintiff McSpadden must produce any documentation which relates to the events discussed in the book and at issue in this matter. Plaintiff McSpadden shall submit to the Court, for *in camera* review, any documentation which she believes may be protected as a trade secret, confidential financial information of third parties, or any other reason disclosure may interfere with the rights of a third party. The Court will then determine if they should be disclosed.

Plaintiff McSpadden has provided no evidence in support of her objection to disclosing drafts of the book because they are intellectual property/property of the publishing company. She shall submit to the Court, within seven days of this order, support for this objection. The Court will then make a final determination of whether drafts of the book will be disclosed to Defendants.

M.      Third Request for Production 46 to Michael Brown, 47 to Lesley McSpadden

In their Third Request for Production 46 to Michael Brown, and Request 47 to Lesley McSpadden, Defendants request Plaintiffs execute medical authorizations for their medical records. Plaintiffs object to this request as irrelevant, not proportional to the needs of the case, not likely to lead to the discovery of admissible evidence, overly broad in scope and time, interferes with Plaintiffs' rights to privacy and is meant to harass Plaintiffs.

Plaintiffs' medical records are needed to calculate damages in this matter, because Plaintiffs alleged they suffered severe mental anguish and pain, have been injured physically and mentally, and have ongoing and continuous permanent damages and injuries. They are also

seeking medical treatment for psychological damages. Defendant must have access to Plaintiffs' medical records to establish or challenge damages. The Court will not limit the medical records to treatment sought by Plaintiffs for damages specifically related to this matter because Defendants will need to evaluate whether the claimed injuries actually occurred as a result of the death of their son. *E.E.O.C. v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1142 (E.D. Mo. 1997). Plaintiffs have chosen to put their physical and mental histories at issue in this case by asking for damages for physical and mental injuries. They cannot also limit Defendants' ability to defend themselves and to have a fair trial by asserting privacy rights. *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, No. 06 CV 1772 (RHK/JSM), 2006 WL 6607858 at *4 (D. Minn. Sept. 21, 2006).

The Court will limit the requested authorization to medical and mental health records for five years prior to August 9, 2014, to the present. The Court will also grant Plaintiffs' request to have the records placed under a protective order. The parties may submit a joint proposed protective order or request the records be covered by a protective order already issued in this matter.

N.      Third Request for Production 47 to Michael Brown, 48 to Lesley McSpadden

In their Third Request for Production 47 to Michael Brown, and Request 48 to Lesley McSpadden, Defendants request Plaintiffs execute medical authorizations for Decedent's medical records. Plaintiffs object to this request as irrelevant, not proportional to the needs of the case or reasonably calculated to lead to admissible evidence and overly broad in scope.

To establish loss of support, Decedent's life expectancy will need to be calculated and a detailed look at his medical records is required to do so. Therefore, Plaintiffs will be ordered to execute the medical authorizations for Decedent's medical records.

O.      Third Request for Production 48 to Michael Brown, 49 to Lesley McSpadden

- 11 -

In their Third Request for Production 48 to Michael Brown, and 49 to Lesley McSpadden, Defendants request Plaintiffs execute school authorizations for Decedent. Plaintiffs object to this request as irrelevant, not proportional to the needs of the case, not likely to lead to discovery of admissible evidence, overly broad in scope and time, interferes with Plaintiffs' right to privacy and is meant to harass Plaintiffs.

Decedent's school records are relevant to this matter. Plaintiffs have asked for damages for loss of future support. To establish this, Defendants will need Decedent's school records. "Pecuniary loss may be shown through evidence of the decedent's health, character, talents, earning capacity, life expectancy, age and habits." *Martin v. Survivair Respirators, Inc.*, 298 S.W.3d 23, 35 (Mo. Ct. App. 2009). Therefore, the Court will order Plaintiffs to execute these authorizations.

P.      Third Request for Production 50 to Lesley McSpadden

In their Third Request for Production 50 to Plaintiff McSpadden, Defendants request Plaintiff McSpadden execute employer authorization and insert the names  of each employer with whom she was employed from the five years prior to Decedent's death to the present. Plaintiff McSpadden objects to this request as irrelevant, not proportional to the needs of the case, not likely to lead to discovery of admissible evidence, overly broad in scope and time, and Plaintiff will not voluntarily provide Defendants with a blanket waiver to obtain records. Plaintiff McSpadden asserts authorizations should be submitted on a case-by-case basis.

Plaintiffs may be awarded pecuniary losses pursuant to Missouri's wrongful death statute. Mo. Rev. Stat. § 537.090. To establish what losses Plaintiffs endured, Defendants need to know their financial condition prior to the loss of Decedent. Therefore, employment records are relevant.

- 12 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel against Plaintiffs [ECF No. 146] is **GRANTED, in part, and DENIED, in part**. Plaintiffs shall provide the requested discovery to Defendants no later than January 10, 2017.

So Ordered this 4th Day of January, 2017.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE