UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BROWN, SR., AND LESLEY McSPADDEN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Cause No: 4:15-cv-00831-ERW |
| vs. | ) ) | |
| CITY OF FERGUSON, MISSOURI, FORMER POLICE CHIEF THOMAS JACKSON, AND FORMER POLICE OFFICER DARREN WILSON, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

# PLAINTIFFS' JOINT MOTION FOR CLARIFICATION OF COURT ORDER DATED JANUARY 4, 2017

COMES NOW, Plaintiffs Lesley McSpadden and Michael Brown, Sr., and hereby files the instant Motion for Clarification of Court Order Dated January 4, 2017, and states as follows:

1.      On January 4, 2017, this Court entered an Order Dkt. 168, regarding Defendants' Motion to Compel.  On page 9 of the Order under subsection "K" this Court limited the disclosure of social media information to five years prior to the date of the incident.  The Court noted that some social media information had been previously disclosed by Plaintiff Lesley McSpadden in her book and therefore her privacy rights were waived.  The information previously disclosed by Plaintiff Lesley McSpadden was in the form of public postings, not private message communications.  There are numerous components to social media and in particular Facebook, including information made publicly available on a person's "Facebook Wall" as opposed to private communications that are not publicly available on "Facebook Messenger."  Courts in the instant jurisdiction have distinguished between the various components and facets of Facebook,

1

affording greater protection to private message communications.   As such, Plaintiff Lesley McSpadden seeks clarification to determine whether she is required to disclose only the information made publicly available on her account to which she referenced in her book and not her personal "Facebook Messenger" communications, as it would violate her right to privacy, a right that was not previously waived as she did not cite to any of her private Facebook communications in her book.  Furthermore, Plaintiff Michael Brown and decedent Michael Brown did not waive any right to privacy.  Plaintiffs' will first seek clarification on the breadth of disclosure and secondly manner of disclosure.

### **Breadth of Social Media Disclosure**

2.      In *Holter v. Wells Fargo*, the defendant requested a complete download of all information contained on a Facebook cite using the "Download Your Own Information" feature which included personal communications and messages, but the court limited the social media disclosure to mental impressions demonstrating emotions, feelings, or mental state as related to damages and liability.  281 F.R. D. 340 (USDC Minn. 8th Cir. 2011).  The *Holter v. Wells Fargo* court held:

> On the one hand, that court recognized "the simple fact that a claimant has had social communications is not necessarily probative of the particular mental and emotional health matters at issue in the case. Rather, it must be the substance of the communication that determines relevance." *Id.* citing *EEOC v. Simply Storage Management,* 270 F.R.D. 430, 435 (S.D.Ind.2010).  While everything that is posted on a social media website is arguably reflective of a person's emotional state…This Court would not allow depositions of every friend and acquaintance to inquire about every conversation and interaction with plaintiff. So too, the Court will not require plaintiff to produce all information from all her social media websites to obtain similar information. *See Rozell v. Ross–Holst,* No. 05 Civ. 2936(JGK)JCF, 2006 WL 163143 at *3 (S.D.N.Y. Jan. 20, 2006) ("To be sure, anything that a person says or does might in some theoretical sense be reflective of her emotional state. But that is hardly justification for requiring the production of every thought she may have reduced to writing or, indeed, the deposition of everyone she may have talked to."). *Id.*

3.      In *R.S., a minor v. Minnewaska Area School District,* a school employee reviewed a student's private Facebook messenger communications by logging into her account to determine if she violated the school's policies.  894 F. Supp. 2d 1128 (USDC Minn. 8th Circ. 2012).  In considering whether the school violated the student's reasonable expectation of privacy pursuant to the Fourth Amendment of the United States Constitution, the Eighth Circuit examined whether components of Facebook gave rise to Fourth Amendment protection.  *Id.*  The Eighth Circuit court concluded that private Facebook messages were subject to a reasonable expectation of privacy that could only be overcome with a legitimate government interest.  *Id.* The court held:

> Defendants question whether R.S. had a reasonable expectation of privacy with respect to the private information posted to her Facebook account and private communications that she made with other students via Facebook. Here it is important to note that Facebook provides different means of communication. Postings to a user's "wall" are generally accessible by the user's Facebook "friends," a potentially large group of acquaintances. Other sorts of messages operate in the same manner as email—that is, they are sent from one user to one or more other specified users. They are not open to perusal by one's "friends" or by the general public.  Courts have long recognized that a person's reasonable expectation of privacy "turns in large part" on their "ability to exclude others from the place searched." *Minnesota v. Carter,* 525 U.S. 83, 107, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998) (Ginsburg, J., dissenting); *see, e.g., Rakas v. Illinois,* 439 U.S. 128, 149, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). "Letters and other sealed packages are in the general class of effects in which the public at large has a legitimate expectation of privacy; warrantless searches of such effects are presumptively unreasonable." *United States v. Jacobsen,* 466 U.S. 109, 114, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); see *United States v. Forrester,* 512 F.3d 500, 511 (9th Cir.2008) (tracing this principle through history). Moreover, it has been an established principle, at least since the Supreme Court's decision in *Katz v. United States,* that the Fourth Amendment protects individuals from intrusions upon their private electronic conversations. 389 U.S. 347, 361–62, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring). "Given the fundamental similarities between email and traditional forms of communication, it would defy common sense to afford emails lesser Fourth Amendment protection." *United States v.*

