UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, SR., AND LESLEY McSPADDEN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No: 4:15-cv-00831-ERW ) ) |
| CITY OF FERGUSON, MISSOURI, FORMER POLICE CHIEF THOMAS JACKSON, AND FORMER POLICE OFFICER DARREN WILSON, | ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Defendants. | ) |

## *DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CLARIFY*

COME NOW Defendants, City of Ferguson, Missouri, Former Police Chief Thomas Jackson, and Former Police Officer Darren Wilson (collectively, "Defendants"), by and through their attorneys, and for their Response to Plaintiffs' Motion to Clarify (Doc. No. 178), and state as follows:

### *INTRODUCTION*

Defendants' filed a Motion to Compel regarding certain discovery issues, including Defendants' Interrogatory 47 and Defendants' Request for Production 45 (Doc. Nos. 146–147) which pertain to the social media accounts of the Plaintiffs and Decedent. On January 4, 2017, this Court issued an Order granting in part and denying in part Defendants' Motion. Doc. No. 168. Regarding Interrogatory 47, in which the Defendants asked for Plaintiffs to identify all social media accounts of the Plaintiffs and Decedent, the Court ordered Plaintiffs to provide social media accounts for the five years preceding the date of the incident. *Id*. at ¶ G. Regarding

Request for Production 45, in which Defendants requested all social media accounts of Plaintiffs and Decedent, the Court ordered Plaintiffs to provide the entire social media accounts for the five years. *Id*. at ¶ K.

Plaintiffs have filed a Motion to Clarify (Doc. No. 178), requesting the Court limit its Order to allow Plaintiffs' to withhold production of personal "Facebook Messenger" communications and produce only information "publically available" which was referenced in Lesley McSpadden's book. Defendants' believe the Court's Order is sufficiently clear that Plaintiffs are to produce the entire social media accounts of both Plaintiffs and the Decedent, without withholding any information. The Court stated the account information is relevant to the issue of damages, which include but are not limited to: "loss of love, companionship, affection, care, and society, loss of future support, conscious pain and suffering, and compensatory damages for psychological damages." Doc. No. 168 ¶ G. The Court also stated the account information is relevant to show "Plaintiffs' relationship with the Decedent" and to show "many aspects of the Decedent's life which will be important in calculating these damages." Lastly, the Court stated the account information is relevant to "show bias, prejudice or impeach Plaintiffs."

Defendants' have filed the instant Response in order to address the arguments presented by Plaintiffs in their Motion.

## ARGUMENT

### I. The breadth of disclosure

The breadth of disclosure was properly addressed by the Court. Plaintiffs' should produce the social media accounts of both Plaintiffs and the Decedent, including information concerning damages, bias, prejudice and as more fully described in paragraph G of the Court's Order.

Despite the Court's Order, Plaintiffs now request the Court limit their production based on the Plaintiffs' and Decedent's "reasonable expectation of privacy pursuant to the Fourth Amendment regarding their private Facebook messages that were password protected and the functional equivalent of an email or a text message from disclosure." *See* Doc. No. 178, ¶. In support of their position, Plaintiffs rely on two district court cases: *Holter v. Wells Fargo & Co.*, 281 F.R.D. 340 (D. Minn. 2011) and *R.S. ex rel. S.S. v. Minnewaska Area Sch. Dist. No. 2149*, 894 F. Supp. 2d 1128, 1133 (D. Minn. 2012).[1]

The latter case has no bearing on the issues here, as it pertains to a student's right to be free from unreasonable searches and seizures by school officials. *R.S. ex rel. S.S. v. Minnewaska Area Sch. Dist. No. 2149*, 894 F. Supp. 2d 1128, 1141 (D. Minn. 2012). The district court's discussion regarding a reasonable expectation of privacy involving a government actor does not apply to the discovery matters before this Court. Other types of private information, such as medical records and financial statements, are routinely disclosed during the course of discovery and such documents have already been exchanged by the parties in this case. To safeguard the sensitive and private nature of this information, the parties have worked together with the Court to prepare detailed Protective Orders. Plaintiffs have not identified any reason why such a safeguard is inadequate to protect the social media information sought by Defendants.

