**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL BROWN, SR., et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00831 ERW |
| | ) | |
| CITY OF FERGUSON, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This matter comes before the Court on Plaintiffs' Joint Motion for Clarification of Court Order Dated January 4, 2017 [ECF No. 178].

On January 4, 2017, the Court ordered Plaintiffs to disclose all social media of Plaintiffs and Michael Brown Jr. for the five years preceding the events occurring on August 9, 2014. Plaintiffs seek clarification of the order, specifically asking whether Plaintiffs are required to disclose only the information publicly available on their accounts or their private, personal communications on Facebook Messenger.

The Court's analysis of discovery does not change simply because the request involves social media content. *See Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293 F.R.D. 112, 114 (E.D. N.Y. 2013) ("the fact [] Defendant is seeking social networking information as opposed to traditional discovery materials does not change the Court's analysis"); *Robinson v. Jones Lang LaSalle Americas, Inc.*, No. 3:12-CV-00127-PK, 2012 WL 3763545 at *1 (D. Ore. Aug. 29, 2012) ("I see no principled reason to articulate different standards for the discoverability of communications through email, text message, or social media platforms.").

The Court treats a discovery request for social media content as it would a request for emails, text messages, letters, or other documents containing personal communications.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Armstrong v. Hussmann Corp.,* 163 F.R.D. 299, 302 (E.D. Mo.1995) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)).  "A district court is afforded wide discretion in its handling of discovery matters."  *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) (citation omitted).

Plaintiffs assert they have a right to privacy for messages sent privately through Facebook Messenger. However, generally, social media content is neither privileged nor protected by a right of privacy. *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012).[1] Further, "a person's expectation and intent [] her communications be maintained as private is not a legitimate basis for shielding those communications from discovery." *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 434 (S.D. Ind. 2010). "Even personal diaries are discoverable if they contain relevant information regarding contemporaneous mental states and impressions of parties." *Reid v. Ingerman Smith LLP*, No. CV 2012-0307(ILG)(MDG), 2012 WL 6720752 at *2 (E.D. N.Y. Dec. 27, 2012). Additionally, any privacy concerns of Plaintiffs are ameliorated by the parties' protective order, which has been amended to include information disclosed pursuant to this discovery request and has been approved by the Court.

---

[1] If Plaintiffs believe there is something privileged, or otherwise undiscoverable, a privilege log should be filed for the Court and Defendants to review.

The Court will compel Plaintiffs to produce all social media content which has any relevance to this case, including private messages sent through Facebook messenger. "Although [] the contours of social communications relevant to a claimant's mental and emotional health are difficult to define, that does not mean that everything must be disclosed." *Simply Storage Mgmt., LLC*, 270 F.R.D. at 434. "It is reasonable to expect severe emotional or mental injury to manifest itself in some [social media] content, and an examination of that content might reveal whether onset occurred, when, and the degree of distress." *Id*. at 435.

As in the Court's previous order, this disclosure is limited to the five years preceding August 9, 2014. Information relevant to this case is broad, because Plaintiffs are seeking damages for loss of love, companionship, affection, care and society, loss of future support, conscious pain and suffering, and compensatory damages for psychological damage. Thus, any social media content concerning emotions, feelings, Plaintiffs' mental state, the relationship between Plaintiffs and Michael Brown Jr., relationships between Plaintiffs and other family and friends, the events of August 9, 2014, Plaintiffs' parenting of Michael Brown Jr. and other children, Plaintiffs' relationship with one another, Plaintiffs' lifestyle before and after August 9, 2014, along with others, is all relevant. Plaintiffs need not disclose the mundane conversations of everyday life such as wishing a person a happy birthday, or asking how their day is, unless of course those communications concern a witness in this case or Michael Brown Jr.

The Court expects Plaintiffs' counsel to take a broad, overly expansive scope in determining what is relevant and what should be disclosed to Defendants, and for Plaintiffs' counsel to employ good faith in fulfilling the intent of this Order. If after receiving the discovery, Defendants believe Plaintiffs' counsel has not included everything relevant, Defendants may request the Court require further disclosure, or *in camera* review of the information not

disclosed. Plaintiffs' shall disclose the requested discovery to Defendants within twenty days of this order.

The parties have agreed, and the Court also agrees with them, passwords for social media accounts need not be disclosed. This would allow Defendants unfettered access to Plaintiffs' social media accounts which is not permitted under the Federal Rules of Civil Procedure. Additionally, Plaintiffs' counsel has informed the Court neither parent has the password, nor access, to the social media accounts of Michael Brown Jr. The Court understands Defendants will be requesting a subpoena for that information.

Lastly, an issue was raised at the hearing on this matter regarding execution of releases for Michael Brown Jr.'s records at Riverview Gardens School District and the St. Louis Special School District. Plaintiffs must execute releases for both school districts for all records, academic and medical, without regard to age, for Michael Brown Jr.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Joint Motion for Clarification of Court Order Dated January 4, 2017 [ECF No. 178] is **GRANTED, in part**, and **DENIED, in part**.

So Ordered this 27th Day of January, 2017.

_E. Richard Webber_

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE