UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, SR., AND LESLEY McSPADDEN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No: 4:15-cv-00831-ERW ) ) |
| CITY OF FERGUSON, MISSOURI, FORMER POLICE CHIEF THOMAS JACKSON, AND FORMER POLICE OFFICER DARREN WILSON, | ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Defendants. | ) |

# *DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO FILE UNDER SEAL*

COME NOW, Defendants, City of Ferguson, Missouri, Former Police Chief Thomas Jackson, and Former Police Officer Darren Wilson, and for their Memorandum in Support of their Motion to File Under Seal, state as follows:

### *STANDARD*

As the United States District Court for the District of Nebraska has recently summarized:

A court has supervisory power over its own records, and the decision to seal a file is within the court's discretion. *See Webster Groves Sch. Dist. v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). "The district court may in appropriate cases seal documents or deposition testimony to ensure that they will be used only for judicial purposes and will not be disseminated." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000). Courts generally acknowledge two sources of the public's right to access documents filed with the Federal courts: (1) the First Amendment and (2) a common-law right. However, these rights generally only apply to "judicial documents and records." S*ee Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Simply filing a document with the court does not convert it to a "judicial document." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). For instance, documents filed with discovery motions are generally not considered "judicial

documents" and are not subject to the public right of access. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) (common-law right of access did not apply to documents submitted in support of discovery motions). *See also Stone*, 855 F.2d at 181-82 (noting the limitation of the First Amendment right to public access in civil cases to documents submitted in support of a motion for summary judgment).

*EEOC v. GMT, LLC*, No. 8:11CV336, 2012 U.S. Dist. LEXIS 96585, at *7–8 (D. Neb. July 11, 2012).  The United States Supreme Court has "never. . . held that there is a constitutional right of access to civil proceedings or to the court file in a civil proceeding" and "the Eighth Circuit has yet to address the issue."  *Wood v. Robert Bosch Tool Corp.*, No. 4:13cv01888 PLC, 2016 U.S. Dist. LEXIS 165612, at *26 (E.D. Mo. Nov. 30, 2016) (*citing Webster Groves Sch. Dist.*, 898 F.2d at 1377, 1374)); *see also IDT Corp v. eBay, Inc.*, 709 F.3d 1220, 1222–24 n.* (8th Cir. 2013).  The District Court's determination to seal a document in the civil context is reviewed for an abuse of discretion.  *See IDT*, 709 F.3d at 1223.

Pursuant to Local Rule 83-13.05, Defendants must show good cause for the Court to order that documents filed in a civil case be received and maintained under seal.

### *REQUEST*

Pursuant to the interests raised in Doc. No. 200, its exhibits, and the great concern of danger previously heard and determined by this Court surrounding the briefing in this case when issuing protective orders Doc. No. 105, Doc. No. 157, and Doc. No. 177, Defendants respectfully request that this Court:

- Maintain Doc. No. 200, including all exhibits, under seal;

- Maintain the exhibits to Defendants Motion to File under seal; and

- Maintain any proceedings connected with the above (including any hearings or conferences) remain under seal.

{01912492.DOCX;1}

Pursuant to the above, Defendants hereby respectfully submit good cause is shown pursuant to Local Rule 83-13.05.  To the extent this Court requires further briefing or evidence on this issue, Defendants will respectfully comply.

WHEREFORE, Defendants request that this Court consider the attachments to Defendants' Motion to File Under Seal, Doc. No. 200 (including its exhibits), and any proceedings (including any hearings or conferences) be received, maintained, and remain sealed by this Court and the Clerk of the Court, and for such further relief this Court deems just and proper.

|  |
|---|
| /s/ Peter J. Dunne |

Peter J. Dunne   #31482
Robert T. Plunkert  #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of Ferguson, Missouri, Former Police Chief Thomas Jackson, and Former Police Officer Darren Wilson
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: plunkert@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 16th day of June 2017, to be served by operation of the Court's electronic filing system upon the following:

Anthony D. Gray
319 North 4th Street, Suite 212
St. Louis, Missouri 63102
agray@johnsongraylaw.com
*Attorney for Plaintiff Michael Brown, Sr.*

Daryl D. Parks (pro hac vice)
Benjamin L. Crump (pro hac vice)
240 North Magnolia Drive
Tallahassee, Florida 32301
dparks@parkscrump.com
bcrump@parkscrump.com
*Attorneys for Plaintiff Lesley McSpadden*

Jasmine O. Rand (pro hac vice)
Rand Law, LLC
2525 Ponce de Leon Blvd., Suite 300
Miami, Florida 33134
jasminerand@parkscrump.com
*Attorney for Plaintiff Lesley McSpadden*

Ronald S. Sullivan, Jr. (pro hac vice)
6 Evertett Street, Suite 5116
Cambridge, Massachusetts 02138
prof.ron.sullivan@gmail.com
*Attorney for Plaintiff Lesley McSpadden*

Mr. Ronald A. Norwood
Mr. Apollo D. Carey
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
rnorwood@lewisrice.com
acarey@lewisrice.com
*Attorney for Defendant City of Ferguson*

Greg Kloeppel
9620 Lackland Road
St. Louis, Missouri 63114
gregkloeppel@kloeppellaw.com
*Co-Counsel for Defendant Darren Wilson*

                                                    /s/ Peter J. Dunne