3

*Warshak,* 631 F.3d 266, 285–86 (6th Cir.2010). Numerous courts have similarly concluded that individuals maintain a reasonable expectation of privacy with respect to their private email accounts and that such accounts are entitled to the same Fourth Amendment protections as conventional letters. *See, e.g., United States v. Zavala,* 541 F.3d 562, 577 (5th Cir.2008) (concluding that defendant had a reasonable expectation of privacy with respect to "private information, including emails" stored on his cellular phone); *Forrester,* 512 F.3d at 511 ("The privacy interests in these two forms of communication [email and traditional mail] are identical."). One court recently concluded that private Facebook messages are, like email, "inherently private" because such messages "are not readily accessible to the general public." *Crispin v. Christian Audigier, Inc.,* 717 F.Supp.2d 965, 991 (C.D.Cal.2010). The Court agrees that one cannot distinguish a password-protected private Facebook message from other forms of private electronic correspondence.  Based on Plaintiffs' complaint, at least some of the information and messages accessed by the school officials were in R.S.'s exclusive possession, protected by her Facebook password. R.S. controlled those items…the content…available only to her and her correspondent. The Court concludes, based on established Fourth Amendment precedent, that R.S. had a reasonable expectation of privacy to her private Facebook information and messages.  *Id.*

4.     As such Plaintiffs request that this Court uphold Plaintiffs' and decedent's reasonable expectation of a right to privacy pursuant to the Fourth Amendment regarding their private Facebook messages that were password protected and the functional equivalent of an email or a text message from disclosure.   Plaintiffs Lesley McSpadden and Michael Brown further request that to the extent this Court requires the disclosure of the various components of Facebook and/or social media, that said disclosure is limited to documentation regarding their relationship with their son, and damages in the case for five years prior to the incident; in the same manner that the Court ordered the production of the private communications between Plaintiff Lesley McSpadden and Lyah LeFlore limiting the required response to: "any documentation which relates to the events discussed in the book and at issue in this matter."  See Dkt. 168.

**Manner of Social Media Disclosure**

5.      The *Holter v. Wells Fargo* court provided further instruction regarding the manner that the social media content should be disclosed:

> [P]laintiff's counsel shall review all of plaintiff's social media content…and produce any [relevant] content or communications...Plaintiff will not be required to provide defendant with any passwords or user names to any social websites, so that defendant can conduct its own search and review. Just as the Court would not give defendant the ability to come into plaintiff's home or peruse her computer to search for possible relevant information, the Court will not allow defendant to review social media content to determine what it deems is relevant. As the *Simply Storage* court aptly observed: "The court acknowledges that it has not drawn these lines with the precision litigants and their counsel typically seek. But the difficulty of drawing sharp lines of relevance is not a difficulty unique to the subject matter of this litigation or to social networking communications. Lawyers are frequently called upon to make judgment calls-in good faith and consistent with their obligations as officers of the court-about what information is responsive to another party's discovery requests. Discovery is intended to be a self-regulating process that depends on the reasonableness and cooperation of counsel. Fed.R.Civ.P. 37(a)(1)…*Id.* at 436." The Court trusts that plaintiff's counsel, as an officer of the Court, will review social media content and communications and produce any relevant information. 281 F.R. D. 340 (USDC Minn. 8th Cir. 2011).

Parties have stipulated that Plaintiffs' private password information will not be provided to Defendants' counsel. Plaintiffs' will download and review all material subject to disclosure to ensure that it is not subject to some other privilege and will provide the responsive documents and a privilege log if necessary.

WHEREFORE, Plaintiffs Lesley McSpadden and Michael Brown respectfully request that this Court enter an Order Clarifying the Order Dated January 4, 2017.

**Dated this 20th  day of January, 2017.**

Respectfully submitted,

/s/Jasmine Rand

5

Jasmine Rand
RAND LAW, L.L.C.
2525 Ponce de Leon Blvd., Ste. 300
Miami, Florida 33134
Phone: (305) 906-0040
Fax: (305) 503-9235
*Appearing Pro Hac Vice for*
*Plaintiff McSpadden*

/s/Benjamin Crump
Benjamin Crump
Parks & Crump, LLC
/s/ Daryl D. Parks
Daryl D. Parks
Parks & Crump, LLC
240 N. Magnolia Drive
Tallahassee, FL 32301
Phone (850) 222-3333
Fax (850) 224-6679
jasminerand@gmail.com
bcrump@parkscrump.com
dparks@parkscrump.com
*Appearing Pro Hac Vice for*
*Plaintiff McSpadden*

/s/ Ronald S. Sullivan
Ronald S. Sullivan, Jr., Esquire
1585 Massachusetts Avenue
Griswold 210
Cambridge, MA 02138
Phone (617) 496-4777
Fax (617) 496-2777
prof.ron.sullivan@gmail.com
*Appearing Pro Hac Vice for*
*Plaintiff McSpadden*

**Johnson Gray LLC**
/s/Anthony D. Gray

Anthony D. Gray, 51534
7710 Carondelet Ave., Suite 303
Clayton, MO 63105
Phone (314) 385-9500
Fax (314) 594-2052
agray@johnsongraylaw.com

*Appearing for Plaintiff Brown*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on this <u>20th</u> day of January, 2017,

a notice via electronic mail on the same day upon attorneys of record.

<u>**/s/Jasmine Rand**</u>
**Jasmine Rand**
Admitted Pro Hac Vice for
Plaintiff Lesley McSpadden