Plaintiffs' reliance on the district court case of *Holter v. Wells Fargo* supports the Court's stated rationale outlined in its Order compelling production of social media information. 281 F.R.D. 340 (D. Minn. 2011). Specifically, the *Holter* court held where a party places certain issues, including their emotional state, at issue, the opposing party is "entitled to information from…social media websites that bear on these topics, including other stressors…that could

---

[1] Plaintiffs refer to the holding of the *Minnewaska Area Schooling District* case as a holding of the Eighth Circuit. Based on Defendants' review, the holding is that of the District Court for the District of Minnesota.

account for…emotional distress." *Id*. at 344. Other courts have ordered production of social media accounts where it relates to the claims or damages. *See Rhone v. Schneider Nat'l Carriers, Inc*., No. 4:15-CV-01096-NCC, 2016 WL 1594453, at *3 (E.D. Mo. 2016) (ordering Plaintiff to download their entire Facebook account and finding wholesale production appropriate where "independent examination has already uncovered relevant information."); *Nucci v. Target Corp*., 162 So. 3d 146, 153 (Fla. Dist. Ct. App. 2015) (". . . photographs posted on a social networking site are neither privileged nor protected by any right of privacy, regardless of any privacy settings."); *E.E.O.C. v. Simply Storage Mgmt*., LLC, 270 F.R.D. 430, 435–36 (S.D. Ind. 2010) ("reasonable" to find evidence of emotional injury in social media content and finding protective order adequately addresses privacy concerns.).

As these cases suggest, information contained in social media accounts, whether available publically or privately, are relevant and potentially admissible regarding a variety of issues. The social media postings of the Decedent and Plaintiff McSpadden, as discussed and available in Plaintiff McSpadden's book, shed light on the life and emotional state of both, which are highly relevant. The Court concluded such posting resulted in a waiver of any right to privacy. The claim, however, that because Plaintiff Brown Sr.'s postings did not appear in the book (and as a result no waiver occurred), that his social media information is not discoverable is misplaced. Despite there being no waiver, the social media information is nevertheless discoverable, based on the cases discussed above regarding relevancy.

Accordingly, Plaintiffs' request to limit disclosure only to public information posted by Plaintiff McSpadden should be denied. Plaintiffs should be ordered to produce social media information as outlined in the Court's Order. Plaintiffs' concerns regarding privacy can be adequately safeguarded through the existing protective orders.

## II. *The manner of disclosure.*

As noted by Plaintiffs in their Motion, Defendants are not seeking access to Plaintiff and Decedent's social media passwords. Defendants' do not have any objection to Plaintiffs performing a privilege review (and providing a privilege log, where necessary) as long as all relevant material, as outlined in the Court's Order, is produced. Defendants' reserve the right to ask for in camera review of any unproduced information, should any issues arise.

WHEREFORE, Defendants pray this Court deny Plaintiffs' request to limit social media disclosure and order Plaintiffs to produce social media information in accordance with its previous order (Doc. No. 168) and for any further relief this Court deems just and necessary.

/s/ Peter J. Dunne
Peter J. Dunne   #31482
Robert T. Plunkert  #62064
Ida S. Shafaie #66220
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson, Missouri, Former Police Chief Thomas Jackson, and Former Police Officer Darren Wilson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: plunkert@pspclaw.com
Email: Shafaie@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 23rd day of January 2017, to be served by operation of the Court's electronic filing system upon the following:

Anthony D. Gray
319 North 4th Street, Suite 212
St. Louis, Missouri 63102
agray@johnsongraylaw.com
*Attorney for Plaintiff Michael Brown, Sr.*

Daryl D. Parks (pro hac vice)
Benjamin L. Crump (pro hac vice)
240 North Magnolia Drive
Tallahassee, Florida 32301
dparks@parkscrump.com
bcrump@parkscrump.com
*Attorneys for Plaintiff Lesley McSpadden*

Jasmine O. Rand (pro hac vice)
Rand Law, LLC
2525 Ponce de Leon Blvd., Suite 300
Miami, Florida 33134
jasminerand@parkscrump.com
*Attorney for Plaintiff Lesley McSpadden*

Ronald S. Sullivan, Jr. (pro hac vice)
6 Everrett Street, Suite 5116
Cambridge, Massachusetts 02138
prof.ron.sullivan@gmail.com
*Attorney for Plaintiff Lesley McSpadden*

Mr. Ronald A. Norwood
Mr. Apollo D. Carey
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
rnorwood@lewisrice.com
acarey@lewisrice.com
*Attorney for Defendant City of Ferguson*

Greg Kloeppel
9620 Lackland Road
St. Louis, Missouri 63114
gregkloeppel@kloeppellaw.com
*Co-Counsel for Defendant Darren Wilson*

David M. Glass
Department of Justice, Civil Division
20 Mass. Ave., N.W., Room 7200
Washington, D.C. 20530-0001
david.glass@usdoj.gov
*Attorney for the United States*

                                                     /s/ Peter J. Dunne

{01812396.DOCX;1}